UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

          Plaintiff,

    v.

BOX, INC., et al.,

          Defendants.

Case No.  13-cv-04910-JD

**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**
Re: Dkt. Nos. 296, 298, 299, 300, 301, 302, 304, 306, 313

      The parties have flooded the Court with administrative motions to file portions of their recent briefing -- including motions for summary judgment, several *Daubert* motions, and a motion for judgment on the pleadings -- under seal pursuant to Civil Local Rule 79-5.  Because the alleged basis for sealing much of the information is that it was designated confidential under the protective order by the other party or by a non-party, the parties, along with non-party Alfresco Software Ltd. ("Alfresco"), have also filed declarations pursuant to Civil Local Rule 79-5(e) and the Court's previous order at Dkt. No. 330, seeking to establish that the information they have designated as confidential is sealable.

      Even when well-conceived and correctly handled, motions to seal can inflict heavy burdens on courts because they require a tremendous investment of time and energy to review the documents proposed for sealing and the declarations in support.  When the motions seek to seal documents that do not meet the governing standard, as is the case here, the burden is needlessly increased.  The Court will resolve the first wave of pending motions and strikes the later ones so that the parties may re-evaluate their approach in light of this order.  The Court advises the parties that any new motions to seal not filed in conformance with the guidance provided here and in Dkt. No. 330 will be summarily denied.

United States District Court
Northern District of California

## I.  GOVERNING STANDARD

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it.  *Id.* at 1180 (citations omitted).  When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal."  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  The "compelling reasons" standard applies not just to motions for summary judgment, but also to *Daubert* motions submitted "in connection with" pending motions for summary judgment.  *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120-21 (9th Cir. 2012).

The non-dispositive motion context is different.  There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179-80 (citations omitted).  Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

**II.  DISCUSSION**

These sealing requests relate to various motions for summary judgment, a motion for judgment on the pleadings, and a number of *Daubert* motions.  Of these, the first two are by definition dispositive.  The *Daubert* motions are also dispositive:  Box's *Daubert* motion seeking to exclude the testimony of Krista Holt (Dkt. No. 303) and Open Text's *Daubert* motion seeking to exclude the testimony of Gregory Leonard (Dkt. No. 311) are both aimed squarely at the other side's damages methodology, and Open Text's motions to exclude the testimony of Colin White (Dkt. No. 307), Srinivasan Jagannathan (Dkt. No. 312), Sam Ghods (Dkt. No. 309), and Ryan Knotts (Dkt. No. 310) are for the most part related to its *Daubert* regarding Leonard.  Exclusion of this testimony could cause a crippling blow to the sponsoring party's ability to prove its case.  Consequently, the "compelling reasons" standard applies to all the motions in question.  *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d at 1120-21.

This table summarizes the administrative motions to seal that the Court rules on in this order:

| Motion to File Under Seal (by Dkt. No.) | Documents Sought to be Sealed (by Dkt. No.) | Party Declaration in Support (by Dkt. No.) |
|---|---|---|
| 296 | 297 (Open Text's motion for summary judgment re government contractor and failure to state claim defenses) | 331-33 (Box) |
| 298 | 307 (Open Text's *Daubert* re Colin White) | 331-33 (Box) |
| 299 | 309 (Open Text's motion to preclude testimony of Sam Ghods) | 331-33 (Box) |
| 300 | 311 (Open Text's *Daubert* re Gregory Leonard) | 300-1 (Open Text) 331-33 (Box) |
| 301 | 303 (Box's *Daubert* re Krista Holt) | 301-1 (Box) 334 (Open Text) |
| 302 | 310 (Open Text's motion to preclude testimony of Ryan Knotts) | 331-33 (Box) |
| 304 | 308 (Open Text's motion for summary judgment that certain systems are not prior art) | 331-33 (Box) |

United States District Court
Northern District of California

| 306 | 312 (Open Text's *Daubert* re Srinivasan Jagannathan) | 331-33 (Box) |
|-----|-----|-----|
| 313 | 314-17 (Box's motion for summary judgment re no willful infringement, anticipation/obviousness, § 101, pre-suit damages, and obviousness-type double patenting) | 313-1 (Box) 335, 337-38 (Open Text) 339 (Alfresco) |

As a general matter, the requests to seal are grossly overbroad and based on flimsy generic explanations.  The "compelling reasons" standard is a strict one, and requires that the party seeking to seal material show specific, individualized reasons for sealing the material, "without relying on hypothesis or conjecture," such as "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2009).  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1179.  In particular, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient."  *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013).  In addition, the parties frequently filed unredacted versions of documents that did not highlight the text sought to be redacted, as required by Civil Local Rule 79-5(d)(1)(D) and the Court's order at Dkt. No. 330.

The Court rules here on the parties' first round of Administrative Motions to Seal.  The Court strikes the remainder (specifically, Dkt. Nos. 342, 344, 346, 348, 350, 352-54, 359, 362, 363, 368-70, 372, 378, 380, and 382) with the intent that the parties use the guidance here to re-evaluate those motions.  If the parties choose to file new versions, they must provide greater specificity about the factual basis for sealing and limit the requests only to material that is sealable under the exacting "compelling reasons" standard.  In addition, any new sealing motions must conform to these procedures:

1. The parties are ordered to file a joint brief covering all the unopposed requests to

4

seal.  The parties may file separate briefs only for those documents for which there is a dispute about sealing.

2.  All documents proposed for sealing by any party must be collected in a freestanding binder with separate consecutive tab numbers for each document. Plaintiff, defendant and third-party documents must be combined in the binder. Do not submit binders on an individual-party basis. Each tab should contain an unredacted version of the document with the proposed redactions highlighted in yellow. Do not submit separate redacted and unredacted versions of the same document. Make sure the highlighting allows the Court to easily read the underlying text. If a party is proposing to redact an entire document, make a note on the first page of the document or in a footer on each page of the document and do not highlight the whole document. For long documents, include only the pages with portions that the party wishes to seal. Do not include any other materials in this booklet -- no arguments, declarations, or anything else.

3.  The parties must provide a single joint proposed order in the table format specified in Civil Local Rule 79-5(d)(1)(B) as modified here: (i) the far left column should list the tab number for each document; (ii) the next column should specify the exact portions to be sealed; (iii) the next column should state succinctly the specific and particularized reason for sealing and give pin cites to the declaration paragraphs (including non-party declarations) supporting the compelling reasons to seal (e.g., "Non-public merger agreement draft. Smith Decl. ¶ 5."); and (iv) the rightmost column should provide a space for the Court to indicate whether the request is denied or granted.  All page numbers should refer to the page number printed on the document itself, rather than the document's ECF header.

Any revised administrative motion (or motions) to seal should be filed within seven days of this order.  Motions that do not comply with these rules will be summarily denied.

**A. Administrative Motion to File Under Seal Open Text S.A.'s Motion for Partial Summary Judgment on Defendants' Affirmative Defense Nos. 1 and 16 and Exhibits Thereto (Dkt. No. 296)**

| Document | Box's Argument | Ruling |
|---|---|---|
| Exhibit 8 | The information located under the headings "Customer Name," "Address," "Administrative Contact," "Accounts Payable Contact," "Description," "Price," "Monthly Subtotal," and "Enterprise Customer" is confidential and sealable because it contains Box's confidential and competitively sensitive customer, pricing and sales information, which is likely to cause harm to Box's business if known by competitors | **Denied.** Box has not shown specific compelling reasons to seal the name of a governmental customer or the cost of its enterprise license. "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013). In addition, Box has not shown that the information is subject to confidentiality agreements that would prevent the customer from revealing this information. |
| Exhibit 9 | The information located under the headings "Customer Name," "Address," "Contact," "Accounts Payable Contact," "Account Type," "Order," and "Customer" headings is confidential and sealable because it contains Box's confidential and competitively sensitive customer, pricing and sales information, which is likely to cause harm to Box's business if known by competitors | **Denied.** See above. |

The motion is denied with respect to all remaining portions sought to be sealed.

