COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY  (*pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:    (720) 566-4000
Facsimile:    (720) 566-4099

Attorneys for Plaintiff OPEN TEXT S.A.

John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
Adaline J. Hilgard (SBN 173213)
Email: ahilgard@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants BOX, INC. and
CARAHSOFT TECHNOLOGY
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>BOX, INC. and CARAHSOFT<br>TECHNOLOGY CORPORATION,<br><br>Defendants. | Case No. C 13-04910 JD<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Date:    January 21, 2014<br>Time:    3:00 p.m.<br>Place:    Courtroom 11, 19TH Floor<br>Judge:    Hon. James Donato |

1   Pursuant to the Standing Order for Civil Trials Before Judge James Donato, the parties

2   submit the following Joint Pretrial Statement and Order.

3   **I.      SUBSTANCE OF THE ACTION**

4       **A.      Open Text's Statement Regarding Substance of the Claims**

5       Open Text filed this action for patent infringement against Defendants Box, Inc. and

6   Carahsoft Technology Corporation.  This Court has subject matter jurisdiction over this action

7   pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 1 et seq.  Open Text alleges that

8   Defendants directly and/or indirectly infringe the following claims (the "Asserted Claims") of the

9   following eight (8) patents (the "Patents-in-Suit"): (1) U.S. Patent No. 6,223,177, Claims 5, 7, 11;

10  (2) U.S. Patent No. 6,917,962, Claims 6, 15; (3) U.S. Patent No. 7,287,055, Claim 22; (4) U.S.

11  Patent No. 7,299,258, Claim 27; (5) U.S. Patent No. 7,320,018, Claim 5 (collectively "Groupware

12  patents"); (6) U.S. Patent No. 7,062,515, Claims 10, 15, 27; (7) U.S. Patent No. 8,117,152,

13  Claims 2, 11, 15; and (8) U.S. Patent No. 7,590,665, Claim 4 (collectively "File Sync patents").

14      Open Text alleges that Defendants infringe the Patents-in-Suit by offering Box's

15  collaboration, editing and synchronization, and document management products, services, and

16  features.  Specifically, each of Box's product and service offerings, by virtue of the setup process

17  and system structure, infringes all asserted claims of the '177, '962, '055, and '258 patents, while

18  Box's Enterprise and Elite products and services also infringe the Asserted Claim of the '018

19  patent.  And Box's editing and synchronization features—Box Edit and Box's Android mobile

20  application—infringe the File Sync Patents.  Box Edit infringes all asserted claims of the File

21  Sync Patents while Box's Android application infringes a subset of the File Sync Patents.  Open

22  Text maintains that the Patents-in-Suit are valid and contends that Defendants' invalidity theories

23  are limited based on their Court-ordered disclosures beyond what Defendants imply below.

24      Open Text seeks an injunction against Defendants' infringement and damages for past

25  infringement, plus an accounting for past damages through judgment, pre- and post- judgment

26  interest, enhanced damages for post-suit willful infringement, a finding of exceptional case, and

27  fees and costs.  Open Text denies that Defendants are entitled to any relief that they seek, and

28  denies that Defendants' remaining affirmative defenses have merit.  Open Text disputes that

1    Defendants' new, undisclosed 35 U.S.C. § 112 theory for the File Sync patents is properly part of

2    the case and will be raising the issue with the Court.  Open Text further denies that Defendants'

3    new obviousness-type double patenting defense is part of this case.

### B.    Defendants' Statement Regarding Substance of the Defenses

5         Defendants deny that they infringe any Asserted Claim either directly, indirectly, or

6    willfully, and contend that all such claims are invalid under the prior art and for failure to meet

7    the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.  The asserted File Sync Patent claims

8    are anticipated by and/or rendered obvious by one or more of the prior art items identified in

9    Defendants' Narrowed Election of Asserted Prior Art Pursuant to the Court's September 22, 2014

10   Case Management Order dated October 6, 2014, as modified by the Court's November 4, 2014

11   Order (Dkt. No. 273), as further set forth in the operative Invalidity Contentions and the

12   October 23, 2014 expert report of Srinivasan Jagannathan, alone or in combination with other

13   identified prior art items, and/or with the knowledge of one of ordinary skill in the art.  The prior

14   art items include:  (1) CODA v. 5.3.10, Braam, "The Coda Distributed File System," and "Coda

15   File System User and System Administrators Manual"; (2) Magellan Explorer version 2.0c;

16   (3) TreeComp v. 3.6; (4) U.S. Patent No. 6,119,151; and (5) WS_FTP Pro User's Guide, v. 5.

