COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY (*pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:    (720) 566-4000
Facsimile:    (720) 566-4099

Attorneys for Plaintiff OPEN TEXT S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION,<br><br>Defendants. | Case No. C 13-04910 JD<br><br>**OPEN TEXT S.A.'S TRIAL BRIEF**<br><br>Date:    January 21, 2014<br>Time:    3:00 p.m.<br>Place:   Courtroom 11, 19th Floor<br>Judge:   Hon. James Donato |

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | CAUSES OF ACTION | | 1 |
| | A. | Direct Infringement | 1 |
| | B. | Indirect Infringement | 1 |
| | | 1. Contributory Infringement | 1 |
| | | 2. Induced Infringement | 2 |
| | C. | Willful Infringement | 2 |
| | D. | Damages, Fees, and Costs | 3 |
| | | 1. Reasonable Royalty | 3 |
| | | 2. Prejudgment Interest | 4 |
| | | 3. Enhanced Damages | 4 |
| | | 4. Attorneys' Fees | 5 |
| | | 5. Accounting | 5 |
| | | 6. Injunctive Relief | 5 |
| II. | REMAINING DEFENSES | | 6 |
| | A. | Validity | 6 |
| | | 1. Prior Art | 6 |
| | | 2. Anticipation | 7 |
| | | 3. Obviousness | 8 |
| | | 4. Unpatentable Subject Matter | 8 |
| | | 5. Obviousness-Type Double Patenting | 9 |
| | | 6. Enablement | 9 |
| | B. | Carahsoft's Double Recovery Defense | 9 |
| | C. | 28 U.S.C | 10 |
| | D. | Defendants' Failure to Mark Defense | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
134 S. Ct. 2347 (2014) .......................................................................................................... 9

*Apple Inc. v. Samsung Electronics Co.*,
735 F.3d 1352 (Fed. Cir. 2013) ............................................................................................ 6

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964) ........................................................................................................ 2, 10

*Aspex Eyewear, Inc. v. Revolution Eyewear, Inc.*,
No. CV99–1623LGB, 2001 WL 34852696 (C.D. Cal. 2001) .............................................. 7

*Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*,
853 F.2d 1557 (Fed.Cir. 1988) ............................................................................................. 5

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
682 F.3d 1003 (Fed. Cir. 2012) ............................................................................................ 3

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
977 F.2d 1555 (Fed. Cir. 1992) ............................................................................................ 5

*Commil USA v. Cisco Sys.*,
720 F.3d 1361 (Fed. Cir. 2013) *cert. granted* 190 L. Ed. 474 (2014) .................................. 2

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) ............................................................................................ 1

*DeLorme Publ'g Co. v. BriarTek IP, Inc.*,
No. 13-CV-640, 2014 WL 6603988 (E.D. Va. Nov. 19, 2014) ........................................... 7

*Dow Chem. Co. v. Mee Indus., Inc.*,
341 F.3d 1370 (Fed. Cir. 2003) ............................................................................................ 3

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006) .............................................................................................................. 6

*Finjan, Inc. v. Secure Computing Corp.*,
626 F.3d 1197 (Fed. Cir. 2010) ............................................................................................ 5

*In re Fisher*,
427 F.2d 833 (C.C.P.A. 1970) ............................................................................................. 9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
582 F.3d 1288 (Fed.Cir.2009) ......................................................................................... 5, 8

*General Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983) ................................................................................................................ 4

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y.1970) ........................................................................................ 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S.Ct. 2060 (2011) ............................................................................................................ 2

*In re Hiok Nam Tay*,
    No. 2014-1415, 2014 U.S. App. LEXIS 19815 (Fed. Cir. Oct. 14, 2014) ............................. 8

*Invitrogen Corp. v. Clontech Labs., Inc.*,
    429 F.3d 1052 (Fed. Cir. 2005) .............................................................................................. 9

*Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*,
    392 F.3d 1317 (Fed. Cir. 2004) .............................................................................................. 8

*Johns Hopkins Univ. v. CellPro, Inc.*,
    152 F.3d 1342 (Fed. Cir. 1998) .............................................................................................. 9

*Johnston v. IVAC*,
    885 F.2d 1574 (Fed. Cir. 1989) .............................................................................................. 1

*KSR Int'l Co. v. Teleflex, Inc.*,
    550 U.S. 398 (2007) ................................................................................................................ 8

*Kyocera Wireless Corp. v. ITC*,
    545 F.3d 1340 (Fed. Cir. 2008) .............................................................................................. 7

*Larson v. United States*,
    26 Cl. Ct. 365 (Ct. Cl. 1992) ................................................................................................ 10

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) ................................................................................................................ 1

*Maxwell v. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996) ................................................................................................ 4

*Microsoft Corp. v. i4i Ltd. Partnership*,
    131 S. Ct. 2238 (2011) ............................................................................................................ 6

*Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*,
    139 F.3d 877(Fed. Cir. 1998) .................................................................................................. 6

*N. Telecom, Inc. v. Datapoint Corp.*,
    908 F.2d 931 (Fed. Cir. 1990) ................................................................................................ 1

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*,
    491 F.3d 1342 (Fed. Cir. 2007) .............................................................................................. 2

*Rite-Hite Corp. v. Kelley Co.*,
   56 F.3d 1538 (Fed.Cir.1995) (en banc) ................................................................................ 4, 5

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
   659 F. 3d 1142 (Fed. Cir. 2011) ................................................................................................ 6

*In re Seagate*,
   497 F.3d at 1371 ....................................................................................................................... 3

*Selant Sys. Int'l v. TEK Global S.R.L.*,
   2014 U.S. Dist. LEXIS 31528 (N.D. Cal. 2014) .................................................................... 10

*SRI Intern., Inc. v. Internet Sec. Sys., Inc.*,
   511 F.3d 1186 ........................................................................................................................... 7

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997) .............................................................................................. 10

*Systron-Donner Corp. v. Palomar Sci. Corp.*,
   239 F. Supp. 148 (N.D. Cal. 1965) ......................................................................................... 10

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   593 F.3d 1325 (Fed. Cir. 2010) ................................................................................................ 7

*Titan Tire Corp. v. Case New Holland, Inc.*,
   566 F.3d 1372 (Fed. Cir. 2009) ................................................................................................ 6

*Toxgon Corp. v. BNFL, Inc.*,
   312 F.3d 1379 (Fed. Cir. 2002) .............................................................................................. 10

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
   617 F.3d 1296 1305 (Fed. Cir. 2010) ....................................................................................... 8

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
   262 F. Supp. 2d 358 (D. Del. 2003) ....................................................................................... 10

*WhitServe, LLC v. Computer Packages, Inc.*,
   694 F.3d 10 (Fed. Cir. 2012) ................................................................................................ 4, 5

**Statutes**

**28 U.S.C. 1498** ............................................................................................................................ 10

28 U.S.C. § 1498(a) ..................................................................................................................... 10

35 U.S.C. § 101 ....................................................................................................................... 8, 9

35 U.S.C. § 102 ............................................................................................................................ 7

35 U.S.C. § 103 ............................................................................................................................ 8

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35 U.S.C. § 271(a) .................................................................................................................. 1

35 U.S.C. § 271(b) .............................................................................................................. 1, 2

35 U.S.C. § 271(c) .............................................................................................................. 1, 2

35 U.S.C. § 282 ...................................................................................................................... 6

35 U.S.C. § 284 .................................................................................................................. 3, 5

35 U.S.C. § 285 ...................................................................................................................... 5

35 U.S.C. § 287(a) ................................................................................................................ 10

Pursuant to the Standing Order for Civil Trials Before Judge James Donato, Open Text S.A. ("Open Text") submits the following Trial Brief.

