1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

OPEN TEXT S.A.,

Plaintiff,

Case No.  13-cv-04910-JD

8

v.

**PRETRIAL CONFERENCE ORDER**

9

10

BOX, INC., et al.,

Defendants.

11

12

13

As discussed at the pretrial conference on January 21, 2015, a jury trial of this matter is set

14

for February 2, 2015, and will be conducted under these procedures:

15

    1.  **Bifurcation of willfulness.**  Pursuant to Rule 42(b), the Court bifurcates

16

willfulness from the other issues to be tried in this case.  If the jury finds

17

infringement of a valid patent, willfulness will be tried to the same jury

18

immediately after the verdict is returned.  During the willfulness phase, the jury

19

will consider both the subjective prong of willfulness and any factual disputes

20

underlying the objective prong.  The parties will meet and confer and submit, by

21

**January 26, 2015**, a list of proposed special interrogatories to be submitted to the

22

jury to elicit their findings on any factual disputes underlying the objective prong.

23

    2.  **Time limits.**  Each side will have 12 hours to present their case, exclusive of

24

opening statements, closing arguments, and the willfulness phase.  The 12 hours

25

includes all witness examination time, whether direct or cross, and whether the

26

witness is live or presented by recording.  The parties will strictly conform to the

27

timekeeping procedures stated in the Court's standing order on civil trials.  Each

28

side may use up to 40 minutes for opening statements, and up to 1 hour for closing

United States District Court
Northern District of California

United States District Court
Northern District of California

arguments.  Trial will be held from 8:30 a.m. to 2:00 p.m. each trial day, with two 15 minute breaks.  The first day of trial may go longer to accommodate openings.  Trial will not be held on Wednesdays.  The Court has blocked out February 2nd, 3rd, 5th, 6th, 9th, 10th, and 12th for this trial.

3. **Jury selection.**  The Court uses the "strike and replace" method for jury selection, as described at the pretrial conference.  Initially, 14 jurors will be seated in the jury box.  The Court will conduct the voir dire using its own questions and questions proposed by the parties.  Each side will have three peremptory challenges in total.  Any prospective juror not excused after the initial voir dire will be deemed a member of the jury and may not be subsequently challenged by peremptory or otherwise.  The voir dire process will repeat with any replacements until eight jurors are seated.  The final voir dire questions will be posted on January 23, 2015.

4. **FJC video.**  The parties agreed that prior to opening statements, the jury will view the FJC's video, "The Patent Process: An Overview for Jurors," available at http://youtu.be/ax7QHQTbKQE.  The parties will be responsible for providing and playing the video on February 2, 2015, and providing the jurors with copies of the accompanying sample patent, available at http://www.fjc.gov/public/pdf.nsf/lookup/PatentSystemSample2.pdf/$file/PatentSystemSample2.pdf.

5. **Jury notebooks.**  The parties will prepare jury notebooks and lodge 12 copies -- eight for the jurors and four for the Court -- on **January 30, 2015**.  The notebooks should be in the form of binders that have a plastic cover sleeve that will accommodate a caption page, and must include these materials:

   a. Lists of witnesses, attorneys, and trial dates and times.

   b. A stipulated glossary of terms.

   c. Copies of the patents-in-suit.

   d. A chart, with one claim per page, containing the asserted claims with the construed terms highlighted in the left column, and the Court's

2

constructions of the highlighted terms in the right column. If a dependent claim is asserted, it can be combined on the chart with the independent claim and any other dependent claims that it depends from.

   e. A tab for witness photos. The parties will take a photo of each witness outside the courtroom immediately before the witness testifies and shall provide the Courtroom Deputy with 12 three-hole punched letter-sized copies of each photo. The Courtroom Deputy will distribute the photos. The witness must appear the same in the photo as he or she will appear on the witness stand (e.g., same clothing, hairstyle, eyewear).

   f. 50 pages of blank lined paper for notes.

The parties are free to suggest to the Court other materials for inclusion in the binders.

6. **Witnesses excluded from Court.** No fact witness may be in court to view the proceedings until the Court rules that the witness's testimony is complete. The sole exception is that each party may have one party representative present at counsel's table throughout the trial. Expert witnesses may be in court at any time.

7. **Objections.** Immediately after the daily witness designations under the Court's standing order on civil trials, the parties must meet and confer to resolve any objections to the witness, exhibits, and demonstratives. If the parties for some reason cannot work out the issues, they may file a *joint* objection and response by 8 a.m. the day before the witness is to testify or the exhibit or demonstrative is to be used. The objections and responses are limited to 3 pages each, and the joint submission may not exceed 6 pages. The parties are limited to one joint submission per day, and the Court does not expect to see a submission each and every trial day. No declarations or other materials outside the joint submission are permitted other than a copy of the disputed exhibit. The parties should resolve any issues about opening statement demonstratives before February 2, 2015.

United States District Court
Northern District of California

United States District Court
Northern District of California

8. **Limitation of claims.** The Court has advised the parties to meet and confer with the goal of narrowing the case to 4 total asserted claims and 12 prior art references. The parties are to file a joint statement regarding the outcome of their meeting by **January 23, 2015**.

9. **Injunctive relief.** To the extent injunctive relief is not foreclosed by the jury's verdict or the Court's other rulings, the Court will schedule a separate proceeding to consider whether Open Text should be granted an injunction.

10. **Jury instructions.** The parties are to revise the proposed jury instructions in light of the Court's order invalidating the Groupware patents. The parties should also revise the proposed instructions to use this district's Model Patent Jury Instructions to the fullest possible extent and without substantive edits or modifications. The model instructions are comprehensive and up to date, and should be adequate for all of the issues in this case. If a party believes in good faith that a material issue does not have a usable instruction in the model instructions, it may propose one. The Court expects to see few, if any, freelance instructions in the revised joint submission. The revised proposed instructions are due by **January 26, 2015**.

11. **Verdict form.** The Court will issue a final verdict form after the revised proposed jury instructions are filed.

12. **Additional claim construction issues.** The parties will meet and confer to resolve any disputes over claim construction that have arisen. If the parties cannot reach agreement, they must file a joint statement setting forth the remaining disputed claim terms by **January 23, 2015**, with arguments not to exceed two double-spaced pages per side.

13. **Jury questions.**  The Court will allow the jurors to ask questions during the trial. Questions will be written down and submitted to the Court.  Before the witness is excused, the Court will read the proposed questions to the parties outside the presence of the jury, hear and rule on any objections, and then call the jury back in and read the questions to the witness.

**IT IS SO ORDERED**.

Dated: January 22, 2015

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California