UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

            Plaintiff,

    v.

BOX, INC., et al.,

            Defendants.

Case No.  13-cv-04910-JD

**ORDER RE MOTIONS IN LIMINE**

This order rules on the parties' motions in limine.  *See* Dkt. Nos. 397, 392, 393, 394, 413, 414, 419, 396, 398, 415, 397, 399, 401, 402, 404, 406, 405.  As a shorthand, the Court refers to the defendants collectively as "Box."

# I.  BOX'S MOTIONS IN LIMINE

### A.  Motion in Limine No. 1:  Expert Testimony Not Disclosed in Reports

**Denied** as moot with respect to Krista Holt's opinions in light of the Court's order excluding the opinions of Ms. Holt.  *See* Dkt. No. 464.  If Open Text submits a proffer as outlined in that order, and the proffer includes an issue raised in this motion in limine, Box may renew the objection.  **Granted** with respect to expert opinions regarding Open Text Core.  **Denied** as moot with respect to the source code opinions and opinions regarding the similarity of Livelink 9.5 with Livelink 7.0.  *See* Dkt. No. 454.

### B.  Motion in Limine No. 2:  Expert Testimony on Date of Knowledge of Patents-in-Suit

**Granted**.  Expert witnesses cannot simply vouch for one side's version of the facts.  The parties' experts are precluded from testifying about when defendants were appraised of the patents-in-suit.  They also may not opine on the ultimate question of intent for purposes of induced

infringement.  However, parties' experts are not precluded from offering evidence and testimony about facts and evidence relevant to defendants' intent to infringe, or lack thereof, including evidence and testimony about defendants' belief in the validity of the patents-in-suit and the reasonableness of defendants' belief.

### C.  Motion in Limine No. 3:  Evidence of Box's Own Patents

**Granted**.  The probative value of Box's patents and patent applications is slight and substantially outweighed by the likelihood of confusing the issues, misleading the jury, and wasting time.  *See* Fed. R. Evid. 403.

### D.  Motion in Limine No. 4:  Evidence of Box's Employees' Ability to Search for Patents-in-Suit

**Denied**.  This testimony is relevant because it may show: (1) defendants knew or should have known of Open Text's patents and intended to cause infringement; (2) Box's employees lacked knowledge of non-infringing alternatives; (3) whether Box knew or should have known about the risk that it was infringing a valid patent post-suit.  Although Box's employees' ability to search for the patents-in-suit is not particularly strong evidence, Box has not demonstrated that relevance here is substantially outweighed by potential prejudice.

### E.  Motion in Limine No. 5:  Evidence of Box's Valuation, Equity Financing, Revenues, and Number of Free Users

**Granted in part** with respect to evidence of Box's valuation before its anticipated IPO, the value of Box's equity financing, and Box's annual revenues.

**Denied in part** with respect to evidence about the number of Box's free users

### F.  Motion in Limine No. 6:  Intangible Technology Asset Valuation

**Denied** as moot in light of the Court's order excluding the opinions of Ms. Holt.  *See* Dkt. No. 464.

### G.  Motion in Limine No. 7:  Open Text's Reasons for Settling with Alfresco and Reasons that Efforts to License the '177 Patent Failed

**Denied** as moot with respect to Ms. Holt in light of the order excluding her opinions.  *See* Dkt. No. 464.  **Denied** also with respect to testimony by Open Text witnesses.  If those witnesses have admitted in deposition that they lacked information that they now propose to testify on, their

deposition testimony can be used to impeach them at trial.

### H.  Motion in Limine No. 8:  Krista Holt's testimony that Box's discovery was deficient

**Denied** as moot in light of the Court's order excluding the opinions of Ms. Holt.  *See* Dkt. No. 464.

### I.  Motion in Limine No. 9:  Evidence and argument on the value of file sharing in general, without proving it infringes

**Denied** as moot in light of the Court's order excluding the opinions of Ms. Holt.  *See* Dkt. No. 464.

### J.  Motion in Limine No. 10:  Holt's Analysis of the Cost of Livelink

**Denied** as moot in light of the Court's order excluding the opinions of Ms. Holt and the order granting Box's motion for judgment on the pleadings.  *See* Dkt. Nos. 454, 464.

## II.  OPEN TEXT'S MOTIONS IN LIMINE

### A.  Motion in Limine No. 1:  Testimony from Ryan Knotts and Sam Ghods

**Denied** as moot.  *See* Dkt. Nos. 441 and 454.

### B.  Motion in Limine No. 2:  Court's order denying preliminary injunction

**Granted**.  However, the Court has bifurcated the trial to include a separate willfulness phase, if the jury finds that a valid patent was infringed.  If the willfulness phase takes place, the order denying a preliminary injunction will be admissible during that phase.

### C.  Motion in Limine No. 3:  Evidence or testimony regarding Alfresco's motion to dismiss based on 35 U.S.C. § 101

**Granted**.

### D.  Motion in Limine No. 4:  Evidence or argument regarding "paid-up" or "lump sum" damages through the expiration of the patent

The Court defers ruling on this motion.

### E.  Motion in Limine No. 5: Suggestions that Open Text's corporate structure is meant to operate as a "tax shelter"

**Granted**.  Box may discuss Open Text's corporate structure without using the term "tax shelter."

United States District Court
Northern District of California

**F.  Motion in Limine No. 6:  Arguments regarding the USPTO's workload**

**Granted**.  The parties are permitted to quote statements made in the Federal Judicial Center video on patents, which will be shown to the jury prior to the trial.  Box will be permitted to argue to the jury that a prior art reference was not before the USPTO.

**G.  Motion in Limine No. 7:  Allegedly irrelevant litigation settlements**

**Denied**.

**IT IS SO ORDERED**.

Dated:  January 26, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4