UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

    Plaintiff,

v.

BOX, INC., et al.,

    Defendants.

Case No. 13-cv-04910-JD

**ORDER DENYING OPEN TEXT'S MOTION IN LIMINE NO. 4**

Re: Dkt. No. 402

After deferring plaintiff Open Text's Motion in Limine No. 4 for further consideration, *see* Dkt. No. 469 at 3, the Court denies the motion.

Open Text contends that Box should be precluded from asking the jury to award damages in the form of a fully paid-up lump sum covering the life of the patents-in-suit because that outcome would preclude Open Text from seeking an injunction or post-verdict ongoing royalties. According to Open Text, this would improperly allow the jury to decide equitable issues.

Although the Court agrees that a lump-sum award might foreclose additional relief, there is no doubt that a fully paid-up lump sum is an allowable form of damages. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325-26 (Fed. Cir. 2009) (discussing the licensor and licensee's option of entering into an "upfront, paid-in-full royalty" in the hypothetical negotiation); *Regents of the Univ. of Cal. v. Monsanto Co.*, No. C 04-0634 PJH, 2005 WL 3454107, at *26 (N.D. Cal. Dec. 16, 2005) ("As a review of the case law makes clear, however, a fully paid up royalty spanning the life of the patent is an allowable form of damages."); *Personal Audio, LLC v. Apple, Inc.*, No. 9:09CV111, 2011 WL 3269330, at *4 (E.D. Tex. Jul. 29, 2011) ("Just like parties in a real-world transaction, a hypothetical licensor and licensee may agree to a

lump-sum payment or to a running royalty based on ongoing sales or usage, with each type of license having certain risks and benefits."). Open Text cites to no case law to the contrary.

The argument that this improperly hands an equitable issue to the jury is not well-taken. The determination of a reasonable royalty is a question of fact. *See Regents of the Univ. of Cal.*, 2005 WL 3454107 at *26. A challenge to a jury's royalty award must show that the award was not based on substantial evidence in the record. *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1394 (Fed. Cir. 2003) ("The amount of damages based on a reasonable royalty is an issue of fact. Thus, when we review a district court's denial of JMOL, we review a jury's damages award under the substantial evidence standard.") (citations omitted); *see also Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1562-63 (Fed. Cir. 1983) (reversing a district court's determination that a running royalty rather than a fully paid-up lump sum would be appropriate using the "clear error" standard of review associated with factfinding). Consequently, in deciding whether to award a fully paid-up royalty for the life of the patents or a running royalty short of that, the jury will decide a factual issue and not an equitable one. The possibility that the jury's decision may affect Open Text's claim for equitable or injunctive relief is no basis for taking that decision out of the jury's hands. It is a commonplace of the law that the trier of fact resolves fact disputes in the context of a legal claim, and does that before equitable claims are addressed by the court. *See Snider v. Consolidated Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992) ("When a lawsuit involves both legal and equitable claims, the legal claims must be decided by the jury before the court resolves the equitable claims. … This ordering of events … creates situations in which the judge may be bound by the jury's factual findings."). To use an example from the patent space, a jury can be asked to decide the factual issue whether the patent owner and the accused infringer entered into a license, despite the fact that finding the existence of a license would extinguish the patent owner's right to an injunction.

The parties are free to make their best case to the jury, within the bounds of admissible evidence, that a lump sum award is the correct damages outcome or that a different royalty measure is correct. The solution to Open Text's concern is not to bar Box from seeking a lawful lump sum royalty rate but to prove to the jury that the proper measure of damages in this case is a

running royalty. If Open Text is not successful, and the jury awards a fully paid-up lump sum for the life of the patents, it will be precluded from seeking injunctive relief. *See Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1565 (Fed. Cir. 1984).

**IT IS SO ORDERED**.

Dated: January 28, 2015

_____
JAMES DONATO
United States District Judge