UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOX, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04910-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT ON GOVERNMENT CONTRACTOR AND FAILURE TO STATE CLAIM DEFENSES**<br><br>Re: Dkt. No. 297 |

Plaintiff Open Text has moved for summary judgment on two affirmative defenses asserted by defendants Box and Carahsoft (hereafter referred to collectively as "Box," except where otherwise stated): (1) a government contractor defense under 28 U.S.C. § 1498(a); and (2) failure to state a claim. For the reasons stated below, the Court grants the motion in part and denies it in part.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A genuine issue exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material if it might affect the outcome of the suit such that a finding of that fact is necessary and relevant to the proceeding. *Anderson*, 477 U.S. at 248.

## DISCUSSION

### I. GOVERNMENT CONTRACTOR DEFENSE

Box contends that Open Text cannot recover for certain allegedly infringing sales because of the government contractor defense provided for in 28 U.S.C. § 1498(a). That statute provides in relevant part:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against

> the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. …
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

Congress enacted section 1498(a) in 1910 and expanded it in 1918 to meet national defense procurement needs during World War I. *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 583 F.3d 1371, 1375 (Fed. Cir. 2009). The intent was to "stimulate contractors to furnish what was needed for the war, without fear of becoming liable themselves for infringements to inventors or the owners or assignees of patents." *Id*. As the Federal Circuit has emphasized, the essential purpose of section 1498(a) is "to allow the Government to procure whatever it wished regardless of possible patent infringement." *TVI Energy Corp. v. Blane*., 806 F.2d 1057, 1060 (Fed. Cir. 1986). To that end, section 1498(a) has two consequences when it applies: "It relieves a third party from patent infringement liability, and it acts as a waiver of sovereign immunity and consent to liability by the United States." *Madey v. Duke Univ.*, 307 F.3d 1351, 1359 (Fed. Cir. 2002). It achieves that goal by insulating private non-government entities from infringement claims and transferring liability to the United States when the accused activity is conducted "for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(a).

"When raised between private parties, reliance on § 1498(a) is deemed an affirmative defense." *Advanced Software Design*, 583 F.3d at 1375. When "a manufacturer sells a product to both the government and a third party, the normal course of events is parallel patent infringement proceedings in the Court of Federal Claims for sales to the government in accordance with 28 U.S.C. § 1498 and in the district court for the nongovernmental sales." *Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580 n.1 (Fed. Cir. 1995).

Against this background, one may wonder how section 1498(a) even arguably applies here. The accused activity involves the commercial practices of Box, a publicly traded for-profit entity in the business of supplying cloud-based applications to other business and enterprises. It may be

1  hard to believe that Box does anything substantive "for the Government" and with its
2  authorization and consent, or is otherwise meaningfully involved in national procurement matters.
3  But the dispute here is significantly narrower than a blanket claim of immunity by Box.  As Box
4  indicated in the Joint Pretrial Statement and its opposition brief, it asserts section 1498(a) only as
5  an alleged basis for excluding its sales involving the federal government from the royalty base for
6  use in calculating Open Text's damages.  *See* Dkt. No. 390 at 4; Dkt. No. 349 at 6:18-7:6 & n.7.

This issue raises genuine disputes of material fact that preclude summary judgment. Courts have found that sales can be "for the Government" when the sale is to the federal government and the government uses the product.  *See Nasatka v. Delta Scientific Corp.*, No. C.A. 93-1420-A, 1994 WL 16781686, at *3 (E.D. Va. Feb. 4, 1994) (collecting cases).  In addition, authorization and consent can be either express or implied.  *TVI Energy Corp.*, 806 F.2d 1057 at 1060.  Courts have found authorization and consent to be implied "by the delivery of the allegedly infringing product to the government and acceptance and use by the government."  *Nasatka*, 1994 WL 16781686, at *3 (citing *Bereslavsky v. Esso Oil Co.*, 175 F.2d 148, 150 (4th Cir. 1989), and *Croydon Co. v. Unique Furnishings, Ltd.*, 831 F. Supp. 480, 484-85 (E.D.N.C. 1993)).  Thus, in *Finjan, Inc. v. Secure Computing Corp.*, the Federal Circuit endorsed a jury instruction stating that "sales 'to the United States government should not be included in any damages calculation you perform.'"  626 F.3d 1197, 1208 (Fed. Cir. 2010).

Here, Box and its distributor, Carahsoft, have submitted declarations attaching spreadsheets produced by defendants that purport to show sales by defendants to the government, or to contractors who purchased the product for the government.  *See* Decl. of Matthew Rattigan ¶¶ 4, 6, Dkt. No. 349-5; Decl. of Jeff Mannie ¶¶ 3, 5, 7, Dkt. No. 349-9.  The data produced by defendants was apparently sufficient for Open Text's damages expert to identify most of the sales that were to go ultimately to the government and exclude them from her damages base, though Rattigan and Mannie dispute her classification of some of the sales.  *See* Rattigan Decl. ¶¶ 5-6; Mannie Decl. ¶¶ 3-7.  That distinguishes this case from *Systron-Donner Corp. v. Palomar Scientific Corp.*, cited by Open Text, which held that defendant's sales of accused accelerometers to an intermediary, who eventually provided some of them to the government, were not made with

the authorization and consent of the government. *See* 239 F. Supp. 148, 150 (N.D. Cal. 1965). There the court emphasized that "as far as defendant was concerned, [intermediary] Micro Gee might well have used the accelerometer for a non-government use," *id.*, but here, there appears to be at least some evidence that defendants and Open Text's expert were able to identify sales that were destined for the government and actually accepted by the government -- implying authorization and consent. That is sufficient to preclude summary judgment in Open Text's favor.

Although the Court will deny summary judgment on the current record, it expects Box to adduce at trial facts sufficient to warrant exclusion of its sales involving the federal government under section 1498(a) for royalty base and damages purposes. Open Text may renew its motion if appropriate during trial.

## II. FAILURE TO STATE A CLAIM

Defendants' respective answers make the conclusory allegation that Open Text's complaint fails to state a claim upon which relief can be granted -- an obvious quotation of the motion to dismiss standard in FRCP 12(b)(6). *See* Box Answer at 18, Dkt. No. 163; Carahsoft Answer at 18, Dkt. No. 164. This purported defense is not an affirmative defense at all, but merely a statement by defendants that plaintiff's allegations are not sufficient to make out a case. Judge Koh in this district carefully analyzed this issue and concluded that the failure to state a claim allegation is not a proper affirmative defense and should be stricken from an answer. *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012); *see also Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *Aguilar v. Zep, Inc.*, 13-cv-00563-WHO, 2014 WL 4245988, at *18 (N.D. Cal. Aug. 27, 2014). This Court agrees and strikes the statement from defendants' answers.

**IT IS SO ORDERED**.

Dated: January 30, 2015

_____
JAMES DONATO
United States District Judge