UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A., <br><br> Plaintiff, <br><br> v. <br><br> BOX, INC., et al., <br><br> Defendants. | Case No. 13-cv-04910-JD <br><br> **ORDER GRANTING OPEN TEXT'S MOTION FOR SUMMARY JUDGMENT THAT TREECOMP 3.6 IS NOT PRIOR ART** <br><br> Re: Dkt. No. 308 |

In this patent infringement action, plaintiff Open Text has moved for summary judgment that two computer programs, TreeComp version 3.6 and War FTP Daemon version 1.7, are not prior art under 35 U.S.C. § 102, as claimed by defendants Box and Carahsoft (collectively "Box"). Other portions of the motion are moot in light of the Court's previous orders. The War FTP Daemon version 1.7 was not included in Box's election of prior art, so the Court treats that portion of the motion also as moot. *See* Dkt. No. 465. The Court grants the motion with respect to TreeComp version 3.6.

**LEGAL STANDARD**

Summary judgment is appropriate when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A genuine issue exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material if it might affect the outcome of the suit such that a finding of that fact is necessary and relevant to the proceeding. *Anderson*, 477 U.S. at 248.

A patent is presumed valid, and must be proved invalid by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011). A "moving party

seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). In determining whether a genuine issue of material fact exists, the court views the evidence in the light most favorable to the nonmoving party and resolves all doubts in its favor. *Anderson*, 477 U.S. at 255.

Under the earlier version of 35 U.S.C. § 102 that applies to the patents in this case, a reference can constitute prior art if it was "known or used by others in this country" before patented invention or if it was "in public use or on sale in this country" more than one year prior to the patent application date. *See* 35 U.S.C. § 102(a), (b) (2010). "The statutory language, 'known or used by others in this country' (35 U.S.C. § 102(a)), means knowledge or use which is accessible to the public." *Carella v. Starlight Archery*, 804 F.2d 135, 139 (Fed. Cir. 1986). In the context of printed publications, the Federal Circuit has held that "[a] given reference is 'publicly accessible' upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Bruckelmyer v. Ground Heaters, Inc.*, 445 F.3d 1374, 1378 (Fed. Cir. 2006).

Similarly, to decide whether a prior use constitutes an invalidating "public use," a Court must ask "whether the purported use: (1) was accessible to the public; or (2) was commercially exploited." *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1380 (Fed. Cir. 2005). Thus, both knowledge and use under section 102(a) and public use under section 102(b) require public accessibility.

**DISCUSSION**

Box argues that TreeComp version 3.6 was a software program that was "known and used by others in this country" before the December 22, 2001, invention date of the patents-in-suit and "in public use or on sale in this country" more than a year before. According to Box, it was available from the website of its developer, Dr. Lennert Ploeger, http://www.xs4all.nl/~lploeger/TreeComp3.htm, and was therefore accessible to the public. *See*

Ploeger Dep. Tr. 27:8-11, Dkt. No. 345-12.

Case law in the context of printed publications has found that, to establish public accessibility, there must be evidence that the reference was indexed so that persons of ordinary skill in the art could find it. *See, e.g.*, *SRI Int'l v. Internet Security Sys., Inc.*, 511 F.3d 1186, 1194-98 (Fed. Cir. 2008) (discussing case law and holding that document on FTP server "was not catalogued or indexed in a meaningful way and not intended for dissemination to the public"). There is no reason why the standard for public accessibility in the context of knowledge or use would be different.

Box points to three pieces of evidence to establish that Ploeger's website was indexed and therefore publicly accessible: (1) Ploeger's deposition testimony; (2) what purports to be a printout of page from the Wayback Machine's Internet Archive showing an article from Windows Magazine called "Top Ten Shareware of January 2009" as of May 26, 2001, showing a listing for TreeComp with a link to Ploeger's website, *see* Dkt. No. 345-11 at DEFS014863; and (3) a similar purported Wayback Machine page showing a link to "TreeComp 3.x" in in the DMOZ directory of web links, organized in the "Computers:Software:File Management:File Comparisons:Windows" section, *see* Dkt. No. 345-13 at DEFS014547.[1]

The two printouts of web pages might have shown a genuine dispute of material fact if Box had established that they were authentic. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773-74 ("In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.") (alteration in original, footnotes omitted); *St. Luke's Cataract & Laser Inst ., P.A. v. Sanderson*, No. 8:06-CV-223, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006) (holding that a printout from the Internet Archive could be authenticated by way of an affidavit from a "representative of Internet Archive with personal knowledge of its contents, verifying that the printouts Plaintiff

---

[1] "DMOZ is a volunteer-compiled directory of the highest quality informational websites, organized by subject matter." *Parents, Families, & Friends of Lesbians & Gays, Inc. v. Camdenton R-III Sch. Dist.*, 853 F. Supp. 2d 888, 891 (W.D. Mo. 2012).

3

seeks to admit are true and accurate copies of Internet Archive's records"). But here, Box has failed to properly authenticate the exhibits. Although Box claims in its opposition that the exhibit purporting to be a Windows Magazine article "was authenticated using the Internet Archive's *Wayback Machine* and a declaration from the Internet Archive's Office Manager," no such declaration was attached to its motion. Box's Opposition at 4, Dkt. No. 345. Consequently, the Court cannot consider documents (2) and (3) on summary judgment.

That leaves Ploeger's own deposition testimony claiming that TreeComp version 3.6 was available from his website as of November 13, 1999, first as shareware and then for free. *See* Ploeger Dep. Tr. 22:17-24:5. Box offers this testimony to show that TreeComp version 3.6 was on sale more than a year before December 28, 2001, as well as to show public accessibility. The problem with Ploeger's testimony is that "without some type of corroborating evidence, an alleged inventor's testimony cannot satisfy the 'clear and convincing evidence' standard" required to show priority. *See Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993); *Cross Medical Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, No. SA CV 03-110GLTANX, 2005 WL 5239256, at *3 (C.D. Cal. Apr. 11, 2005). Because this uncorroborated inventor testimony is the only admissible evidence Box offers to establish public accessibility and offers for sale for TreeComp, the Court concludes that Box has not met its burden to adduce evidence from which a reasonable jury could conclude that TreeComp version 3.6 is prior art, and that summary judgment in favor of Open Text is appropriate.

**IT IS SO ORDERED**.

Dated: January 30, 2015

_____
JAMES DONATO
United States District Judge

4