UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

          Plaintiff,

    v.

BOX, INC., et al.,

          Defendants.

Case No.  13-cv-04910-JD

**PRELIMINARY JURY INSTRUCTIONS**

      The Court will read these preliminary instructions to the jury that is seated after voir dire on February 2, 2015.  A party with a substantive objection to an instruction may raise it with the Court before voir dire starts on February 2.

      **IT IS SO ORDERED**.

Dated: January 30, 2015

_____
JAMES DONATO
United States District Judge

# CONTENTS

INSTRUCTION NO. 1: DUTY OF JURY ................................................................................ 3

INSTRUCTION NO. 2:  WHAT A PATENT IS AND HOW ONE IS OBTAINED ...................... 4

INSTRUCTION NO. 3:  SUMMARY OF CONTENTIONS ............................................................ 6

INSTRUCTION NO. 4: WHAT IS EVIDENCE ............................................................................ 7

INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE .................................................................. 8

INSTRUCTION NO. 6: EVIDENCE FOR LIMITED PURPOSE .................................................. 9

INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................... 10

INSTRUCTION NO. 8: RULING ON OBJECTIONS ................................................................ 11

INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES ......................................................... 12

INSTRUCTION NO. 10: IMPEACHMENT EVIDENCE—WITNESSES ................................... 13

INSTRUCTION NO. 11: CONDUCT OF THE JURY ................................................................ 14

INSTRUCTION NO. 12: NO TRANSCRIPT AVAILABLE/TAKING NOTES ......................... 15

INSTRUCTION NO. 13: DEPOSITION IN LIEU OF LIVE TESTIMONY ............................... 16

INSTRUCTION NO. 14: USE OF INTERROGATORIES OF A PARTY ................................... 17

INSTRUCTION NO. 15: EXPERT OPINION ............................................................................ 18

INSTRUCTION NO. 16: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE ..... 19

INSTRUCTION NO. 17: CHARTS AND SUMMARIES IN EVIDENCE .................................. 20

INSTRUCTION NO. 18: OUTLINE OF TRIAL ....................................................................... 21

INSTRUCTION NO. 19: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE ............................................................................... 22

INSTRUCTION NO. 20: CAUTIONARY INSTRUCTION—FIRST RECESS ........................... 23

## INSTRUCTION NO. 1: DUTY OF JURY

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source
Ninth Circuit Model Civil Jury Instructions - 1.1A.

United States District Court
Northern District of California

**INSTRUCTION NO. 2:  WHAT A PATENT IS AND HOW ONE IS OBTAINED**

This case involves a dispute relating to three United States patents.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  The process of obtaining a patent is called patent prosecution.  A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission.  A violation of the patent owner's rights is called infringement.  The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO.  The PTO is an agency of the federal government and employs trained examiners who review applications for patents.  The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed.  In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art."  The examiner also will review prior art if it is submitted to the PTO by the applicant.  Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art.  However, in general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed."  This writing from the patent examiner is called an "office action."  If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims.  This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.  The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not have had available to it all the information that will be presented to you.  A person accused of infringement

4

has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

Source
Model Patent Jury Instructions for the Northern District of California A.1.

United States District Court
Northern District of California

### <u>INSTRUCTION NO. 3:  SUMMARY OF CONTENTIONS</u>

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are the plaintiff, Open Text, and the Defendants, Box and Carahsoft.  The case involves three United States patents.  The patents involved in this case are United States Patent Numbers 7,062,515; 7,590,665; and 8,117,152.  For convenience, the parties and I will refer to these patents as the '515 patent, the '665 patent, and the '152 patent, respectively, these being the last three digits of the patent numbers.  We will also refer to all three together as the "patents-in-suit."

This case generally relates to cloud computing technology.  Open Text filed suit in this court seeking money damages from Defendants for allegedly infringing the patents-in-suit by making, using, selling, and offering for sale products, features, or services that Open Text argues are covered by Claims 10 and 27 of the '515 patent; Claim 4 of the '665 patent; and Claim 11 of the '152 patent.  Together, these are the asserted claims of the patents-in-suit.  Open Text also argues that Defendants have actively induced infringement of these claims of the patents by others and contributed to the infringement of these claims of the patents by others. The products, features, or services that are alleged to infringe the Patents-in-Suit are Box Edit and Box's Android Mobile application.

Defendants deny that they have infringed the asserted claims, either directly or indirectly via inducement or contribution to the infringement of another.  Defendants also contend each of the asserted claims is invalid because they were either not new, or because they were obvious.  Invalidity is a defense to infringement.

