John P. Bovich (SBN 150688)
Email:    jbovich@reedsmith.com
Scott D. Baker (SBN 84923)
Email:    sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email:    jmitchell@reedsmith.com
Adaline J. Hilgard (SBN 173213)
Email:    ahilgard@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT, S.A.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION,<br><br>　　　　　Defendants. | No.: C 13-04910 JD<br><br>**DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM OR, IN THE ALTERNATIVE, TO REQUEST OFFER OF PROOF RE: DAMAGES**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 11<br><br>Compl. Filed:  June 5, 2013<br>FAC Filed:  December 23, 2013<br>Trial Date:  February 2, 2015 |

No.: C13-04910 JD

Pursuant to Page 7 of the Court's Standing Order for Civil Trials regarding motion practice during trial, Defendants Box, Inc. and Carahsoft Technology Corp. (collectively, "Box") hereby request leave to file a motion to preclude Open Text's damages claim or, in the alternative, to request offer of proof re: damages. The main points of the motion that Box seeks leave to file are set forth below.

## I. INTRODUCTION

In its order excluding Krista Holt's testimony [Dkt. 464], the Court suggested that, as a reasonable way to solve the damages issues, the parties consider stipulating to the fully paid-up lump sum of $250,000 that Dr. Leonard opines to be a reasonable royalty for the File Synchronization patents. On January 26, Box offered to so stipulate in the event of a finding of infringement, but Open Text rejected the offer. In Open Text's proposed opening statement slides exchanged on January 30 – which referred to the hypothetical negotiation and raised the question of the royalty that would result – Open Text made clear it had elected to try and put on a damages case through fact witnesses. Open Text's proposed approach is problematic for many reasons, and the Court should reject it.

First, in the absence of Ms. Holt's opinions, Open Text has no damages theory to present to the jury because it provided no information during discovery disclosing the reasonable royalty rate, proper royalty base, calculations or structure of the royalty it seeks for the File Synchronization patents. Open Text also failed to disclose any lay witnesses who could offer opinion testimony on such issues, undoubtedly because such lay opinion is inadmissible. In the absence of such disclosures, Open Text has no damages theory to present to the jury without Ms. Holt. And any patchwork effort by Open Text to elicit from lay witnesses a profit margin here or a sales number there does not meet Open Text's burden to prove a reasonable royalty. Indeed, such evidence – untethered to any royalty determination – would only serve to skew the damages horizon upward for the jury, prejudicing Box. Box therefore respectfully requests that the Court preclude Open Text from asserting a right to recover damages at trial.

Second, even if permitted to present a damages case, Open Text should provide an offer of proof demonstrating what that case would look like without Ms. Holt, because Open Text never

No.: C13-04910 JD  – 1 –

DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM OR, IN THE ALTERNATIVE, TO REQUEST OFFER OF PROOF RE: DAMAGES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

provided that information in discovery. In particular, Open Text's offer of proof should include the damages evidence it hopes to elicit at trial, including the specific rate, base, structure, and calculations along with a list of the *Georgia-Pacific* factors and corresponding witness testimony and documents. Box should not be left to guess on the eve of trial as to what damages theories and evidence Open Text may attempt to cobble together to fill the void left by Ms. Holt's exclusion. Thus, in the event the Court allows Open Text to present damages to the jury, Box respectfully requests that Open Text provide this offer of proof in advance of its case-in-chief.

## II. ARGUMENT

### A. In The Absence Of Ms. Holt's Testimony, Open Text Has No Evidence Of A Reasonable Royalty, And Hence No Damages Case, To Present To The Jury.

Open Text apparently intends to elicit lay testimony at trial to plug the hole resulting from Ms. Holt's exclusion. But because Open Text never disclosed during discovery any reasonable royalty rate, base or structure or any damages computation as to the File Synchronization patents, let alone any fact witnesses who might offer opinion testimony at trial on such amount, Open Text cannot now offer such previously non-disclosed evidence at trial. Moreover, even if it could elicit lay evidence relevant to a few *Georgia-Pacific* factors, Open Text has no damages case to present to the jury because it has no witness who can synthesize such evidence into a reasonable royalty amount. In other words, Open Text cannot meet its burden that its proposed royalty would be reasonable. *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed.Cir. 1990). For these reasons, the Court should find that Open Text is not entitled to reasonable royalty damages.