**B. Administrative Motion to File Under Seal Open Text S.A.'s Motion to Exclude Certain Expert Opinions and Testimony of Colin White and Exhibits Thereto (Dkt. No. 298)**

| Document | Box' Argument | Ruling |
|---|---|---|
| Exhibit 1 | The following pages and line numbers from the deposition transcript of Mr. Colin White is sealable because they contain Box's reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code and highly confidential | **Denied** with respect to 40:15-22, 41:9-12, 41:18-25, 42:1-6, 123:24-124:11, 126:3-127:4. Box has not shown specific compelling reasons to seal the number of available applications, or the proportion that are internal. **Denied** with respect to 64:21-65:1. Box has not shown specific |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | and competitively sensitive business information including usage data, which is likely to cause harm to Box's business if known by competitors: 40:15-22, 41:9-12, 41:18-25, 42:1-6, 64:21-65:1, 98:13-99:24, 100:3-17, 115:1-18, 116:15-117:23, 123:24-124:11, 126:3-127:4. | compelling reasons to seal plans to build non-infringing alternatives. **Denied** with respect to 98:13-99:24, 100:3-17.<br>Box has not shown specific compelling reasons to seal diagrams regarding the structure of its products. *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("While source code is undoubt[ed]ly a trade secret, the way the source code works when compiled and run is not."). **Denied** with respect to 115:1-18, 116:15-117:23.<br>Box has not shown specific compelling reasons to seal usage data regarding collaboration and shared folders.<br><br>In addition, the unredacted copy of this and other exhibits were not highlighted to show the portions sought to be sealed, as required by Civil Local Rule 79-5(d)(1)(D). Documents filed in the future must comply with the Civil Local Rules. |
| Exhibit 3 | The following information is sealable because it contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, which is likely to cause harm to Box's business if known by competitors: Pages 28-30: paragraphs 75-77 and Figures 2-4; Page 30: paragraph 80; Page 32-33: paragraphs 84-85; Page 36: paragraph 92; Pages 91-94: paragraph 204 and embedded figures on pages 93-94; Pages 103-106: paragraph 222 and embedded figures on pages 105-106; Page 112-114: portions of paragraph 239 beginning with "Instead" through the end of the paragraph and paragraph 241, including embedded figure on page | **Denied**.  The portions sought to be sealed contain basic information about the structure of Box's products and API, for which Box has not shown specific compelling reasons to seal. *Agency Solutions.Com*, 819 F. Supp. 2d at 1017 ("While source code is undoubt[ed]ly a trade secret, the way the source code works when compiled and run is not."). |

| Document | Box's Argument | Ruling |
|---|---|---|
| | 113. | |
| Exhibit 3 | Pages 132-134, paragraphs 327-328 and the embedded figure contains Box's highly confidential and competitively sensitive business information relating to customer demand and usage data, which is likely to cause harm to Box's business if known by its competitors. | **Denied**.  The portions sought to be sealed contain usage data concerning the use of collaboration and shared folders, for which Box has not shown specific compelling reasons to seal.  "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013). |

The motion is denied with respect to all remaining portions sought to be sealed.

**C.  Administrative Motion to File Under Seal Open Text S.A.'s Motion to Preclude the Expert Testimony of Sam Ghods and Exhibits Thereto (Dkt. No. 299)**

| Document | Box's Argument | Ruling |
|---|---|---|
| Exhibit 2 | The following page and line numbers from the 30(b)(6) deposition transcript of Sam Ghods are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's highly confidential source code and product strategies, which is likely to cause harm to Box's business if known by its competitors: 21:9-25:11, 34:2-15, 34:17-21, 34:23-35:7, 35:18-23, 37:17-23, 37:25-38:1, 38:3-39:5, 39:7, 39:9-40:1, 40:3. | **Granted** with respect to 24:17-25:11, which includes specific details of Box's source code, which constitutes a trade secret. *Agency Solutions.Com*, 819 F. Supp. 2d at 1017.  **Denied** with respect to other portions sought to be sealed.<br><br>Box has not shown specific compelling reasons to seal information related to the mere existence of source code, the structure of its revision control system, or other information regarding its products and development plans.<br><br>In addition, the unredacted copy of the exhibit was not highlighted to show the portions sought to be sealed, as required by Civil Local Rule 79-5(d)(1)(D).  Documents filed in the future must comply with the Civil Local Rules. |
| Exhibit 3 | The following page and line numbers from the 30(b)(6) deposition transcript of Pete McGoff are sealable because they contain | **Denied** with respect to 13:3-15.  Box has not shown specific compelling reasons to seal information related to the existence |

United States District Court
Northern District of California

| | | reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's business strategies and third-party license agreements, which is likely to cause harm to Box's business if known by its competitors: 13:3-15, 16:8-19:1. | of potential non-infringing alternatives.<br><br>**Denied** with respect to 16:8-19:1. Although our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the "compelling reasons" standard because that business information could "harm a litigant's competitive standing," Box has not shown specific compelling reasons to seal the mere names of counterparties to its licenses or general information concerning their structure, as opposed to specific sensitive terms, like pricing terms.  *See In re Elec. Arts, Inc.,* 298 Fed. App'x 568, 569 (9th Cir. 2008). |
| Exhibit 4 | Paragraph 226 of the excerpts from Dr. Leonard's report provided in this Exhibit contains reference to Box's. confidential and non-public usage data, and paragraph 267 contains reference to competitively sensitive information regarding costs to design and develop products, disclosure of which would result in a competitive disadvantage to Box because it would provide Box's competitors insight into customer demand and usage of Box's product offerings. | **Denied**.  Box has not shown specific compelling reasons to seal usage data for its products or the cost of developing non-infringing alternatives. |
| Exhibit 5 | The following page and line numbers from the 30(b)(1) deposition transcript of Sam Ghods are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's business strategies, which is likely to cause harm to Box's business if known by its competitors: 9:1-2, 9:4-5, 9:7-8, 9:10, 10:12-17, 12:22-13:10, 13:12, | **Denied.**  Box has not shown specific compelling reasons to seal testimony about Box's competitors, stock ownership, and estimates for the importance of certain features to Box's business. |

| | | |
|---|---|---|
| | 13:14-21, 13:23, 13:25-14:21, 15:12-16:2. | |

The motion is denied with respect to all remaining portions sought to be sealed.