17   The asserted '515 patent claims are also anticipated by and/or rendered obvious by (6) Xerox

18   Docushare 2.2.  The asserted '665 and '152 patent claims are also anticipated by and/or rendered

19   obvious by (6) FTP Voyager v. 7.0.0.0.

20        The Groupware Patent claims are anticipated by and/or rendered obvious by one or more

21   of the prior art items identified in Defendants' Narrowed Election of Asserted Prior Art Pursuant

22   to the Court's September 22, 2014 Case Management Order dated October 6, 2014, as modified

23   by the Court's November 4, 2014 Order (Dkt. No. 273), as modified by the Court's November 4,

24   2014 Order (Dkt. No. 273), as further set forth in the operative Invalidity Contentions and the

25   October 23, 2014 expert report of Colin White, alone or in combination with other identified prior

26   art items, and/or with the knowledge of one of ordinary skill in the art.  The prior art items

27   include:  (1) BSCW Release 2.1 software, Sept. 25, 1996, BSCW User Manual for Version 2.0, ©

28   June 1996, last updated September 9, 1996; Appelt, The BSCW System: A WWW-based

1    Application to Support Cooperation of Distributed Groups; (2) Radnet WebShare Server Release

2    1.0, supporting references describing the functionality and architecture of Radnet WebShare

3    Server Release 1.0: software and integrated help documentation; (3) CREW Version 1.0, CREW

4    GROUPWARE SERVER, Administration and Maintenance Guide; CREW GROUPWARE

5    SERVER, Quick Start Guide; (4) Lotus Notes 4.5.2, Intranets vs. Lotus Notes, Joseph T. Sinclair

6    and David Hale, AP Professional, Running a Perfect Intranet, Rick Casselberry; (5) Collabra

7    Share Server Version 2.01, Collabra Share Client/Server Edition Version 2.2, Special Edition

8    Using Collabra Share 2, Alastair Dallas, Que Corp.; and (6) Livelink Intranet V 7.0.

9       Defendants contend that all Groupware Patent claims are invalid under 35 U.S.C. § 101;

10    claim 5 of the '018 patent is invalid for obviousness-type double patenting; and claims 6 and 15

11    of the '962 patent and the asserted File Sync Patent claims are invalid for failing to meet the

12    enablement requirements of 35 U.S.C. § 112.

13       Defendants deny that Open Text is entitled to any relief. The Court denied Open Text's

14    motion for a preliminary injunction on the Groupware and File Sync Patents on April 9, 2014,

15    finding Box raised substantial questions as to their validity. Defendants also assert other

16    affirmative defenses and seek other relief, including that: (1) pre-suit damages are barred for

17    failure to mark under 35 U.S.C. § 287; (2) damages are limited under 28 U.S.C. § 1498; (3) Open

18    Text is not entitled to enhanced damages under 35 U.S.C. § 285; and (5) this is an exceptional

19    case under 35 U.S.C. § 285 such that Defendants are entitled to their costs, expenses, and

20    reasonable attorneys' fees.

21    **II.**    **RELIEF REQUESTED**

22       Open Text seeks an order that Defendants have been, and are currently, directly infringing

23    each of the Patents-in-Suit and indirectly infringing the asserted File Sync Patent claims; a

24    determination that infringement is willful; an award of money damages for infringement through

25    the close of fact discovery, an accounting and supplemental damages for the period between the

26    close of fact discovery and entry of a final judgment; and injunctive relief. Specifically, Open

27    Text seeks the following relief: (1) a damages award for Defendants' past infringement through

28    the date of a final judgment in this action, with an accounting for damages incurred between the

close of discovery and entry of a final judgment; (2) pre- and post-judgment interest; (3) a finding of willful infringement for post-filing conduct; (4) costs and attorneys' fees and enhanced, exemplary damages, including for willful infringement and exceptional case; (5) a permanent injunction enjoining Defendants from infringing any of the Patents-in-Suit; (6) if the Court declines to enjoin Defendants from future infringement of any of the Patents-in-Suit, an award of a post-judgment royalty through the expiration of the patents, enhanced, exemplary damages, attorneys' fees, and costs for willful infringement; and (6) other and further relief as the Court deems just and appropriate, or that Open Text may be entitled to as a matter of law or equity. Open Text seeks reasonable royalty past damages for infringement of the Patents-in-Suit. Open Text seeks an accounting of damages through entry of final judgment to properly account for Defendants' infringement after end of discovery.

Defendants deny that Open Text is entitled to any relief. Defendants seek (1) judgment in their favor and that Open Text takes nothing by its Complaint; (2) a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of their costs, expenses, and reasonable attorneys' fees; and (3) any such further relief that the Court finds just and proper.