## I. CAUSES OF ACTION

Open Text alleges that Defendants directly and indirectly infringe the following claims (the "Asserted Claims") of the following patents ("Patents-in-Suit"):

| U.S. Patent No. | Asserted Claims | Patent Family | Type of Infringement |
|---|---|---|---|
| 7,062,515 | 10, 15, 27 | File Sync | Direct and Indirect |
| 8,117,152 | 2, 11, 15 | File Sync | Direct and Indirect |
| 7,590,665 | 4 | File Sync | Direct and Indirect |
| 6,223,177 | 5, 7, 11 | Groupware | Direct |
| 6,917,962 | 6, 15 | Groupware | Direct |
| 7,287,055 | 22 | Groupware | Direct |
| 7,299,258 | 27 | Groupware | Direct |
| 7,320,018 | 5 | Groupware | Direct |

### A. Direct Infringement

Pursuant to 35 U.S.C. § 271(a), Open Text asserts direct infringement claims against Defendants for making, using, offering for sale, selling, and/or importing into the United States the accused services and features. Applying the Court's claim constructions, Open Text will show each and every limitation of the Asserted Claims are present in the accused services and features—a question of fact—by a preponderance of the evidence. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 385 (1996); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005); *Johnston v. IVAC*, 885 F.2d 1574, 1577 (Fed. Cir. 1989). Additional elements do not avoid infringement if the device includes all the claimed limitations. *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990).

### B. Indirect Infringement

Pursuant to 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c), Open Text asserts indirect infringement claims against Defendants for offering for sale, selling, and/or importing Box Edit within the United States, and for its actively inducing customers or suppliers to use, offer to sell, sell, and import into the United States Box Edit and Box for Android.

#### 1. Contributory Infringement

The Defendants contributorily infringe the Patents-in-Suit under § 271(c) by providing

Box Edit, which is known to be intended for infringing the File Sync asserted claims and is useful only for infringement. *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1358 (Fed. Cir. 2007). Defendants' customers, users, and resellers are direct infringers. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 482-83 (1964). Further, (1) Defendants supplied an important component for infringement—Box Edit, itself; (2) Box Edit is not a common component suitable for non-infringing use; and (3) Defendants supplied Box Edit with the knowledge of the File Sync Patents and knowledge that Box Edit was especially made or adapted for use in an infringing manner. *See id.,* at 487-88.

### 2. Induced Infringement

Defendants are liable for inducing the direct infringement of the File Sync asserted claims by their customers, users, and resellers under § 271(b) for the Box Edit and Box Android Application editing features. The evidence further demonstrates that Defendants:

1. have intentionally taken action that actually induced direct infringement;
2. have been aware of the File Sync Patents; and
3. have known or should have known that the acts they were causing would infringe the patents. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2065-68 (2011). Open Text can also show the requisite knowledge using the doctrine of willful blindness by showing (1) Defendants subjectively believe that there is a high probability that the induced acts were infringing and (2) Defendants took deliberate actions to avoid learning of that fact. *Id.* at 2070.

The Supreme Court recently granted certiorari of a 2013 Federal Circuit decision regarding defenses to induced infringement. *See Commil USA v. Cisco Sys.*, 720 F.3d 1361 (Fed. Cir. 2013) *cert. granted* 190 L. Ed. 474 (2014) (reviewing whether a defendant's belief that a patent is invalid is a proper defense).