Your job will be to decide whether the asserted claims of the '515, '665, and '152 patents have been infringed and whether any of the asserted claims of the patents are invalid.  If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Open Text to compensate it for the infringement.

Before you decide whether Defendants have infringed the asserted claims of the patents-in-suit or whether the claims are invalid, you will need to understand the patent claims.  As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection.  It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of the patents-in-suit. You have been given a document reflecting those meanings. You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity. Those issues are yours to decide.  I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

<u>Source</u>
Model Patent Jury Instructions for the Northern District of California A.3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 4: WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;
2.    the exhibits which are received into evidence; and
3.    any facts to which the lawyers have agreed.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.6.

## INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.
4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source
Ninth Circuit Model Civil Jury Instruction 1.7.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 6: EVIDENCE FOR LIMITED PURPOSE</u>

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.8.

## INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source
Ninth Circuit Model Civil Jury Instruction 1.9.

United States District Court
Northern District of California

**INSTRUCTION NO. 8: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>
Ninth Circuit Model Civil Jury Instruction 1.10.

United States District Court
Northern District of California

## __INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES__

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:
1.  the opportunity and ability of witness to see or hear or know he things testified to;
2.  the witness's memory;
3.  the witness's manner while testifying;
4.  the witness's interest in the outcome of the case and any bias or prejudice;
5.  whether other evidence contradicted the witness's testimony;
6.  the reasonableness of the witness's testimony in light of all the evidence; and
7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source
Ninth Circuit Model Civil Jury Instruction 1.11.

United States District Court
Northern District of California

## INSTRUCTION NO. 10: IMPEACHMENT EVIDENCE−WITNESSES

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source
Ninth Circuit Model Civil Jury Instruction 2.8.

United States District Court
Northern District of California

## **INSTRUCTION NO. 11: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Source
Ninth Circuit Model Civil Jury Instruction 1.12.

United States District Court
Northern District of California

14

## **INSTRUCTION NO. 12: NO TRANSCRIPT AVAILABLE/TAKING NOTES**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source
Ninth Circuit Model Civil Jury Instructions 1.13 and 1.14.

## **INSTRUCTION NO. 13: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source
Ninth Circuit Model Civil Jury Instruction 2.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 14: USE OF INTERROGATORIES OF A PARTY

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source
Ninth Circuit Model Civil Jury Instruction 2.10.

1

## **INSTRUCTION NO. 15: EXPERT OPINION**

2   Some witnesses, because of education or experience, are permitted to state opinions and the
3   reasons for those opinions.

4   Opinion testimony should be judged just like any other testimony.  You may accept it or reject it,
5   and give it as much weight as you think it deserves, considering the witness's education and
    experience, the reasons given for the opinion, and all the other evidence in the case.

6   Source
7   Ninth Circuit Model Civil Jury Instruction 2.11.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 16: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source
Ninth Circuit Model Civil Jury Instruction 2.12.

## INSTRUCTION NO. 17: CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source
Ninth Circuit Model Civil Jury Instruction 2.13.

**INSTRUCTION NO. 18: OUTLINE OF TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence. There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true.

Open Text will present its evidence on its contention that some of the claims of the patents-in-suit have been infringed by Defendants. These witnesses will be questioned by Open Text's counsel in what is called direct examination. After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness. To prove infringement of any claim, Open Text must persuade you that it is more likely than not that Defendants have infringed that claim.

After Open Text has presented its witnesses, Defendants will call their witnesses, who will also be examined and cross-examined. Defendants will present its evidence that the claims of the patents-in-suit are invalid. To prove invalidity of any claim, Defendants must persuade you that it is highly probable that the claim is invalid. In addition to presenting its evidence of invalidity, Defendants will put on evidence responding to Open Text's infringement contentions.

Open Text will then return and will put on evidence responding to Defendants' contention that the claims of the patents-in-suit are invalid. Open Text will also have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by Defendants of non-infringement.

Finally, Defendants will have the option to put on "rebuttal" evidence to any evidence offered by Open Text on the validity of the claims of the patents-in-suit.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. Closing arguments are not evidence. After the closing arguments and instructions, you will then decide the case.

Source
Model Patent Jury Instructions for the Northern District of California A.5.

### INSTRUCTION NO. 19: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

Source
Judicial Conference Committee on Court Administration and Case Management Proposed Model Jury Instruction on the Use of Electronic Technology to Conduct Research on or Communicate about a Case, *available at* http://www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf

1

## **INSTRUCTION NO. 20: CAUTIONARY INSTRUCTION—FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy to give to me.

Source
Ninth Circuit Model Criminal Jury Instruction 2.1.

United States District Court
Northern District of California