First, during discovery, Open Text was required, but failed, to disclose a computation of damages for the File Synchronization patents. Rule 26 required Open Text to identify, for each damages category claimed, a "computation" of damages, and to disclose the evidence on which that "computation" is based. Fed.R.Civ.P. 26(a)(1)(A)(iii); *Veritas Operating Corp. v. Microsoft Corp.*, Case No. 2:06-cv-00703-JCC, 2008 U.S. Dist. LEXIS 35627, at *22 (W.D. Wash. Jan. 17, 2008). Open Text never provided such a computation, aside from the now-excluded Holt opinions. For example, in its amended Rule 26 disclosures served in September 2014, Open Text deferred

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  providing a computation, stating that "[t]he computation of Open Text's damages in this action for
2  patent infringement requires information that is in the possession, custody, or control of Defendants,
3  and is not presently available to Open Text."[1]  Open Text provided no further clarity in its
4  interrogatory responses.  Despite being asked to "[s]tate with particularity the factual basis for Your
5  claim for damages," including "an explanation of what You contend to be a reasonable royalty for
6  each of the Patents-in-Suit, the royalty base for such royalty, and a description of how such royalty
7  was calculated," Open Text did not disclose such information for the File Synchronization patents.
8  In particular, Open Text failed to provide a computation of the reasonable royalty rate, amount or
9  base, or that it seeks a running royalty.   Instead, Open Text vaguely asserted that in the hypothetical
10 negotiation, it "would have demanded *a high royalty*—more than Open Text charged its own
11 customers for similar features."  [10/16/2014 Suppl. Resp. to Interrogatory No. 6].

12         Because it failed to provide a computation of damages as required by Rule 26, Open Text
13 should be precluded from asserting a right to recover damages at trial.  *Veritas*, 2008 U.S. Dist.
14 LEXIS 35627, at **80-81 (granting summary judgment of no damages "[i]n light of Microsoft's
15 failure to disclose any computation of damages or any other damages analysis under Rule
16 26(a)(1)(C)….").  A similar factual scenario existed in *Veritas*.  There, Microsoft, like Open Text,
17 failed during discovery to provide a computation of the patent damages it sought.  Because of this
18 non-disclosure, and because Microsoft had no expert testimony providing a damages computation,
19 the court granted Veritas' summary judgment motion barring Microsoft from recovering patent
20 damages.  *Id.*  Based on its nondisclosure, Open Text should likewise be precluded from asserting a
21 right to reasonable royalty damages.

22         Second, Open Text cannot cure its nondisclosure or meet its burden of establishing a
23 reasonable royalty through untimely and undisclosed fact testimony.  Although the statute [35 U.S.C.
24 § 284] requires an award of a reasonable royalty when there is infringement because such
25 infringement establishes the fact of damages, "to argue that this requirement exists even in the
26 absence of any evidence from which a court may derive a reasonable royalty goes beyond the

---

[1] Box will submit the underlying evidence in support of its motion if leave is granted.

possible meaning of the statute." *Lindemann*, 895 F.2d at 1407 (quoting *Devex Corp. v. Gen. Motors Corp.*, 667 F.2d 347, 363 (3d Cir. 1981)).  Open Text has disclosed no evidence from which the jury may derive a reasonable royalty.  For instance, Open Text failed to disclose any fact witnesses who would offer opinion testimony at trial on the amount of reasonable royalty damages. [10/16/2014 Suppl. Resp. to Interrogatory No. 6].  Even if Open Text had made such a disclosure, such opinion testimony would be inadmissible in any event.  Indeed, lay witnesses may not speculate as to what royalty the parties would have agreed to during the hypothetical negotiation because this goes "beyond those easily verifiable facts within their personal knowledge" and instead requires "forward-looking speculation" for which lay witnesses lack the necessary training.  *AVM Technologies, LLC v. Intel Corp. ("AVM I")*, 927 F.Supp.2d 139, 146 (D. Del. 2013)(quoting *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 82–84 (3d Cir. 2009)); *see also AVM Technologies, LLC v. Intel Corp ("AVM II"),* Civil Action No. 10-610-RGA, 2013 U.S. Dist. LEXIS 66604, at *5-6 (follow-on decision granting summary judgment of no damages because proffered lay testimony "is unimportant in that it is insufficient to support a provable damages theory.").