### D. Administrative Motion to File Under Seal Open Text S.A.'s Motion to Exclude the Expert Report and Testimony of Dr. Gregory K. Leonard and Exhibits Thereto (Dkt. No. 300)

| Document | Box's Argument (or other parties', where noted) | Ruling |
|---|---|---|
| Motion to Exclude Expert Report and Testimony of Dr. Gregory K. Leonard | Page 13 lines 3-7 and page 15 lines 5-17 contain reference to and description of the terms and value of third-party license agreements entered into by Box, the terms of which are confidential and likely to cause harm to Box if known by competitors and/or potential adverse litigants.  In addition, the agreements are subject to confidentiality obligations between Box and the respective third-parties which Box is not in a position to waive with respect to the terms of the agreements.  Therefore, sealing this portion of Plaintiff's motion is warranted.  In addition, page 2 lines 20-21 refer to Box's confidential financial and revenue information, disclosure of which is likely to cause harm to Box if known by competitors. | **Granted for** page 13 lines 3-7. The lump sums associated with each license may be sealed as a sensitive pricing term, but the name of the licensee is not sealable. *See In re Elec. Arts, Inc.,* 298 Fed. App'x 568, 569 (9th Cir. 2008).<br><br>**Denied** for page 2 lines 20-21 and page 15 lines 5-17.  Box has not shown specific compelling reasons to seal general information about its licensees or the alleged damages base. |
| Exhibit 1 | The following pages and line numbers from the deposition transcript of Dr. Leonard contain confidential and competitively sensitive business information relating to customer demand, usage data, competitive intelligence, and Box's confidential financial and revenue information, which is likely to cause Box harm if known by competitors: 47:12-19, 58:14-19, 70:5-71:3, 71:19-25, 76:24-77:2. | **Denied**.  Box has not shown specific compelling reasons to seal its costs incurred in developing Box Edit, usage data regarding Box Edit, and the cost of alternative courses of action. |
| Exhibit 2 | This document contains highly confidential and competitively sensitive financial and revenue information, which is likely to cause Box harm if known by competitors. | **Denied.**  Although certain types of product-specific financial information is sealable, *see Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1224-26 (Fed. Cir. |

| | | 2013), Box has not shown specific compelling reasons to seal the aggregate financial data in Exhibit 2, especially given its expert's reliance on the data in arriving at his damages opinions. |
|---|---|---|
| Exhibit 3 | The following portions of Dr. Leonard's Rebuttal Report contain confidential and competitively sensitive business information relating to customer demand, usage data, competitive intelligence, and Box's confidential financial and revenue information, which is likely to cause Box harm if known by competitors Page 13: paragraph 27; Page 36: paragraph 65; Page 46: paragraph 85; Page 49: paragraph 90; Page 84-86: paragraphs 140-141; Page 98: paragraph 174 sentence beginning "From May"; Page 99: last sentence of paragraph 175; Pages 102-104: paragraphs 182-183, including bullet points; Page 114: paragraph 201, last sentence; Page 123: paragraph 217, sentence beginning "Box's"; Pages 130-131: paragraph 226, sentence beginning with "For example," through the end of the paragraph, paragraph 227, sentence beginning with "Mr. Knotts"; Page 132: paragraphs 228-230, last sentence in each paragraph; Page 133: paragraph 231, sentence beginning "I understand" through the end of the paragraph; Page 134: paragraph 233; Page 148: paragraph 267; Page 149: paragraph 269, last sentence on page; Page 155: paragraph 283, sentence beginning with "In fact" through the end of the paragraph. | **Denied.** Box has not shown specific compelling reasons to seal Box's aggregate data, information regarding competition between Box and Open Text, Box's valuation and profits in 2007, Box's historical and future revenues, Box's R&D expenses, Box's prices compared to competitors, information regarding the general payment structure of Box's licenses, Box's usage data, the effort required in implementing a design-around, and Box's expenses in developing Box Edit. |
| Exhibit 3 | Page 87 paragraphs 145 and 146, pages 141-144 paragraphs 249-254 contains reference to and description of the terms and value of third-party license agreements entered into by Box, the terms of which are | **Granted** for the license payments in paragraphs 145, 249, 250, and 253. **Otherwise denied.** Although our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment |

| | | |
|---|---|---|
| | confidential and likely to cause harm to Box if known by competitors and/or potential adverse litigants.  In addition, the agreements are subject to confidentiality obligations between Box and the respective third-parties which Box is not in a position to waive with respect to the terms of the agreements. | terms found in a licensing agreement even under the "compelling reasons" standard because that business information could "harm a litigant's competitive standing," Box has not shown specific compelling reasons to seal the mere names of counterparties to its licenses or general information concerning their structure.  *See In re Elec. Arts, Inc.,* 298 Fed. App'x 568, 569 (9th Cir. 2008). |
| Exhibit 4 | The following pages and line numbers from the deposition transcript of Jeff Mannie are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's confidential financial systems, accounting practices, business strategies, and financial reports, which is likely to cause Box harm if known by competitors: 7:23-8:1, 8:3-7, 8:9-24, 9:1-3, 9:5-17, 9:19:23, 9:25-10:4, 10:6-13, 10:15-16, 10:18-11:2, 11:9, 11:16-17, 11:19-20, 11:22, 11:24-12:4, 12:6-9, 12:11-22, 12:24-14:5, 15:11-19, 16:8-11, 18:12-19:14, 19:16-20:1, 20:3-9, 20:11-17, 20:19-22, 20:24-21:13, 21:15-21, 21:23-25, 22:2-4, 22:6-9, 23:4-9, 23:11-25, 24:2-19, 24:24-26:1, 26:3-10, 26:12-20, 28:17-29:12, 29:16-30:2, 30:12-16, 30:18-24, 31:10-24, 32:1-5, 32:7-34:12, 34:23-36:15, 36:18-37:14, 37:16-17, 37:24-39:5, 39:10-15, 39:20-22, 39:25, 40:2-5, 40:7-22, 41:7-8, 41:10-15, 41:17-42:8, 42:10-12, 42:19-43:4, 43:8-44:3, 44:5-9, 44:19-45:8, 45:10-20, 45:22-23, 45:25-46:2, 46:4, 46:6-47:14, 47:16-19, 47:21-48:12, 48:14, 48:16-50:7, 50:10-20, 50:22-23, 51:6-52:15, 52:17-18, 53:21-54:5, 57:19-23, 57:25-58:6, 61:19-21, 61:23-62:6, | **Denied.**  Box has not shown specific compelling reasons to seal information about its accounting and HR systems, as well as the other information sought to be sealed.  Moreover, to the extent the document contains any sealable information, the request is not "narrowly tailored to seek sealing only of sealable material," as required by Civil Local Rule 79-5(b), and is additionally denied on that basis. |