## III.   UNDISPUTED FACTS

### A.   Parties

**1.** Open Text is a Luxembourg corporation with its headquarters in Luxembourg. It is a subsidiary of Open Text Corporation, a Canadian corporation with its headquarters in Waterloo, Ontario, Canada.

**2.** Box is a Delaware corporation with its headquarters in Los Altos, California.

**3.** Carahsoft is a Maryland corporation with its headquarters in Reston, Virginia.

### B.   Complaints and Answers

**1.** Open Text filed the original Complaint in this case on June 5, 2013. Defendants filed their Answers to the original Complaint on August 1, 2013.

**2.** Open Text filed its First Amended Complaint on December 23, 2013. Defendants filed their Answer to the First Amended Complaint on January 8, 2014.

### C.      The Patents

**1.**      U.S. Patent Nos. 7,062,515, 7,590,665, and 8,117,152 issued on June 13, 2006, September 15, 2009, and February 14, 2012, respectively, and claim priority to an application dated December 28, 2001.  David Thomas and Scott Wells are the named inventors on these patents.

**2.**      U.S. Patent Nos. 6,223,177, 6,917,962, 7,287,055, 7,299,258, and 7,320,018 issued on April 24, 2001, July 12, 2005, October 23, 2007, November 20, 2007, and January 15, 2008, respectively, and claim priority to an application dated October 22, 1997.  Gerald William Smith, Charles Edward Tatham, and Randall Nelson Remme are the named inventors on the '177, '962, '055, 258, and '018 patents.  The '962 patent also names Michael J. Cannata, Richard Lee, Matthew Powell, and Ryan Ramasra as inventors.

**3.**      Open Text is the owner by assignment of all rights, title, and interest in the '515, '665, '152, '177, '962, '055, '258, and '018 patents.

### D.      Accused Services and Features

**1.**      Open Text accuses of infringement the following products, services, and features: Box Personal, Box Starter, Box Business, Box Enterprise, the Elite Plan, Box Edit, and the Box Android mobile application.

**2.**      Box's Android application version 3.0 was released on or about May 20, 2014.

### E.      Alfresco Settlement and IBM Licenses

**1.**      Open Text filed suit against Alfresco Software on June 5, 2013, alleging infringement of a subset of the Patents-in-Suit.  The lawsuit between Open Text and Alfresco Software settled.

**2.**      Open Text has a cross-license with IBM, which was negotiated in 2007.

## IV.      DISPUTED FACTUAL ISSUES

**1.**      Whether Defendants directly and literally infringe any Asserted Claim.

**2.**      Whether Defendants contributorily infringe any Asserted Claim of the File Sync Patents.

**3.**      Whether Defendants induced infringement of any Asserted Claim of the File Sync

Patents.

4.      Whether Defendants have willfully infringed any Asserted Claims of the Patents-in-Suit since this suit was filed in June 2013.

5.      Whether any of the Asserted Claims of the Patents-in-Suit is anticipated in light of prior art referenced in Section I.B, *supra*.

6.      Whether any of the Asserted Claims of the Patents-in-Suit is obvious in light of selected prior art, including:

      a.      The scope and content of the prior art.

      b.      The differences, if any, between the claimed invention and the prior art.

      c.      The level of ordinary skill of a person of ordinary skill in the art at the time of the invention.

      d.      Whether any secondary considerations provide evidence of obviousness or non-obviousness.

7.      Whether the Asserted References constitute prior art.

8.      Whether Open Text and its predecessor(s) complied with the requirements of 35 U.S.C. § 287 and whether Open Text is barred from seeking damages for sales of the accused products, services, and features to the government under 28 U.S.C. § 1498.

9.      Whether Open Text is entitled to damages for infringement and, if so, the amount, and whether Open Text is entitled to pre- and post- judgment interest (with any interest to be determined by the Court).

10.      Whether Open Text is entitled to enhanced damages and fees and costs under 35 U.S.C. §§ 284 and 285 and, if so, the amount.

11.      Whether Defendants are entitled to fees and costs under 35 U.S.C. § 285 and, if so, the amount.

## V.      **DISPUTED LEGAL ISSUES**

### A.      **Whether Defendants' accused products, services, and features infringe any of the Asserted Claims**

The parties dispute whether each of the Asserted Claims read on each of Defendants'

accused products, services, and features.

Open Text contends that (1) each of Box's product and service offerings infringes all asserted claims of the '177, '962, '055, and '258 Patents; (2) Box's Enterprise and Elite products and services infringe claim 5 of the '018 Patent; (3) Box Edit infringes all asserted claims of the File Sync Patents; (4) Box's editing functionality of Box's Android mobile application infringes Claim 27 of the '515 patent and Claims 2 and 15 of the '152 patent; and (5) Carahsoft infringes by offer to sell and selling the Box products, services, and features, including those with the Box Edit and Android mobile application features.  Defendants deny all claims of infringement.