### C. Willful Infringement

Open Text asserts that Defendants have and continue to willfully infringe each of the Asserted Claims since being served with the Complaint in this case. The clear and convincing evidence demonstrates (1) that Defendants "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) that this objectively defined risk "was

either known or so obvious that it should have been known to the accused infringer." *In re Seagate*, 497 F.3d at 1371. The first prong of this test is an objective determination of recklessness, and, while predicated on underlying mixed questions of law and fact, is ultimately decided by the judge as a question of law. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012). In considering the objective prong, the jury may determine any underlying facts, but the ultimate legal question of whether there was a high likelihood of infringement of a valid patent must be decided by the Court. *Id.* at 1008. The second prong of the test is subjective and should be decided by the jury. *Id.*

Here, there is no dispute that Defendants knew of the patents and the infringing activity and continued with their infringing behavior. Thus, the only issues are (1) whether Defendants' reliance on their invalidity defense was reasonable and (2) whether Defendants' knew or should have known its reliance on the defense was unreasonable. The evidence will show that Defendants were unreasonable and knew or should have known so. Defendants have not even demonstrated that the references that are the bases for their defense qualified as prior art, let alone that the references invalidate the claims.[1]

### D. Damages, Fees, and Costs

#### 1. Reasonable Royalty

Should Open Text prevail in showing Defendants infringe its valid patents, Open Text is entitled to past damages of at least a reasonable royalty, plus an accounting for past damages accrued for infringement post-dating Defendants' production through judgment. *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003). Damages in patent infringement cases are governed by 35 U.S.C. § 284, which states:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs fixed by the court.

---

[1] Defendants have indicated an intent to rely on the preliminary injunction proceedings to defend against willfulness and other claims in this case. Open Text has moved *in limine* to preclude reference to the preliminary injunction proceedings during the trial as inadmissible hearsay, among other grounds. (Open Text Motion *in limine* No. 2.)

The determination of a reasonable royalty is based upon a "hypothetical negotiation, which "requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting between the patentee and the infringer at the time infringement began." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed.Cir.1995) (en banc). The damages analysis should "make whole" Open Text for damages suffered due to Defendants' infringement. To determine Open Text's compensation for Defendants' infringement, the fact finder may consider additional factors, including opinion testimony of qualified experts, the relationship of the parties, and other factors that might warrant higher damages. *Maxwell v. Baker, Inc.*, 86 F.3d 1098, 1109-10 (Fed. Cir. 1996). A comprehensive list of factors relevant to determining a reasonable royalty in a hypothetical negotiation is set forth in the leading decision of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y.1970).

The royalty calculation for past damages[2] involves two determinations: (1) a "royalty base" representing the revenue generated by Defendants' alleged infringement, and (2) the "royalty rate" representing the percentage of that revenue owed to Open Text. *See, e.g.*, *WhitServe, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 27-28 (Fed. Cir. 2012).

### 2. Prejudgment Interest

Open Text requests prejudgment interest for Defendants' damages. Prejudgment interest must be awarded in patent cases absent some substantial justification for withholding it. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). An award of prejudgment interest is necessary to ensure that Open Text is placed in as good a position as he would have been had Defendants entered into a reasonable royalty agreement. *Id.* at 655. The rate at which prejudgment interest is to be assessed is within the discretion of the Court. *Id.* at 656-57. "It has been recognized that an award of compound rather than simple interest assures that the patent owner is fully compensated." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995).

### 3. Enhanced Damages

---

[2] As discussed in greater detail in Open Text's Motion *in limine* No. 4, Defendants' proposed lump sum damages award that would include future damages is an improper attempt to have the jury decide an equitable issue and to deprive Open Text of its requested injunctive relief.

Open Text asks for treble damages to compensate it for Defendants' post-filing willful infringement. The decision to award enhanced damages for willful infringement is within the discretion of the Court. *Brooktree Corp. v. Advanced Micro Devices, Inc*., 977 F.2d 1555, 1581 (Fed. Cir. 1992). As described above, Defendants are guilty of conduct on which increased damages may be based. *WhitServe*, 694 F.3d at 37 (Fed. Cir. 2012). An act of willful infringement satisfies th[e] culpability requirement and is, without doubt, sufficient to meet the first requirement to increase a compensatory damages award. *Id.* Once Open Text establishes such conduct, the Court should exercise its discretion and determine whether and to what extent to increase the damages award, given the totality of the circumstances. *Id.* Courts are permitted to treble damages under 35 U.S.C. § 284, which is justified in this case.