And while expert testimony is not always necessary to prove reasonable royalty damages, here, there would be no point to admitting lay evidence proffered by Open Text because it would not prove the ***amount*** of the reasonable royalty that could result from the synthesis of isolated *Georgia-Pacific* data points.  Courts have so held.  For instance, in *Info-Hold, Inc. v. Muzak LLC,* Case No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *15-17 (W.D. Ohio Aug. 20, 2013), after excluding the patentee's damages expert's testimony, the court granted partial summary judgment to defendant on the issue of reasonable royalty damages because plaintiff's lay witnesses did not have the knowledge or expertise to provide evidence of the amount of reasonable royalty damages.  Similarly, in *Unicom Monitoring, LLC v. Cencom, Inc.,* Civil Action No. 06-1166 (MLC), 2013 U.S. Dist. LEXIS 56351, at *25 (D.N.J. April 19, 2013), the court granted summary judgment to defendants on damages because "[a]lthough there are many Georgia-Pacific factors which the Court can consider, the failure to present competent evidence regarding how the factfinder should perform the reasonable royalty calculation is fatal to Unicom's claim for reasonable royalty damages."  Rejecting the same flawed approach Open Text seeks to take in this case, the *Unicom* court found that "[a]

factfinder cannot be asked to speculate from numbers unsupported by law and divorced from expert guidance, but rather…needs either clear guidance from an expert about how to apply complex calculations or simple factual proofs about what this patentee has previously accepted in factually analogous licensing situations." *Id.*; *see also AVM II*, 2013 U.S. Dist. LEXIS 66604, *5-6 (granting motion for summary judgment of no damages because lay witness testimony "is insufficient to support a provable damages theory.").   The same result should obtain here.

Third, any attempt to present a royalty rate or computation as to the File Synchronization patents would be prejudicial to Box and the evidence should be excluded for this reason also. Damages claims should not be made through witnesses testifying to undisclosed opinions for the first time at trial.  Box has no practical or fair way to confront these opinions and they should be excluded.

As a matter of law, plaintiff cannot introduce a damages theory to the jury without establishing its reliability.  *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011).  Here, Open Text does not even have a damages theory to introduce, let alone a reliable one.  Open Text should therefore be precluded from asserting a right to recover damages at trial.

### B. If Allowed To Present A Damages Case, Open Text Should Be Required To Disclose The Evidence It Seeks To Elicit At Trial, Including With Respect To Each Of The *Georgia-Pacific* Factors

If the Court allows Open Text to present a damages case at trial, the contours of that case should be disclosed now, particularly because Open Text failed to disclose it during discovery. Specifically, Open Text should provide an offer of proof identifying its damages case and evidence, including a list of the *Georgia-Pacific* factors and the corresponding witness testimony and documentary evidence it intends to elicit on each of those factors.  Courts have examined such offers of proof in order to ascertain whether the patentee can make out a damages case at trial.  *See, e.g., AVM II,* 2013 U.S. Dist. LEXIS 66604, at *3-6.  At a minimum, Open Text should be required to provide such an offer of proof both (1) to prevent prejudice to Box resulting from Open Text's failure to disclose any non-expert based reasonable royalty rate, base, calculations or running royalty preference for the File Synchronization patents during fact discovery, and (2) to allow the parties and the Court to ascertain whether Open Text even has a damages case it can present to the jury, thereby

potentially conserving judicial and party resources.  This is the least Open Text can do given its rejection of the Court's suggestion that it agree to Dr. Leonard's fully-paid up lump sum amount of $250,000.

### III.   CONCLUSION

Open Text has no damages case following the exclusion of Ms. Holt's opinions.  For that reason, Open Text should be precluded from seeking damages at trial.  In the alternative, Open Text should disclose what its damages case will look like to avoid the unnecessary waste of judicial and party resources that will result if its proposed damages case will fail as a matter of law in any event.

Dated:   January 30, 2015

Respectfully submitted,

*/s/ Jonah D. Mitchell*
Jonah D. Mitchell (SBN 203511)
Email: jmitchell@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
*Attorneys for Defendants Box, Inc. and Carahsoft Technology Corporation*