| | | |
|---|---|---|
| | 62:8-11, 62:13-63:8, 66:16-67:15, 68:4-6, 68:10-69:17, 70:8-71:24, 73:23-76:8, 76:10-77:18, 77:20-78:6, 78:8-11, 78:13-16, 78:21-79:5, 79:7-22, 79:24-80:1, 80:3-5, 80:18-81:24, 82:1-3, 82:5-18, 82:21-83:9, 83:21-84:2, 84:4-6, 84:8-16, 85:7-18, 86:16-22. | |
| Exhibit 5 | **Open Text**: Exhibit 5, the Expert Report of Krista Holt, contains Open Text confidential business information. It also contains third-party confidential information regarding the business terms of Open Text's licenses with those third parties. Ms. Holt's report contains "private materials unearthed during discovery," and as such meets the "good cause" standard for sealing a non-dispositive motion. | **Denied.** Open Text's request is not "narrowly tailored to seek sealing only of sealable material," as required by Civil Local Rule 79-5(b), because it does not identify specific portions of the exhibit that allegedly meet the "compelling reasons" standard, and because portions of the exhibit do not contain sealable material. |
| Exhibit 6 | The following pages and line numbers from the deposition transcript of Mr. Colin White are sealable because they contain Box's reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code and highly confidential and competitively sensitive business information including usage data, which is likely to cause harm to Box's business if known by competitors: 40:15-22, 41:9-12, 41:18-25, 42:1-6, 64:21-65:1, 98:13-99:24, 100:3-17, 115:1-18, 116:15-117:23, 123:24-124:11, 126:3-127:4. | **Denied** for the reasons given above for Exhibit 1 of Dkt. No. 298. |
| Exhibit 8 | The following information is sealable because it contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, which is likely to cause harm to Box's business if known by competitors: Pages 28-30: paragraphs 75-77 and Figures 2-4; | **Denied** for the reasons given above for Exhibit 3 to Dkt. No. 298. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | Page 30: paragraph 80; Page 32-33: paragraphs 84-85; Page 36: paragraph 92; Pages 91-94: paragraph 204 and embedded figures on pages 93-94; Pages 103-106: paragraph 222 and embedded figures on pages 105-106; Page 112-114: portions of paragraph 239 beginning with "Instead" through the end of the paragraph and paragraph 241, including embedded figure on page 113. | |
| Exhibit 8 | Pages 132-134, paragraphs 327-328 and the embedded figure contains Box's highly confidential and competitively sensitive business information relating to customer demand and usage data, which is likely to cause harm to Box's business if known by its competitors. | **Denied** for the reasons given above for Exhibit 3 to Dkt. No. 298. |
| Exhibit 9 | The following page and line numbers from the 30(b)(6) deposition transcript of Sam Ghods are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's highly confidential source code and product strategies, which is likely to cause harm to Box's business if known by its competitors: 21:9-25:11, 34:2-15, 34:17-21, 34:23-35:7, 35:18-23, 37:17-23, 37:25-38:1, 38:3-39:5, 39:7, 39:9-40:1, 40:3. | **Denied** for the reasons given above for Exhibit 2 to Dkt. No. 299. |
| Exhibit 10 | The following page and line numbers from the 30(b)(1) deposition transcript of Sam Ghods are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's business strategies, which is likely to cause harm to Box's business if known by its | **Denied** for the reasons given above for Exhibit 5 to Dkt. No. 299. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | competitors: 9:1-2, 9:4-5, 9:7-8, 9:10, 10:12-17, 12:22-13:10, 13:12, 13:14-21, 13:23, 13:25-14:21, 15:12-16:2. | |
| Exhibit 12 | The following information from Dr. Jagannathan's rebuttal expert report is sealable because it contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, which is likely to cause harm to Box's business if known by competitors: Pages 14-16: paragraphs 40-43, Figure 1, and footnote 4; Page 18-19: paragraph 46 beginning with block quote through end of paragraph 46 and footnote 5; Pages 20-21: paragraph 48; Page 22-23: deposition excerpt and paragraph 50 beginning with "Additionally" through the end of the paragraph; Pages 24-26: paragraph 59, paragraph 60 beginning at "To the extent" through the end of the paragraph, footnotes 7 and 8, paragraph 61 beginning at "On the one hand" and ending with citation to Dr. Mayer Paten Opening Report, paragraph 62 sentence beginning with "Similarly,"; Pages 28-29: paragraphs 68 and 69 beginning with "To the extent" through the end of each paragraph; Page 36 and 37: block quotes found in paragraphs 84 and 85; Page 40-46: The sentence beginning with "The relevant sequence" in paragraph 88 through paragraph 92, including footnotes 14-17; Page 49-50: paragraphs 97-98, 100, and 102-103; Page 51-52: paragraphs 105 and 110, sentences which begin with "Instead"; Pages 54-55: paragraphs 114-116; Pages 56-62: paragraphs 121-127; Page 65: paragraphs 132-133; Page 66: paragraph 134 last sentence and paragraph 136 first | **Granted** for descriptions of the source code in paragraphs 89-91 and the portion of paragraph 92 beginning "when the invocation" and ending in "returns" (including footnotes 14-17), paragraphs 124-27, 151-52, footnote 24, paragraph 155 and paragraph 162 (beginning with "For instance" and ending in the final source code cite). Confidential source code generally constitutes a trade secret, and compelling reasons generally exist to seal it. *See Apple, Inc. v. Samsung Electronics Co.*, No. 11-cv-01846-LHK, 2012 WL 3283478, at *5 (N.D. Cal. Aug. 9, 2012), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013); *Agency Solutions.Com*, 819 F. Supp. 2d at 1017.<br><br>**Denied** for the remaining portions. Box has not shown specific compelling reasons to seal information about the structure of its products, the programming languages Box uses for its products, or whether Box Edit client software communicates with a database sufficient to outweigh the public's right to know this information, given its importance to Open Text's infringement theory. *See Agency Solutions.Com*, 819 F. Supp. 2d at 1017 ("While source code is undoubt[ed]ly a trade secret, the way the source code works when compiled and run is not.") |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | sentence; Page 67: paragraphs 137-138; Page 70: paragraphs 146-147; Pages 71-73: paragraphs 149-152 and footnotes 23 and 24; Page 75: paragraphs 154-155; Pages 77-78: paragraphs 161-162; Page 85: sentence from paragraph 176 beginning with "Moreover"; Page 86-87: paragraph 181 sentence beginning with "In particular" through paragraph 183. | |
| Exhibit 12 | Page 29 paragraph 71 and page 86 paragraph 181 beginning with "or Docushare" contains information designated as Highly Confidential – Attorney's Eyes Only by non-party Xerox Corporation following Xerox Corporation's response to a Box subpoena.  Box is not in a position to waive confidentiality on Xerox's behalf. | **Denied.**  The Court's order at Dkt. No. 330 ordered the parties to serve any declarations claiming third-party confidentiality on the third party with instructions to comply with Civil Local Rule 79-5(e). Because Xerox has not filed a declaration pursuant to Civil Local Rule 79-5(e), the request to seal is denied. |
| Exhibit 13 | The following page and line numbers from Dr. Jagannathan's deposition transcript are sealable because they contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, and Box's internal patent prosecution procedures, which is likely to cause harm to Box's business if known by competitors: 43:17-21, 44:2-7, 44:18-21, 44:24-45:3, 59:12-13, 61:3-4, 61:8-16, 65:15-17, 66:8-11, 67:9-24, 68:5-10, 71:9-10, 71:16, 72:8-18, 74:2-6, 75:9-10, 76:9-11, 130:19-22, 131:7-13, 131:16-18, 131:23-24, 132:9-10, 132:14-15, 132:22-23, 133:2-5, 133:9-10, 133:14-16, 133:20-22, 194:14-15, 194:19, 195:4-5, 196:24-25, 197:7-8, 198:20-199:6, 199:8-16, 199:20, 200:5-7, 202:13-203:10, 204:3-5. | **Denied** with respect to 43:17-21, 44:2-7, 44:18-21, 59:12-13, 61:3-4, 61:8-16, 65:15-17, 66:8-11, 67:9-24, 71:9-10, 71:16, 72:8-18, 74:2-6, 75:9-10, and 76:9-11.  Box has not shown specific compelling reasons to seal information regarding pending patent applications.<br><br>**Denied** with respect to 68:5-10. Box has not shown specific compelling reasons to seal information regarding the operation of its products.<br><br>**Denied** with respect to 130:19-22, 131:7-13, 131:16-18, 131:23-24, 132:9-10, 132:14-15, 132:22-23, 133:2-5, 133:9-10, 133:14-16, and 133:20-22.  Box has not shown specific compelling reasons to seal information relating to potential non-infringing alternatives.<br><br>**Denied** with respect to 194:14-15, 194:19, 195:4-5, 196:24-25, 197:7-8, 198:20-199:6, 199:8-16, 199:20, |

United States District Court<br>Northern District of California

16

| | | 200:5-7, 202:13-203:10, 204:3-5. Box has not shown compelling reasons to seal information relating to Open Text's infringement theories. |
|---|---|---|
| Exhibit 15 | This document is a financial summary of the third-party license agreements referenced above that Box has entered into, the terms of which are confidential and likely to cause harm to Box if known by competitors and/or potential adverse litigants.  In addition, public disclosure would violate the confidentiality obligations Box has agreed to with each third-party which Box is not in a position to waive with respect to the terms of the agreement. | **Granted** with respect to column f and denied otherwise.  *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014) (requiring redaction of only sensitive information like pricing terms, royalty rates, minimum payment terms in agreement and filing remainder in public record). |
| Exhibit 16 | The following page and line numbers from the 30(b)(6) deposition transcript of Pete McGoff are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's business strategies and third-party license agreements, which is likely to cause harm to Box's business if known by its competitors: 13:3-15, 16:8-19:1. | **Denied** for the reasons given above for Exhibit 3 to Dkt. No. 299. |

The motion is denied with respect to any remaining portions sought to be sealed.