**B.      Whether the Asserted Claims are valid**

The parties dispute whether each of the Asserted Claims is valid.

If not resolved in their pending summary judgment and Rule 12(c) motions, Defendants contend that (1) all Asserted Claims are anticipated by and/or rendered obvious as set forth in Section I.B, *supra*; (2) all asserted Groupware Patent claims are invalid under 35 U.S.C. § 101; (3) claim 5 of the '018 patent is invalid for obviousness-type double patenting; and (4) claims 6 and 15 of the '962 patent and the asserted File Sync Patent claims are invalid for failing to meet the enablement requirements of 35 U.S.C. § 112.

Open Text opposes and denies each of Defendants' invalidity arguments, as well as their contentions that references constitute prior art, and maintains that the Asserted Claims are valid. Open Text contends that the underlying factual issues relating to validity are to be resolved by the jury.  Open Text further denies that obviousness-type double patenting is part of this case or that the new, undisclosed 35 U.S.C. § 112 theory for the File Sync patents is part of this case.

**C.      Whether Defendants' alleged infringement was willful**

If Defendants are found to infringe, the parties dispute whether that infringement was willful.

Open Text asserts that it has established post-filing conduct sufficient to show Defendants' infringement of each of the Asserted Claims was willful.  Defendants have been aware of the Patents-in-Suit and of Open Text's allegations of infringement since at least the filing and service of the Complaint in this action in June, 2013.  Open Text provided further

explanation of its infringement allegations in infringement contentions and supplemental infringement contentions served on February 13, February 21, and August 25, 2014. Defendants have continued to make, use, sell, and offer to sell its infringing instrumentalities despite extensive knowledge of the Patents-in-Suit and their applicability to those infringing instrumentalities, and Defendants have not undertaken any effort to avoid infringement. Defendants' reliance on the preliminary injunction proceedings are subject to a motion *in limine* in this case.  Open Text is entitled to enhanced damages and fees and costs under 35 U.S.C. §§ 284 and 285.  Open Text contends that the underlying factual issues are to be resolved by the jury.

Defendants deny they are liable for post-filing willfulness for at least the following reasons: (1) they relied on the positions Box took in response to Open Text's motion for preliminary injunction, which motion was denied because Box raised substantial questions of validity; (2) Open Text failed to move for a preliminary injunction on several claims of the Patent-in-Suit; and (3) they have asserted objectively reasonable defenses.  Defendants note that Open Text is seeking only post-filing willfulness damages.  Defendants object to Open Text's suggestion—through Open Text's use of the words "at least"—that Defendants had any pre-filing awareness of the Asserted Patents or infringement allegations prior to the filing of the Complaint in June 2013.

### D.    Whether Open Text is entitled to injunctive relief

If Defendants are found to infringe, the parties dispute whether Open Text is entitled to injunctive relief.

Open Text seeks to enjoin Defendants' infringement.  Defendants are using the infringing products, services, and features to compete with Open Text services that provide the same or similar features, irreparably harming Open Text.  Open Text does not typically license to direct competitors, and the harm resulting from competitors' infringement cannot be adequately addressed through legal remedies.  And, in part because of the "stickiness" of the market, the balance of hardships weigh in Open Text's favor. While there is no public interest served by allowing Defendants to continue to infringe, the public continues to have an interest in protecting

patents.  Open Text disputes Defendants' characterization below.

Defendants deny that Open Text is entitled to injunctive relief because, even if it prevails on the merits, (a) it has not suffered nor will it suffer irreparable harm due to Defendants' conduct; (b) any harm to Open Text would be outweighed by the harm to Defendants if an injunction were entered; (c) Open Text has an adequate remedy at law; and (d) the public interest would not be served by an injunction.  Among other things, because Open Text has licensed and has persistently sought to license its competitors, including its competitor Alfresco Software, Open Text is not entitled to injunctive relief.

**E.     If the Court determines that Open Text is not entitled to injunctive relief, whether it is entitled to post-judgment royalties**

If Defendants are found to infringe but the Court declines to enjoin Defendants' infringement, the parties dispute Open Text's entitlement to, and the amount of royalties from, judgment to the expiration of the patents.

Open Text contends that if the Court does not grant an injunction or grants a limited injunction, Open Text is entitled to royalties from judgment to the expiration of the patents that take into account post-judgment evidence.  Defendants contend that if they are found to infringe, any damages award should be in the form of a single, fully paid-up lump-sum royalty, and reserve all rights with respect to any determination of post-judgment royalties.