### 4. Attorneys' Fees

Open Text also requests attorneys' fees at least as a result of Defendants' willful infringement. It is within the Court's discretion whether to award attorney fees under 35 U.S.C. § 285 based on finding willful infringement. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1567 (Fed.Cir. 1988). Although an attorney fee award is not mandatory, there must be sufficient justification for denying Open Text attorney fees for Defendants willful infringement. *WhitServe,* 694 F.3d at 37.

### 5. Accounting

Open Text asks for an accounting of Defendants' damages from October 31, 2014, when fact discovery and expert reports were completed, through the entry of final judgment. District courts have discretion to award damages for periods of infringement not considered by the jury. *WhitServe*, 694 F.3d at 38. Section 284 requires courts to assess damages not found by the jury. 35 U.S.C. § 284; *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212-13 (Fed. Cir. 2010) (trial court erred when it did not award damages for the time between entry of judgment and entry of an injunction because otherwise the patentee would not be fully compensated); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed.Cir.2009).

### 6. Injunctive Relief

Open Text seeks to enjoin Defendants from future infringement. An injunction is proper

because: (1) Open Text has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate Open Text for that injury; (3) considering the balance of hardships between the Open Text and Defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved by an injunction. *eBay Inc. v. MercExchange, LLC* 547 U.S. 388, 391 (2006). The issues associated with injunctive relief are equitable issues to be decided by the judge rather than the jury. *See id.* at 394. Open Text will establish each of these factors through witness testimony and evidence.

Open Text will establish a causal nexus between Defendants' infringement and the irreparable harm that infringement caused. *Apple Inc. v. Samsung Electronics Co.* 735 F.3d 1352, 1360-61 (Fed. Cir. 2013). The patented features drive consumer demand for the accused product. Further, Open Text is not required to show that the feature is the only reason for customer demand. *Id.* at 1364. Here, the evidence demonstrates that traditional remedies, such as monetary damages, are inadequate to compensate it for the irreparable harm it has suffered. *See eBay*, 547 U.S. at 391. For example, the harm suffered by Open Text by the ongoing infringement of a competitor is not adequately compensated by money damages. And, although it does not end the analysis, a Defendants' inability to pay a judgment or unlikeliness to stop infringing can demonstrate the inadequacy of damages. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F. 3d 1142, 1155-56 (Fed. Cir. 2011).

## II. <u>REMAINING DEFENSES</u>

### A. Validity

Open Text opposes each of Defendants' invalidity arguments and maintains that the Patents-in-Suit are valid. A patent is presumed to be valid. 35 U.S.C. § 282. Defendants bear the burden of proving invalidity, and they must prove each invalidity defense by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011); *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 881(Fed. Cir. 1998); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009)..

#### 1. Prior Art

Defendants must first demonstrate that each reference is prior art under 35 U.S.C. § 102.

*See SRI Intern., Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192-98; *see also DeLorme Publ'g Co. v. BriarTek IP, Inc.*, No. 13-CV-640, 2014 WL 6603988, at *4 (E.D. Va. Nov. 19, 2014); (Dkt. Nos. 308, 383, 355 at 2-7, 19-22.)