**E. Administrative Motion to File Under Seal Open Text S.A.'s Motion to Exclude the Testimony of Ryan Knotts and Exhibits Thereto (Dkt. No. 302)**

| Document | Box's Argument | Ruling |
|---|---|---|
| Exhibit 2 | The following page and line numbers from the 30(b)(6) deposition transcript of Sam Ghods are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's highly confidential source | **Denied** for the reasons given above for Exhibit 2 to Dkt. No. 299. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | code and product strategies, which is likely to cause harm to Box's business if known by its competitors: 21:9-25:11, 34:2-15, 34:17-21, 34:23-35:7, 35:18-23, 37:17-23, 37:25-38:1, 38:3-39:5, 39:7, 39:9-40:1, 40:3. | |
| Exhibit 3 | The following page and line numbers from the 30(b)(6) deposition transcript of Pete McGoff are sealable because they contain reference to, citation of, and testimony relating to highly confidential and competitively sensitive information regarding Box's business strategies and third-party license agreements, which is likely to cause harm to Box's business if known by its competitors: 13:3-15, 16:8-19:1. | **Denied** for the reasons given above for Exhibit 3 to Dkt. No. 299. |
| Exhibit 4 | Paragraph 226 of the excerpts from Dr. Leonard's report provided in this Exhibit contains reference to Box's. confidential and non-public usage data, and paragraph 267 contains reference to competitively sensitive information regarding costs to design and develop products, disclosure of which would result in a competitive disadvantage to Box because it would provide Box's competitors insight into customer demand and usage of Box's product offerings. | **Denied** for the reasons given above for Exhibit 4 to Dkt. No. 299. |

The motion is denied with respect to all remaining portions sought to be sealed.

**F. Administrative Motion to File Under Seal Certain Exhibits to Plaintiff Open Text S.A.'s Motion for Partial Summary Judgment that Certain Systems are not Prior Art under 35 U.S.C. § 102 (Dkt. No. 304)**

Open Text's motion sought to file Exhibits 1, 3, 4, and 5 to its motion for partial summary judgment that certain systems were not prior art, on the basis that they had been designated as confidential under the protective order by Box. *See* Dkt. No. 304-1. Box's declaration under Civil Local Rule 79-5(e), however, does not address Dkt. No. 304. *See* Dkt. Nos. 328, 331-33. The motion is therefore denied in its entirety.

**G. Administrative Motion to File Under Seal Open Text S.A.'s Motion to Exclude Certain Expert Opinions and Testimony of Srinivasan Jagannathan and Exhibits Thereto (Dkt. No. 306)**

| Document | Box's Argument | Ruling |
|---|---|---|
| Motion to Exclude Certain Expert Opinions and Testimony of Srinivasan Jagannathan | Page 4, line 4 contains reference to the overall value of third-party license agreements entered into by Box, the terms of which are confidential and likely to cause harm to Box if known by competitors and/or potential adverse litigants. In addition, the agreements are subject to confidentiality obligations between Box and the respective third-parties which Box is not in a position to waive with respect to the terms of the agreements. Therefore, sealing this portion of Plaintiff's motion is warranted. | **Denied.** The proposed redaction does not constitute the pricing terms, royalty rates, minimum payment terms, or any other sensitive term of any license agreement. Instead, it represents the sum of the payments associated with past license agreements. In addition, Box does not appear to have provided revised redacted and unredacted versions of the motion redacting only the portions it believes are confidential. |
| Exhibit A | The following information from Dr. Jagannathan's rebuttal expert report is sealable because it contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, which is likely to cause harm to Box's business if known by | **Granted in part and denied in part** for the same reasons and to the same extent as for Exhibit 12 to Dkt. No. 300. |

United States District Court
Northern District of California

19

competitors: Pages 14-16: paragraphs 40-43, Figure 1, and footnote 4; Page 18-19: paragraph 46 beginning with block quote through end of paragraph 46 and footnote 5; Pages 20-21: paragraph 48; Page 22-23: deposition excerpt and paragraph 50 beginning with "Additionally" through the end of the paragraph; Pages 24-26: paragraph 59, paragraph 60 beginning at "To the extent" through the end of the paragraph, footnotes 7 and 8, paragraph 61 beginning at "On the one hand" and ending with citation to Dr. Mayer Paten Opening Report, paragraph 62 sentence beginning with "Similarly,"; Pages 28-29: paragraphs 68 and 69 beginning with "To the extent" through the end of each paragraph; Page 36 and 37: block quotes found in paragraphs 84 and 85; Page 40-46: The sentence beginning with "The relevant sequence" in paragraph 88 through paragraph 92, including footnotes 14-17; Page 49-50: paragraphs 97-98, 100, and 102-103; Page 51-52: paragraphs 105 and 110, sentences which begin with "Instead"; Pages 54-55: paragraphs 114-116; Pages 56-62: paragraphs 121-127; Page 65: paragraphs 132-133; Page 66: paragraph 134 last sentence and paragraph 136 first sentence; Page 67: paragraphs 137-138; Page

United States District Court
Northern District of California

| | | |
|---|---|---|
| | 70: paragraphs 146-147; Pages 71-73: paragraphs 149-152 and footnotes 23 and 24; Page 75: paragraphs 154-155; Pages 77-78: paragraphs 161-162; Page 85: sentence from paragraph 176 beginning with "Moreover"; Page 86-87: paragraph 181 sentence beginning with "In particular" through paragraph 183. | |
| Exhibit A | Page 29 paragraph 71 and page 86 paragraph 181 beginning with "or Docushare" contains information designated as Highly Confidential – Attorney's Eyes Only by non-party Xerox Corporation following Xerox Corporation's response to a Box subpoena. Box is not in a position to waive confidentiality on Xerox's behalf. | **Denied** for the same reasons given above for Exhibit 12 to Dkt. No. 300. |
| Exhibit B | The following page and line numbers from Dr. Jagannathan's deposition transcript are sealable because they contains reference to, citation of, and testimony relating to highly confidential, non-public details relating to Box's product design and source code, and Box's internal patent prosecution procedures, which is likely to cause harm to Box's business if known by competitors: 43:17-21, 44:2-7, 44:18-21, 44:24-45:3, 59:12-13, 61:3-4, 61:8-16, 65:15-17, 66:8-11, 67:9-24, 68:5-10, 71:9-10, 71:16, 72:8-18, 74:2-6, 75:9-10, | **Denied** for the same reasons given above for Exhibit 13 to Dkt. No. 300. |

| | | |
|---|---|---|
| | 76:9-11, 130:19-22, 131:7-13, 131:16-18, 131:23-24, 132:9-10, 132:14-15, 132:22-23, 133:2-5, 133:9-10, 133:14-16, 133:20-22, 194:14-15, 194:19, 195:4-5, 196:24-25, 197:7-8, 198:20-199:6, 199:8-16, 199:20, 200:5-7, 202:13-203:10, 204:3-5. | |
| Exhibit C | This document is a financial summary of the third-party license agreements referenced above that Box has entered into, the terms of which are confidential and likely to cause harm to Box if known by competitors and/or potential adverse litigants.  In addition, public disclosure would violate the confidentiality obligations Box has agreed to with each third-party which Box is not in a position to waive with respect to the terms of the agreement. | **Granted in part and denied in part** for the same reasons and to the same extent as for Exhibit 15 to Dkt. No. 300. |

The motion is denied with respect to all remaining portions sought to be sealed.