**VI.    STIPULATIONS**

The parties stipulate as follows:

**1.**     Carahsoft and Box have dropped their Waiver and/or Laches, Unclean Hands; Lack of Standing; Failure to Comply with 35 U.S.C. §§ 111 and 116; License; and Acquiescence affirmative defenses.  Box has also dropped its Full Compensation, Patent Exhaustion,      and/or First Sale, and Double Recovery affirmative defense.

**2.**     The hypothetical negotiation date for the *Georgia-Pacific* reasonable royalty analysis is:  Groupware Patents--on or around May 2007; File Sync Patents--on or around March 2012.

**3.**     The following documents produced in this case or in Case No. 13-cv-04843-JD

1   (the "4843 case") are deemed authentic under the Federal Rules of Evidence for purposes of this

2   case:  (a) those authored and produced by parties in this case or in the 4843 case; (b) those

3   authored and produced by Open Text's affiliates and predecessors, including but not limited to

4   Open Text Corporation and Open Text, Inc; and (c) those authored by, received from, or

5   produced by TechValidate.

6   **VII.   BIFURCATION**

7   Open Text requests a bench trial on injunction (and, if an injunction is not granted, post-

8   judgment royalties) and for willful infringement, including relating to the objective prong of the

9   *Seagate* analysis and relating to enhanced damages.  Open Text proposes that, following the jury

10   trial on liability and damages, additional proceedings be calendared to address Open Text's

11   claims for the injunctive relief (and, if an injunction is not granted, post-judgment royalties) and

12   willful infringement issues that are reserved for the Court, if necessary.  Open Text proposes

13   limited discovery to address evidence arising since the close of discovery and expert report

14   exchange, followed by a bench trial.

15   Defendants reserve all rights to address the propriety of a separate willfulness trial after

16   the Court rules on Defendants' pending motions on that issue.  Defendants contend that it is

17   premature to address injunctive relief or post-judgment royalty proceedings, and reserve all rights

18   to challenge any further discovery.

19   **VIII.   SETTLEMENT**

20   The parties engaged in mediation before Mediator Anthony Piazza on May 16, 2014, and

21   a settlement conference before Magistrate Judge Spero on November 17, 2014.  Due to the

22   disparity between the parties' positions, further settlement negotiations are unlikely to be fruitful.

23   **IX.   ESTIMATE OF TRIAL LENGTH**

24   Open Text proposes that each side have 24 hours of trial time.  Defendants propose that

25   each side have 35 hours of trial time.  The parties agree that each side will be permitted 45

26   minutes for opening statements and 1 hour for closing arguments.

27

28

1    Dated:   December 31, 2014                COOLEY LLP

2
                                                 *s/ Sarah J. Guske*
3                                              Thomas J. Friel, Jr. (SBN 80065)
4                                              Sarah J. Guske (SBN 232467)

5                                              Wayne O. Stacy (*pro hac vice*)
                                               Brian J. Eutermoser (*pro hac vice*)
6                                              Britton F. Davis (*pro hac vice*)
                                               Sara J. Bradford (*pro hac vice*)
7                                              Angela L. Campbell (*pro hac vice*)
8                                              COOLEY LLP
                                               380 Interlocken Crescent, Suite 900
9                                              Broomfield, CO 80021-8032
                                               Telephone: (720) 566-4000
10                                             Facsimile: (720) 566-4099
                                               wstacy@cooley.com
11                                             sguske@cooley.com
                                               beutermoser@cooley.com
12                                             bdavis@cooley.com
                                               sbradford@cooley.com
13                                             acampbell@cooley.com

14
                                               *Attorneys for Plaintiff Open Text S.A.*
15

16
     Dated:   December 31, 2014                REED SMITH LLP
17

18                                             */s/ John P. Bovich*
                                               John P. Bovich (SBN 150688)
19                                             Email: jbovich@reedsmith.com
                                               REED SMITH LLP
20                                             101 Second Street, Suite 1800
                                               San Francisco, CA 94105-3659
21
                                               *Attorneys for Defendants Box, Inc. and*
22                                             *Carahsoft Technology Corporation*

23

24

25

26

27

28

1   Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Sarah J. Guske, attest that
2   concurrence in the filing of this document has been obtained from each of the other signatories. I
3   declare under penalty of perjury under the laws of the United States of America that the foregoing
4   is true and correct.  Executed this 31st day of December, 2014, at Broomfield, Colorado.

5

6                                    */s/ Sarah J. Guske*

7
112834148 v4
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28