Under §102(a), Defendants must show the invention was "known or used by others in this country, or patented or described in a printed publication," prior to its invention by the named inventor. Establishing an invention was "known or used by others in this country" requires Defendants to prove that a complete and adequate description of the prior art system was publicly accessible in the United States to one of ordinary skill in the art. *Aspex Eyewear, Inc. v. Revolution Eyewear, Inc.*, No. CV99–1623LGB, 2001 WL 34852696, *8 (C.D. Cal. 2001). Public accessibility requires more than the mere existence of software on a website. *See SRI Int'l, Inc. v. Internet Sec. Sys.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008). For prior art to anticipate because it is 'known,' under § 102(a) the knowledge must be publicly accessible." *Chemque*, 303 F.3d at 1306. Additionally, the disclosure must enable one with ordinary skill in the art to "make or carry out the claimed invention without undue experimentation." *Id.* (citations omitted). The "use must be accessible to the public," and there must be "direct evidence" or "substantial evidence to overcome the presumption of validity and support a jury finding of use." *Id*. at 1307 (citations omitted). While "'public use' for purposes of § 102(b) is defined differently from 'use' for purposes of § 102(a), both require actual use by someone at some point." *Id.* at 1307.

### 2. Anticipation

For anticipation, if Defendants establish a reference is prior art under §102(a) or (b), they then must show "each claim element must be disclosed, either expressly or inherently, in a single prior art reference, and the claimed arrangement or combination of those elements must also be disclosed, either expressly or inherently, in that same prior art reference." *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1332-33 (Fed. Cir. 2010). Except in very rare circumstances, a combination of multiple sources does not constitute a single § 102 prior art reference. *See* M.P.E.P. § 2131.01 (Pre-AIA); *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1351-52 (Fed. Cir. 2008). Evaluation of anticipation is a two-step analysis: first, the claim must be construed, a question of law; second, the claim is compared to the prior art, a question of fact.

*In re Hiok Nam Tay*, No. 2014-1415, 2014 U.S. App. LEXIS 19815, at *3 (Fed. Cir. Oct. 14, 2014).

### 3. Obviousness

For obviousness, if Defendants prove that the references are prior art, the Defendants must then show "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Obviousness is a question of law based on underlying questions of fact; the Court, not the jury, should make the legal conclusion on the obviousness question based on underlying factual determinations made by the jury. *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007). When determining the question of obviousness, the Court should consider (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) the objective evidence of nonobviousness. *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1320 (Fed. Cir. 2004) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

The presumption of validity cannot be overcome without offering evidentiary support beyond an expert's conclusory opinion. *KSR*, 550 U.S. at 418. "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *Id.* Instead, where an invention is attacked on the basis that it combines known elements from the prior art, it is "important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *Id.*; *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1300 (Fed. Cir. 2009). Secondary considerations of non-obviousness are an important factual question that the court "must always consider." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 1305 (Fed. Cir. 2010).

### 4. Unpatentable Subject Matter

Defendants contend that the Groupware Asserted Claims are unpatentable under 35 U.S.C. § 101. To be unpatentable, Defendants must show that the Asserted Claims are outside of the four broad categories of patentable inventions: processes, machines, manufactures, and

1  compositions of matter. 35 U.S.C. § 101. Defendants must first show that the Asserted Claims are
2  "directed to one of those patent-ineligible concepts"—a law of nature, physical phenomenon, or
3  abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). Defendants
4  must also prove that there is no "inventive concept" that "ensure[s] that the patent in practice
5  amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 134 S. Ct.
6  at 2355. As set forth in Open Text's Opposition to Defendants' motion on the subject, Defendants
7  fail on both grounds. *See id*; (Dkt. No. 343.) As such, the Asserted Claims meet the requirements
8  of § 101. *Alice*, 134 S. Ct. at 2355.

### 5. Obviousness-Type Double Patenting

Defendants have sought leave to add this defense to the case (Dkt. No. 274), but their motion has not been granted. If granted, Open Text will address the new defense at that time.

### 6. Enablement

Defendants allege that the asserted claims of the '962 patent are not properly enabled.[3] But, the specification enables any mode of making and using the invention. *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1361 (Fed. Cir. 1998). "The scope of patent claims must be less than or equal to the scope of the enablement. The scope of enablement, in turn, is that which is disclosed in the specification plus the scope of what would be known to one of ordinary skill in the art without undue experimentation." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1070-71 (Fed. Cir. 2005) (citations omitted). As long as the specification of the Patents-in-Suit discloses at least one method for making and using the claimed invention that bears a reasonable correlation to the entire scope of the claim, the enablement requirement is satisfied. *In re Fisher*, 427 F.2d 833, 839 (C.C.P.A. 1970).