**H. Administrative Motion to File Under Seal Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt (Dkt. No. 301)**

| Document | Open Text's Argument (or other parties', where noted) | Ruling |
|---|---|---|
| Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | Portions of pages 1-3; 5-15 contain  sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and analysis of the highly competitive ECM marketplace. Public disclosure of this information would harm Open Text. | **Granted** for the lump sums associated with actually-signed licenses in the first paragraph of page 2, the last paragraph of page 11 (including footnote 5), the second block quote in page 12, the last full paragraph of page 12, and the first paragraph of page 13. These contain sensitive pricing terms of license agreements.  *See In re Elec. Arts, Inc.,* 298 Fed. App'x 568, 569 (9th Cir. 2008).Otherwise **denied.** |

| | | Open Text has not shown compelling reasons to seal basic information regarding its damages expert's opinion, including the royalty rates she opines on. |
|---|---|---|
| Exhibit A to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | **Box:** Page 63, lines 1-2, consist of certain terms from confidential license agreements between Box and third parties. Both Box's and the third party licensors' competitive and confidentiality interests could be compromised if this information is disclosed. Box and the third party licensors bargained for the confidentiality clauses in these agreements and derive a business advantage from this information not being known by their competitors and the general public. If this information were broadly known, it would place Box and the third parties' at a competitive disadvantage.<br>**Open Text:** Pages 13–17 and 20; portions of pages 21–22, 38–40, 45, 50, 55 contain information with regard to the licensing practices of Open Text S.A. as well as negotiations with a third party affecting the third party's confidential information, including the terms of Open Text S.A.'s patent license agreements. Public disclosure of this information would harm both Open Text S.A. and its third-party licensees as it contains competitively | **Granted** with respect to the payment amounts on page 63, lines 1-2.  The actual amounts paid constitute sealable terms of license agreements.<br><br>Open Text's request to seal is **granted** for the payment term in the first sentence of the last paragraph of page 50,[1] **granted** for the cost term of the Alfresco license in the second paragraph of page 51, Table 5, and the first full paragraph of page 56, **granted** for the cost terms of the license in the last paragraph of 52, **granted** for the low end of the royalty range in the first paragraph of page 75, and otherwise **denied** because Open Text has not shown compelling reasons to seal terms other than the payment terms of its licenses or information about the pricing and other characteristics of its products, especially given its expert's use of this data in forming her damages opinions.  *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014) (requiring redaction of only sensitive information like pricing terms, royalty rates, minimum payment terms in agreement and filing remainder in public record). In particular, the request to seal the high-end royalty rate in the first paragraph of page 75 is denied, despite being based on a license agreement, because it provides the |

---

[1] All page references are to the numbering of the excerpted document, and not the ECF numbering.

United States District Court
Northern District of California

| | | |
|---|---|---|
| | sensitive information of both parties. | upper end of Ms. Holt's royalty rate opinions, as explained on page 81 of her report. |
| Exhibit B to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | Pages 6:10–11; 7:10–16; 9:12, 14–25; 12:3–8; 17:1–13; 24:19–25; 25:1–24; 26:2–6; 18–25; 27:1–25; 28:1–29:24; 30:9–24; 31:17–32:9 contain sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and analysis of the highly competitive ECM marketplace, as well as discussion of highly confidential financial terms of Open Text's patent license agreements. Public disclosure of this information would harm Open Text and its patent licensees. | **Granted** for the low-end royalty rate on 174:6 and otherwise **denied.**  The information regarding the SAP license at 136:10-11 that Open Text wishes to seal was filed in the public record at page 61 of Dkt. No. 334-2.  The remaining portions either do not relate to sensitive license terms like pricing terms, royalty rates, or minimum payment terms, or -- like the royalty rates referred to at 137:11 or 174:6 -- constitute the basis for Ms. Holt's final royalty range. Open Text has not shown compelling reasons to seal this information, or information regarding its competitors. |
| Exhibit C to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | **Box**: Page 1, lines 16-32, consist of certain terms from confidential license agreements between Box and third parties. Both Box's and third party licensors' competitive and confidentiality interests could be compromised if this information is disclosed. Box and the third party licensors bargained for the confidentiality clauses in these agreements and derive a business advantage from this information not being known by their competitors and the general public. If this information were broadly known, it would place Box and the third parties' at a competitive disadvantage.<br>**Open Text**: Portions of page 3 contain information | **Granted** for the "Up-Front Fee" column and the "Royalty Rate Low" column in the first roe of page 57, but otherwise **denied.**  The "Royalty Rate High" column is denied for the reasons given above with respect to Exhibits A and B -- specifically, Ms. Holt relies on it as the basis for her proposed royalty range. |

| | | |
|---|---|---|
| | with regard to the licensing practices of Open Text S.A. as well as negotiations with third parties, including the highly confidential terms of Open Text's patent licenses with third parties. Public disclosure of this information would harm both Open Text S.A. and the third parties as it contains competitively sensitive information of both parties. | |
| Exhibit H to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., including the confidential terms of contracts between a predecessor in interest and a third-party company. Public disclosure of this information would harm Open Text, as well as the interests of the third-party contractor. | **Denied** except for specific sensitive license terms, such as pricing terms, royalty rates, and minimum payment terms. *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014). |
| Exhibit J to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., including the highly confidential terms of an intellectual property rights agreement between Open Text and a third party. Public disclosure of this information would harm Open Text and the third party. | **Denied.**  The third party has not filed a declaration pursuant to Civil Local Rule 79-5(e) seeking to maintain the document under seal. Open Text has not shown specific compelling reasons to seal the pre-2005 revenues of a party to the agreement in question. |
| Exhibit K to the Declaration of Jonah Mitchell in Support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt | The entirety of the exhibit contains a confidential business communication between a business affiliate of Open Text and a third party. Public disclosure of this information would harm | **Denied.**  The third party has not filed a declaration pursuant to Civil Local Rule 79-5(e) seeking to maintain the document under seal. Open Text has not shown specific compelling reasons to seal an item of allegedly invalidating prior art. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | Open Text's interests, as well as those of third party sender of the communication, who labeled it business confidential information. | |
| Exhibit L to Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt in its entirety | The entirety of the exhibit contains a confidential business communication between a business affiliate of Open Text and a third party. Public disclosure of this information would harm Open Text's interests, as well as those of third party recipient of the communication. | **Denied.** The third party has not filed a declaration pursuant to Civil Local Rule 79-5(e) seeking to maintain the document under seal. Open Text has not shown specific compelling reasons to seal an item of allegedly invalidating prior art. |
| Exhibit M to Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt in its entirety | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., including the highly confidential terms of a patent license agreement between Open Text and a third party. Public disclosure of this information would harm the interests of Open Text and its licensee. | **Granted** for the valuation of the patents appearing before the words "reasonable justified solely" on page 4 as well as the quantity at the end of the line beginning "total license fee payable by OT" on page 4. Otherwise **denied.** Open Text has not shown compelling reasons to seal the remainder of the terms. |
| Exhibit N to Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt in its entirety | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., including the highly confidential terms of a patent license agreement with a third party. Public disclosure of this information would harm Open Text and its licensee. | **Denied** except for specific sensitive license terms, such as pricing terms, royalty rates, and minimum payment terms. *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014). |
| Exhibit P to Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt in its entirety | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., | **Denied** except for specific sensitive license terms, like pricing terms, royalty rates, and minimum payment terms. *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. |

United States District Court
Northern District of California

| | including the highly confidential terms of a patent license agreement with a third party. Public disclosure of this information would harm Open Text and its licensee. | 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014). |
|---|---|---|
| Exhibit Q to Defendants' Motion to Exclude Opinions and Testimony of Ms. Krista Holt in its entirety | The entirety of the exhibit contains sensitive information of Open Text S.A. with regard to business practices of Open Text S.A., including the highly confidential terms of a patent license agreement with two third parties. Public disclosure of this information would harm Open Text and its licensees. | **Denied** except for specific sensitive license terms, like pricing terms, royalty rates, and minimum payment terms. *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014). |

The motion is denied with respect to all remaining portions sought to be sealed.