## B. Carahsoft's Double Recovery Defense

To establish double recovery, Defendants must first prove that Open Text "has collected from or on behalf of a direct infringer damages sufficient to put him in the position he would have occupied had there been no infringement." *Aro Mfg Co. v. Convertible top Replacement Co.*, 377

---

[3] Defendants have recently indicated an intention to pursue an undisclosed lack of enablement claim against the File Sync Asserted Claims, which will be addressed in forthcoming briefing.

U.S. 476, 512 (1964). Only then is Open Text barred from further collecting additional damages. *Id.* This rule is inapplicable, however, until Open Text has been fully compensated for Defendants' patent infringement. *See id.* Carahsoft therefore seeks an advisory ruling.

### C. 28 U.S.C. 1498 Immunity Defense

Defendants bear the burden of proof on each and every element of its governmental immunity defense under 28 U.S.C. § 1498(a). *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002). Defendants assert this defense only with respect to the infringing products that were "used" "by the United States." 28 U.S.C. § 1498(a). Establishing the infringing product was used by the United States requires Defendants to show, at the time of the sale, the end use was understood to be by the United States government. *Systron-Donner Corp. v. Palomar Sci. Corp.*, 239 F. Supp. 148, 149-50 (N.D. Cal. 1965). Defendants must establish the government intended to waive its sovereign immunity and assume liability for patent infringement. *Larson v. United States*, 26 Cl. Ct. 365, 369-370 (Ct. Cl. 1992). Open Text has sought summary judgment to dispose of this defense. (Dkt. No. 297, 367.)

### D. Defendants' Failure to Mark Defense

In order to establish the defense of failure to mark and to limit damages to infringement that post-dated actual or constructive notice, Defendants must show that the patent owner failed to mark the patented articles offered for sale, sold, or imported into the United States before the date it was put on notice. *Selant Sys. Int'l v. TEK Global S.R.L.*, 2014 U.S. Dist. LEXIS 31528, at *109 (N.D. Cal. 2014). A finding of failure to mark requires that (1) the patentee or a licensee had a patented article in commerce that practiced the patents and (2) if so, the patentee or licensee failed to mark that product. 35 U.S.C. § 287(a); *see SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 262 F. Supp. 2d 358, 362 (D. Del. 2003). Here, the evidence shows that Open Text did mark. Moreover, Defendants have adduced no evidence that there were additional products that required marking that were not marked. (Dkt. No. 355 at 39-40.)

| | | |
|---|---|---|
| 1 | Dated: December 31, 2014 | COOLEY LLP |
| 2 | | |
| 3 | | *s/ Sarah J. Guske* |
| 4 | | Thomas J. Friel, Jr. (SBN 80065)<br>Sarah J. Guske (SBN 232467) |
| 5 | | |
| 6 | | Wayne O. Stacy *(pro hac vice)*<br>Brian J. Eutermoser *(pro hac vice)* |
| 7 | | Britton F. Davis *(pro hac vice)*<br>Sara J. Bradford *(pro hac vice)* |
| 8 | | Angela L. Campbell *(pro hac vice)*<br>COOLEY LLP |
| 9 | | 380 Interlocken Crescent, Suite 900<br>Broomfield, CO 80021-8032 |
| 10 | | Telephone: (720) 566-4000<br>Facsimile: (720) 566-4099 |
| 11 | | wstacy@cooley.com<br>sguske@cooley.com |
| 12 | | beutermoser@cooley.com |
| 13 | | bdavis@cooley.com<br>sbradford@cooley.com |
| 14 | | acampbell@cooley.com |
| 15 | | *Attorneys for Plaintiff Open Text S.A.* |

111901576 v6