## I. Administrative Motion to File Under Seal Defendants' Motion for Summary Judgment and Partial Summary Judgment (Dkt. No. 313)

| Document | Open Text's Argument (or other parties', where noted) | Ruling |
|---|---|---|
| Defendants' Motion for Summary Judgment and for Partial Summary Judgment | Page 30, lines 1 and 2 of the Motion contain Open Text's competitively sensitive business information regarding Open Text technical development and business practices. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal information about whether its products practiced the asserted claims. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). |
| Defendants' Motion for Summary Judgment and for Partial Summary Judgment | Pg. 39 – lines 4-8; portions of lines 9-11, portions of lines 12-19 and lines 23-28 contains competitively sensitive business information regarding Open Text's and a third party's intellectual property licensing practices. | **Denied.** The third party has not filed a declaration as required by Civil Rule 79-5(e), so sealing is denied on that basis. Open Text has not shown specific compelling reasons to seal information about Open Text's marking practices and information about a third-party license agreement that does not include sensitive pricing terms. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | Public disclosure of this information would harm both Open Text S.A. and the third party as it contains competitively sensitive information of both parties. Open Text is not in a position to waive confidentiality on the third party's behalf. | |
| Defendants' Motion for Summary Judgment and for Partial Summary Judgment | Page 40, portions of line 4 of the Motion contains competitively sensitive business information regarding Open Text licensing practices. Public disclosure of this information would harm Open Text. | **Denied.** Information regarding the marking requirements of Open Text's licenses is both deducible from other portions of the motion that Open Text does not seek to file under seal, and Open Text has not shown specific compelling reasons to seal this information. |
| Exhibit 19 to the Declaration of Kirin K. Gill | Exhibit 19 contains confidential negotiations and information with regard to the licensing practices of Open Text S.A. and Open Text's corporate strategy, as well as confidential license negotiation information. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal negotiations concerning a license agreement that is discussed by both Open Text's and Box's damages experts. |
| Exhibit 29 to the Declaration of Kirin K. Gill | Portions of pages 2, 3, 5, 10, 11, 12, 14–19 contain competitively sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and analysis of the highly competitive ECM marketplace, including competitive strategy information. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal information derived from third-party market research reports or comparisons of its products to its competitors'. Defendants may refile only the cited portions of the document unless the uncited portions are necessary for context. |

United States District Court
Northern District of California

| Exhibit 55 to the Declaration of Kirin K. Gill | **Alfresco**: Lines 10:10 and 10:11 of Exhibit 55 contain Alfresco's competitively sensitive financial information. This information is not otherwise publicly available, and public disclosure of this information would cause substantial competitive harm to Alfresco. **Box:** Portions of lines 13, 14, 16, and 17 on page 11 and portions of lines 19, 20, 22, 24, and 25 on page 42 of Exhibit 55 contain Box's competitively sensitive information. That information is confidential and proprietary to Box. The highlighted portions reveal Box's confidential business strategies for its product development and the identity of Box's customers. Unfettered public disclosure of this information would cause Box competitive harm, as it would provide an unfair advantage to Box's competitors and jeopardize Box's ongoing business. Box competitors could adopt its product development strategies, and could target specific Box customers based on those strategies, hampering Box's ability to compete in the marketplace. Thus, compelling reasons exist to grant Defendants' narrowly tailored | **Denied** for lines 10:10 and 10:11. Alfresco has not shown specific compelling reasons to seal its total revenue.

**Denied** for 11:13-17 and 42:19-25. Box has not shown specific compelling reasons to seal alleged limitations of its non-accused products or information regarding feedback from its customers or the identities of its customers.

**Denied** for 9:14-15; 12:10-11, 20-24 and 26-27; and 27:23-28:5. Open Text has not shown specific compelling reasons to seal general information regarding the alleged success of products that embody the asserted patents, including rough revenues, complaints regarding its products, consumer demand for its products, and other alleged secondary considerations of non-obviousness. |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | request. The confidentiality interests of Box therefore outweigh the right of public access to the record, as a substantial probability exists that Box's confidentiality interests will be prejudiced if page 11, lines 13-17 and page 42, lines 19-25 of Exhibit 55 are not sealed. **Open Text:** Exhibit 55, pages 9:14-15; 12:10-11, 20-24 and 26-27; and 27:23-28:5 contain competitively sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and analysis of the highly competitive ECM marketplace. Lines 10:5-12 contain third party information that is subject to a protective order. Open Text is serving this declaration on the third party pursuant to Local Rule 79-5(e). Public disclosure of this information would harm Open Text and the third party. | |
| Exhibit 57 to the Declaration of Kirin K. Gill | Exhibit 57, uncited pages 3:4–7, 16–25; 4:2–8, 13–16, 21, 25; 5:1, 4–18; 6:6–12, 15–19; 7:18–25 contains competitively sensitive technical information and competitively sensitive customer information of Open Text S.A. with regard to business | To the extent defendants do not rely on any portion of the document, as plaintiffs allege, they should omit the document when refiling public versions of the exhibits to their motion. If defendants do rely on this exhibit, the Court will re-evaluate the motion to seal this exhibit. |

| | | |
|---|---|---|
| | practices of Open Text S.A. Public disclosure of this information would harm Open Text. | |
| Exhibit 58 to the Declaration of Kirin K. Gill | Exhibit 58 does not contain Open Text confidential information. The marked information was designated highly confidential by the Defendants. | **Denied.**  Because Defendants' sole basis for sealing this document was that it contained information designated as confidential by Open Text, *see* Dkt. No. 313 at 4, and Open Text states that the document does not contain its confidential information, the motion is denied with respect to this document. |
| Exhibit 59 to the Declaration of Kirin K. Gill | Pages 3:2–3, 6-9, 13–16, 20–25; 4:1–7, 8-10 16–18, 20, 23, 25; 5:5-6, 7, 9–10, 17, 19–20, 22–25; 6:20-23; 7:1-2; 8:7-8, 11-12, 14-21; 9:7–15; 10:2-10, 14-20; 11:12-13, 15-20, 22– 25; 12:1–13, 16, 19-20, 23–25 of Exhibit 59 contain competitively sensitive information of Open Text S.A. with regard to business practices and corporate strategy of Open Text S.A. Public disclosure of this information would harm Open Text. | **Denied.**  Open Text has not shown specific compelling reasons to seal information regarding its licensing history and strategy, or its allegations about Box Edit.

In addition, the unredacted copy of this and other exhibits were not highlighted to show all of the portions sought to be sealed, as required by Civil Local Rule 79-5(d)(1)(D).  Documents filed in the future must comply with the Civil Local Rules. |
| Exhibit 60 to the Declaration of Kirin K. Gill | Pages 2:1–3, 7, 15–16; 4:3–5; 10, 12, 16–19, 21–22, 25; 5:1, 3-4, 16, 19-20, 23, 25; 6:1–2, 8–9, 25; 7: 11–12, 14–21 of Exhibit 60 contain competitively sensitive information of Open Text S.A. with regard to business practices and corporate strategy of Open Text S.A. Public disclosure of this information would harm Open Text. | **Denied.**  Certain portions of the document filed as Exhibit 60 at Dkt. No. 335-21, such as pages 2:1-3, 7, and 15-16 appear to be portions of the front matter rather than the deposition itself.  Open Text has not shown specific compelling reasons to seal the remainder. |
| Exhibit 61 to the Declaration of Kirin K. Gill | Portions of pages 2–20 contain information with | **Denied** except for specific sensitive license terms, such as pricing |

| | | |
|---|---|---|
| | regard to the licensing practices of Open Text S.A., as well as confidential license negotiation information. Public disclosure of this information would harm Open Text S.A. | terms, royalty rates, and minimum payment terms. *See Ovonic Battery Co. v. Sanyo Electric Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3-4 (N.D. Cal. Jun. 17, 2014).<br><br>Defendants may omit the portions of the exhibit that were not cited in their motion, except where necessary for context. |
| Exhibit 62 to the Declaration of Kirin K. Gill | Pages 3:1-2, 5, 8, 12, 15-17, 19-25, 4:1-8, 10- 17, 19–22, 24-25; 5:1-18, 20, 22-24; 6:1-17, 7:2-4, 19-21; 8:2-24; 9:1-25; 10:1-7, 9, 11-13 18, 24-25; 11:5, 8-9, 11-12, 14-15, 22-23; 12:2-4, 10-11, 17-18, 20-24, 13:18-23, 14:6; 15:20, 24-25; 13:18-22; 14:6; 15:20, 24-25; 16:6-9, 12-14, 16-25, 17:1-20, 24-25; 18:1-5, 7-9, 13-15, 17-20, 22-25; 19:1-2, 4-5, 8-16, 22-23; 20:1, 7-12; 17-19, 21-25 of Exhibit 62 contain information with regard to the licensing practices of Open Text S.A., as well as confidential negotiation information. Public disclosure of this information would harm Open Text S.A. | **Denied.** Open Text has not shown specific compelling reasons to seal information about its negotiations with a third-party. |
| Exhibit 63 to the Declaration of Kirin K. Gill | Exhibit 63, pages 4–5; 12–13; 16–17; 21–22; 26–27; 31–32; 36–37; 41–42; 46–47; 53–54; 58–59; 63–64; and 66 contain information with regard to the licensing practices of Open Text S.A., as well as confidential negotiation | **Denied.** Open Text has not shown specific compelling reasons to seal its infringement theories against a third-party's products. |

32

| | | |
|---|---|---|
| | information. Public disclosure of this information would harm Open Text S.A. | |
| Exhibit 64 to the Declaration of Kirin K. Gill | Portions of pages 2–20 contain competitively sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and analysis of the highly competitive ECM marketplace. Public disclosure of this information would harm Open Text. | **Denied** for the same reasons given above for Exhibit 29.<br><br>Defendants may omit the portions of the exhibit that were not cited in their motion, except where necessary for context. |
| Exhibit 65 to the Declaration of Kirin K. Gill | Portions of pages 2–70 contain competitively sensitive information of Open Text S.A. with regard to business practices, technical information, and customer request for proposal process of Open Text S.A. It also contains information about confidential negotiations between Open Text and customers and potential customers, which is highly sensitive information in the competitive ECM market. Public disclosure of this information would harm Open Text | **Denied.**  Open Text has not shown specific compelling reasons to seal the information contained in the request.  To the extent the document contains any sealable information, the request is not "narrowly tailored to seek sealing only of sealable material," as required by Civil Local Rule 79-5(b), and is additionally denied on that basis.<br><br>Defendants may omit the portions of the exhibit that were not cited in their motion, except where necessary for context. |
| Exhibit 66 to the Declaration of Kirin K. Gill | Portions of pages 2–25 contain competitively sensitive information of Open Text S.A. with regard to business practices, technical information, and customer request for proposal process of Open Text S.A. It also contains | **Denied.** Open Text has not shown specific compelling reasons to seal descriptions of its products, pricing terms, or other information about agreements with its clients sufficient.<br><br>Defendants may omit the portions of the exhibit that were not cited in their motion, except where |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | |
|---|---|---|
| | information about confidential negotiations between Open Text and customers and potential customers, which is highly sensitive information in the competitive market. Public disclosure of this information would harm Open Text. | necessary for context. |
| Exhibit 67 to the Declaration of Kirin K. Gill | Portions of pages 2–34 contain competitively sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and its future planning for business units. It also contains confidential information regarding customers, which is highly sensitive information in the competitive market. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal information for its enterprise content management unit.<br><br>Defendants may omit the portions of the exhibit that were not cited in their motion, except where necessary for context. |
| Exhibit 68 to the Declaration of Kirin K. Gill | Exhibit 68, pages 3:4–25; 4:1–25; 5:1–25; 6:1–16 and 22–23; 7:4, 13, 19–20 and 24; 8:2, 8–9; 15-25; 9:1–25; 10:1–21; 25 contains competitively sensitive information of Open Text S.A. with regard to business practices of Open Text S.A. and Open Text's business strategy in the highly competitive ECM market. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal information about its perceived competitors and its negotiations with a third party sufficient. |
| Exhibit 69 to the Declaration of Kirin K. Gill | Exhibit 69, pages 3:1–4 and 12–25; 4:1–12 and 16–25; 5:1–5, 10-11, 15-21, 25; 6:4-5, 8-10; 7:16- | **Denied.** Open Text has not shown specific compelling reasons to seal information about its competitors or its own products. |

34

United States District Court
Northern District of California

| | | |
|---|---|---|
| | 17, 22-23 contains competitively sensitive information of Open Text S.A. with regard to Open Text's pricing, business practices of Open Text S.A. and Open Text's business strategy in the highly competitive ECM market. Public disclosure of this information would harm Open Text | |
| Declaration of Colin White in Support of Defendants' motion to Summary Judgment and Partial Summary Judgment | Pg. 103 – Portions of lines 9-12 contain competitively sensitive financial information and strategies regarding Open Text's acquisitions and strategies of the third party former assignee of the Groupware patent applications and relating to Open Text S.A.'s intellectual property. Open Text is not in a position to waive confidentiality on the third party's behalf. Public disclosure of this information would harm Open Text. | |
| Declaration of Colin White in Support of Defendants' motion to Summary Judgment and Partial Summary Judgment | Pg. 104 – Portions of lines 4-10 contain competitively sensitive information of Open Text S.A. and its related companies relating to business practices, intellectual property strategy and financial information in the highly competitive ECM market. Public disclosure of this information would harm Open Text. | **Denied.** Open Text has not shown specific compelling reasons to seal its investments in exploiting the patents-in-suit. |
| Declaration of Srinivasan | Pgs. 39-44 – line 22, pg. | **Granted** for the portions of |

| Jagannathan in Support of Defendants' motion to Summary Judgment and Partial Summary Judgment | 39 through line 23, pg. 44 contain competitively sensitive technical information relating to the design and operation of certain of Open Text's ECM products. Public disclosure of this sensitive technical information in the highly competitive ECM market would harm Open Text. | paragraphs 108 and 109 that specifically discuss source code. Otherwise denied.  Open Text has not shown specific compelling reasons to seal information about its products. |

The motion is denied with respect to any remaining portions sought to be sealed.

### III. CONCLUSION

Pursuant to Civil Local Rule 79-5(f)(2) and (3), the parties may file unredacted or revised redacted versions, as appropriate, of the documents discussed above that comply with the Court's order within seven days.  The parties may a new motion to seal within seven days of this order according to the requirements in Section II.  For any and all future motions to seal, the Court expects the parties will use their best objective judgment to file motions that are narrowly tailored, properly supported by declarations, and that satisfy the compelling reasons standard.  The Court advises the parties that it will restrict or bar the opportunity to file future motions to seal if a party shows again an inability to conform to the governing standards, the local rules, or this Court's orders.

**IT IS SO ORDERED**.

Dated: December 26, 2014

_____
JAMES DONATO
United States District Judge