COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY  (*pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Plaintiff OPEN TEXT S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT S.A., <br><br>         Plaintiff, <br><br>     v. <br><br> BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION, <br><br>         Defendants. | Case No. C 13-04910 JD <br><br><br> **OPEN TEXT S.A.'S PROFFER OF EVIDENCE CONCERNING DAMAGES** |

Pursuant to the Court's Order (Dkt. No. 500), Open Text S.A. hereby proffers the evidence and testimony concerning damages it intends to offer at trial.

## I.   INTRODUCTION

The law mandates that a patentee is entitled to no less than a reasonable royalty as compensation for infringement.  35 U.S.C. § 284.  Even in the event that the record does not support a specific royalty estimate, "the fact finder is still required to determine what royalty is supported by the record." *Apple, Inc. v. Motorola, Inc*., 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) citing *Dow Chem. Co. v. Mee Indus., Inc.* 341 F.3d 1370, 1381-82 (Fed. Cir. 2003) ("The statute is unequivocal that the district court <u>must</u> award damages in an amount no less than a reasonable royalty.") (emphasis added).

The Federal Circuit's recent holding in *Apple v. Motorola* is consistent with the Seventh Amendment right to a jury trial when seeking damages:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII; *see also Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1339-41 (Fed. Cir. 2001) (noting right to a jury trial in patent cases in which damages are sought).

In the *Apple v. Motorola* case, the Federal Circuit reversed an order of summary judgment of no damages granted by Judge Posner, who sat by designation as a district judge.  *Apple v. Motorola*, 757 F.3d at 1326-30.  After excluding damages expert opinions, the district court concluded that there was little remaining admissible damages evidence.  *Id.*  On that basis, the district court found that the accused infringer was entitled to summary judgment that the patentee was not entitled to any damages.  *Id*. at 1327.

On appeal, the Federal Circuit determined that the district court's judgment constituted reversible error.  *Id*. at 1327-30.  Citing the statutory mandate requiring a reasonable royalty award, along with a host of precedential authority, the Federal Circuit held that the fact finder is *required* to determine a reasonable royalty based on the evidence.  *Id*. The Federal Circuit further

1    held that an award of zero damages—the effect of a court order of no damages—is *only*

2    appropriate if the evidence supports a zero-dollar damages award. *Id.* at 1328-30.

3         In this case, Open Text put forth better and more specific evidence supporting an award of

4    substantial reasonable royalties than the Federal Circuit found was sufficient to support a

5    damages award in *Apple v. Motorola*. Open Text will offer substantial evidence of a reasonable

6    royalty at trial through fact witness testimony and documentary evidence that justifies the award

7    of a reasonable royalty for Box's and Carahsoft's infringement. As this proffer demonstrates

8    below, Open Text fully disclosed its theories, documentary evidence, and witness testimony

9    supporting its damages case during discovery. Moreover, to the extent that any isolated,

10   individual pieces of evidence were not included in Open Text's lengthy discovery responses—

11   which Defendants have never challenged as deficient—it is because Defendants produced

12   thousands of financial documents in the week before the close of fact discovery and the bulk of

13   the usage information concerning the infringing Box Edit application *after* fact discovery had

14   closed. Indeed, Defendants filed a joint motion with the Court to extend the deadlines for expert

15   discovery on damages specifically because Box did not finish producing usage and download

16   information until two weeks after fact discovery closed. (Dkt. No. 269.) As confirmed in *Apple*

17   *v. Motorola*, the jury must be permitted to weigh this evidence. 757 F.3d at 1327-28; *see also*

18   U.S. Const. amend. VII; 35 § U.S.C. § 284.

19   ## II.    ADDITIONAL STANDARDS AND THE MODEL JURY INSTRUCTIONS

20        There are multiple acceptable ways to determine a reasonable royalty. One approach is to

21   determine a royalty base and a percentage royalty rate. (Model Patent Jury Instructions for the

22   Northern District of California 5.7; *see also* D.I. 471-1 at 29-30[1].) This is not the only acceptable

23   approach. As this Court's Model Patent Jury Instruction 5.7 indicates, a jury can also determine a

24   reasonable royalty based on a hypothetical negotiation resulting in a fixed number of dollars per

25   units sold. *E.g.*, *Golight, Inc., v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1338 (Fed. Cir. 2004)

26   (awarding a fixed-fee per unit royalty); *Maxwell v. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir.

27

28   [1] Pages as marked in the original document.

---

1996); (Model Patent Jury Instructions for the Northern District of California 5.7; *see also* D.I. 471-1 at 29-30.)

The second stipulated jury instruction in this case, which comes from the Federal Circuit Bar Association Model Patent Jury Instruction B.6.7, sets forth the *Georgia-Pacific* factors that can be considered and weighed by the jury in determining the reasonable royalty:

(1) The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2) The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

(3) The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4) The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(5) The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6) The effect of selling the patented specialty in promoting sales of other products, features, or services of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7) The duration of the patent and the term of the license.

(8) The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9) The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10) The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11) The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13) The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14) The opinion and testimony of qualified experts.

(15) The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people. The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent holder and the infringer taking place at a time prior to when the infringement began.

(D.I. 471-1 at 31-32 (citations omitted)); *see also Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).)

Expert testimony is not required to support an award of damages. *Dow Chem. Co. v. Mee Indus., Inc.* 341 F.3d 1370, 1381-82 (Fed. Cir. 2003); 35 U.S.C. § 284 ("The court *may* receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.") (emphasis added); *see also Annotated Patent Digest*, § 44:79 ("The use of expert testimony is permissive. Thus, if a patentee's damage expert is excluded, that fact does not automatically deny a patentee a right to recover damages."); 7 Donald S. Chisum, Chisum on Patents § 20.07[3][a] (2011).

### III.   BACKGROUND

#### A.   Open Text Timely Disclosed Its Damages Theories and Evidence

In compliance with the Federal Rules of Civil Procedure and the Court's Scheduling Order, Open Text disclosed its damages theories and evidence during fact and expert discovery.[2] Through its fulsome discovery responses, Open Text put Defendants on notice of its infringement theories and evidence months ago, and even without a damages expert to testify at trial, Open Text has more than enough evidence to present a compelling damages case.

##### 1.   Open Text Timely Served Responses to Interrogatories on Damages

During the fact discovery phase of this case, Defendants served multiple interrogatories relating to damages, including Interrogatory Nos. 6, 8(a), 13, and 18, which are discussed below and attached to this proffer. Open Text provided multiple supplemental responses to Defendants' interrogatories, including extensive responses in mid-September 2014—nearly a month before the close of discovery and before Defendants took depositions of Open Text's witnesses.  In those interrogatory responses, Open Text identified specific documentary and witness evidence supporting its damages theory.  (Armon Decl., Ex. 4, Pl.'s Supp. Resp. to Interrogs. at 15-56.) Open Text tied that evidence to the elements of its theories.  (*Id.*)

At the close of fact discovery on October 15, 2014, Open Text again supplemented its responses to include additional evidence that it uncovered since serving its prior supplemental responses.  (Ex. 15, Pl.'s Supp. Resp. to Interrogs. at 15-73.)[3]

Defendants never challenged the sufficiency of those responses with the Court.  Notably, in his November 18, 2014 Rebuttal Report, Defendants' expert Dr. Leonard indicates that he considered Open Text's supplemental interrogatory responses, including the September 24, 2014 responses.  (Ex. 18, Leonard Report, at 18, 35-36, 38-40, 50, 131, 135.)  And, given that Dr. Leonard had extra time to submit his written opinion due to Defendants' late production of

---

[2] Open Text provides specific details relating to its proffered evidence in context of its theory in Section IV, below.
[3] All exhibits are attached to the Declaration of Orion Armon that is being filed simultaneously with this proffer.

damages data, he also had ample opportunity to consider the October 15, 2014 supplement.  (D.I. 271; *see also* D.I. 267.)

### 2.      Documents

Open Text produced many documents relevant to Open Text's disclosed damages theory, including evidence of the value that would be taken into consideration at the time of the hypothetical negotiation.  Open Text identified the evidence in its interrogatory responses for each aspect of its theory.  (Ex. 4, Pl.'s Supp. Resp. to Interrogs. at 18-23.)

Defendants' produced documents are also relevant to Open Text's damages case, as explained by Open Text in its discovery responses.  (Ex. 4, Pl.'s Supp. Resp. to Interrogs.)  Some of the most important damages evidence—usage data for the accused features—was not produced by Defendants until after the close of discovery.  (Ex Nos. 19-20.)  Defendants finally agreed to produce the materials after months of Open Text requests and a filing by Open Text with the Court.  (D.I. 267.)

## IV.    IDENTIFICATION OF WITNESSES AND EVIDENCE OPEN TEXT WILL RELY UPON TO PROVE DAMAGES

### A.      Concise List of Witnesses Open Text Relies On and Dates Disclosed

Open Text intends to rely on the testimony of the following witnesses to prove damages. Each of these witnesses was identified in Open Text's Initial Disclosures served on February 21, 2014, excerpts of which are reproduced below. (Ex. 1, Pl.'s Initial Disclosures.)  Open Text plans to call each of these witnesses to testify at trial:

| Name/Title | Contact Information | Subject Areas |
|---|---|---|
| Nicholas Carter, Senior Director of IP and Product Management for ECM at Open Text S.A. | Open Text S.A. c/o Cooley LLP 380 Interlocken Crescent, Suite 900 Broomfield, Colorado 80021 (720) 566-4000 | Likely to have discoverable information concerning the ownership of the Patents-in-Suit, damages, irreparable harm, Open Text S.A.'s business structure and products, product development and offerings, and competition. |
| Adam Howatson, Vice President, Products at Open Text Corp. | Open Text Corporation c/o Cooley LLP 380 Interlocken Crescent, Suite 900 | Likely to have discoverable information concerning the development, design, and sale of Open Text Corp./Inc.'s |

| | | |
|---|---|---|
| | Broomfield, Colorado 80021 (720) 566-4000 | products. |
| Aaron Levie, CEO | Box, Inc. | Likely to have discoverable information concerning Box business strategy, competition, damages, and accused products |
| Dylan Smith, CFO | Box, Inc. | Likely to have discoverable information concerning Box business strategy and finances |
| Chris Yeh, SVP Platform and Product | Box, Inc. | Likely to have discoverable information concerning Box products, development, and operation |
| Whitney Bouck, SVP Global Marketing and GM Enterprise | Box, Inc. | Likely to have discoverable information concerning Box business strategy, marketing, sales and product development |
| Griffin Dorman, Product Manager | Box, Inc. | Likely to have discoverable information concerning Box business strategy, competition, damages, and accused products |
| Sebastien Lemenager, Senior Manager of Business Analytics | Box, Inc. | Likely to have discoverable information concerning Box business strategy, competition, damages, and accused products |
| Hilary Salazar, Group Product Marketing Manager | Box, Inc. | Likely to have discoverable information concerning Box business strategy, competition, damages, and accused products |
| Grant Shirk, Group Product Marketing Manager | Box, Inc. | Likely to have discoverable information concerning Box business strategy, competition, damages, and accused products |

Open Text has issued subpoenas to a significant number of defense witnesses to appear at trial, including nearly every one of the Box witnesses identified in the tables immediately above and below.  (Exs. 22-30, Trial Subpoenas.)

Open Text intends to rely on the testimony of the following witnesses to prove damages. Each of these witnesses was identified in Open Text's Supplemental Initial Disclosures served on August 5, 2014, excerpts of which are reproduced below. (Ex. 2, Pl.'s Suppl. Initial Disclosures.) Open Text plans to call each of these witnesses to testify at trial:

| Name/Title | Contact Information | Subject Areas |
|---|---|---|
| Sam Ghods | Box, Inc. | Likely to have discoverable information concerning Box accused products and Box's patents or patent applications |
| Brandon Savage | Box, Inc. | Likely to have discoverable information concerning Box accused products and Box's patents or patent applications |

Open Text intends to rely on the testimony of the following witnesses to prove damages. Each of these witnesses was identified in Open Text's Second Supplemental Initial Disclosures served on September 19, 2014, excerpts of which are reproduced below. (Ex. 3, 2d Pl.'s Suppl. Initial Disclosures.) Open Text intends to call Mr. Unruh to testify at trial regarding damages issues.

| Name/Title | Contact Information | Subject Areas |
|---|---|---|
| Trevor Unruh Assistant General Counsel | Open Text Corp. c/o Cooley LLP 380 Interlocken Crescent, Suite 900 Broomfield, Colorado 80021 (720) 566-4000 | Likely has discoverable information concerning licensing of certain Patents-in-Suit |
| Jeff Mannie VP, Controller and CAO | Box, Inc. | Likely to have discoverable information concerning Box business strategy and finances |
| Ed Tang | Box, Inc. | Likely to have discoverable information concerning Box business strategy and finances |

1
2
3

**1.      Open Text Identified Its Key Damages Witnesses In Its Interrogatory Responses Served On September 24, 2014, and Box Took the Deposition of Each Witness**

4        Open Text intends to call each of the following key witnesses to testify live at trial.  Each

5  was specifically disclosed in Open Text's response to Box's Interrogatory No. 6 as supporting its

6  damages case, and after service of Open Text's interrogatory response, Box took the deposition of

7  each witness:

8           • Adam Howatson, Vice President, Products, at Open Text Corp.

9           • Trevor Unruh, Assistant General Counsel, Open Text Corp.

10          • Nic Carter, Senior Director of IP and Product Management for ECM at Open Text

11             S.A.

12  (Ex. 4, Pl.'s Supp. Resp. to Interrogs. at 15.)

13
14

**2.      Open Text Designated the Testimony of Key Box and Carahsoft Witnesses, Which it Will Present at Trial**

15       Open Text designated the testimony of the following Box and Carahsoft witnesses for

16  presentation at trial in accordance with the Court's rules on pre-trial disclosures. The testimony

17  and exhibits related to these witnesses supports Open Text's proof of damages for Box and

18  Carahsoft:

19          • Kelly Bray, Director of Renewals and Sales Development, Box, Inc., August 27,

20             2014 (Ex. 5, Depo. Designation at 5:10-5:12; 5:25-6:16; 6:21-7:02; 30:11-31:01;

21             31:03-32:21; 78:06-78:11; 78:20-79:11; 79:21-79:24; 80:02-81:24; 97:02-99:05;

22             101:25-105:09.)

23          • Craig P. Abod, President of Carahsoft, October 2, 2014 (Ex. 6 and 7.)

24          • Matthew Rattigan, Carahsoft Sales Associate, October 3, 2014 (Ex. 8.)

25          • Jennifer Ceran, VP Finance, Box, Inc., September 17, 2014 (Ex. 9, Depo.

26             Designation at 5:07-5:21; 6:18-6:22; 7:10-8:04; 9:04-9:09; 13:01-17:17; 25:11-

27             25:20; 50:04-50:18; 55:14-56:07; 56:09-56:15; 56:17-56:19; 56:21-57:18.)

28          • Zai Divecha, Former Associate Customer Programs Manager, Box, Inc., October

14, 2014 (Ex. 10, Depo. Designation at 7:10-7:11; 8:03-8:07; 37:1-41:06.)

- Ivan Galea, Senior Director Business Analytics, Box, Inc., October 15, 2014 (Ex. 11, Depo. Designation at 5:10-5:21; 6:06-6:17; 8:05-8:14; 8:16-9:11; 9:16-10:03; 10:05; 10:07-10:11; 10:13-10:15; 10:25-11:03; 11:05-11:12; 14:22-14:25; 15:02-15:03; 15:05-15:15; 15:17-15:21; 15:23-16:06; 16:21-16:23; 16:25.)

- Jeff Mannie, VP Controller and Chief Accounting Officer, Box, Inc., October 13, 2014 (Ex. 12, Depo. Designation at 5:11-5:17; 6:13-6:14; 6:20-6:25; 7:16-7:18; 49:09-49:18; 57:06-57:23; 57:25-58:06; 57:25-58:06; 58:25-59:22; 59:24-60:03; 79:24-80:01; 80:03-81:24; 82:01-82:18; 82:21-83:09; 83:21-84:02; 84:04-84:25; 85:02-85:18.)

- Peter McGoff, General Counsel, Box, Inc., October 13, 2014 (Ex. 13, Depo. Designation at 7:14-8:04; 8:15-8:23; 9:14-9:21; 9:23-10:18; 10:20-11:01; 11:03-11:11; 11:13-11:22; 11:24-12:09; 12:11-12:24; 13:06-14:01; 17:10-19:01.)

## B.  Open Text's Interrogatory Response on July 7, 2014 Identified Evidence of Direct Competition Between the Parties

On July 7, 2014, Open Text responded to Interrogatory Nos. 8(a) and 13 by identifying evidence that Box and Open Text directly compete in the off-premise, large company document management market and that Open Text is harmed by Box's competition. (Ex. 14, Pl.'s Resp. to Interrogs. at 12-13 and 21-24.)

On September 24, 2014, Open Text supplemented its response to Interrogatory No. 8(a) to identify additional evidence of competition and harm. (Ex. 4, Pl.'s Supp. Resp. to Interrogs. at 1-14 at 57-59.)

On October 15, 2014, Open Text provided a second supplemental response to Interrogatory No. 8(a) that provided even more evidence of competition and harm. (Ex. 15, Pl.'s Supp. Resp. to Interrogs. at 74-76.)

The following trial exhibits cited in response to Interrogatory 8(a) are relevant to Open Text's damages:

| TX | DESCRIPTION |
|----|-------------|

| TX | DESCRIPTION |
|----|-------------|
| 20 | Open Text Competitive Notes (BOX1071320) (Salazar Depo Ex. 20) |
| 23 | Power Point - Project Frenemy – Box + MSFT (BOX0443060 – BOX0443088) (Salazar Depo Ex. 23) |
| 24 | Power Point - Box Cloud Connect – Sales Training, dated 9/13 (BOX0000441 – BOX0000468) (Salazar Depo Ex. 24) |
| 263 | Box Corporate Pitch (External) (BOX0000246 – BOX0000394) |
| 273 | M. Krasner email re: Win Notification – Jazz Pharmaceuticals – Company Wide – 3 Year Term - $346 TCV (BOXEM_LEVIE_0000735- BOXEM_LEVIE_0000737) |
| 293 | Box: Enhance Your ECM Investments with the Cloud (BOX0015590 – BOX0015591) |
| 304 | Qualification of SMB Stickiness (BOX0432691) |
| 312 | Power Point - Cloud EIM (OTEX200108610 – OTEX200108629) |
| 313 | Power Point - ECM Response to SharePoint/Box/Huddle, dated 8/6/12 (OTEX200112266 – OTEX200112289) |
| 314 | 9/30/14 Press Release – To Beat Competitors Box is Getting More Business Specific (OTEX200113111 – OTEX200113113) |
| 316 | Spreadsheet - Pricing Plans_Analysis (BOX0035522) |
| 347 | Power Point - Nimbus Proposal Preview, (OTEX200109738 – OTEX200109758) |
| 348 | A. Levie email re: Box/SAP (BOXEM_LEVIE_0005466- BOXEM_LEVIE_0005467) |
| 349 | Power Point - Project Nimbus Overview (OTEX200109800 – OTEX200109811) |
| 351 | M. Twitty email re: Motorola (Request to Send Email to Eduardo) (BOXEM_LEVIE_0002810) |
| 418 | J. Das Email re: Box/SAP (BOXEM_LEVIE_0000797) |
| 419 | Power Point - SAP Solution Extensions by Open Text, ECM for SAP (OTEX000924427 – OTEX000924458) |
| 426 | SAP Solution Brief  - Document and Data Management for SAP Solutions (OTEX000206425 – OTEX000206428) |
| 427 | Power Point - IXOS for SAP FI Improving Efficiencies with Accounts Payable & Receivable (OTEX000935728 – OTEX000935788) |
| 428 | Power Point - Project Nimbus Overview and Plan, (OTEX200109824 – OTEX200109847) |
| 432 | Tempo in a Box Campaign Plan (OTEX000228130 – OTEX000228132) |
| 449 | Power Point - Project Frenemy (BOX0443115 – BOX0443127) |
| 450 | A. Levie email Box/SAP (BOXEM_LEVIE_0000986- BOXEM_LEVIE_0000987) |
| 451 | R. Branitzky email re: Box/SAP (BOXEM_LEVIE_0003154- BOXEM_LEVIE_0003155) |
| 452 | M. Twitty email re: Motorola Request to Send Email to Eduardo) (BOXEM_LEVIE_0004194- BOXEM_LEVIE_0004195) |
| 453 | A. Levie email re: Box/SAP (BOXEM_LEVIE_0004287) |
| 454 | K. Towe email re: Win Notification – Pioneer Electronics (USA) Inc. – Platform – Car Audio Dept (BOXEM_LEVIE_0004901- BOXEM_LEVIE_0004902) |
| 455 | J. Chen email re: Motorola (Request to Send Email to Eduardo) (BOXEM_LEVIE_0006079- BOXEM_LEVIE_0006080) |
| 456 | J. Das email re: Box Dec Board Meeting (BOXEM_LEVIE_0006270- BOXEM_LEVIE_0006271) |
| 457 | E. Blevins email re: Win Notification – Pioneer Electronics (USA) Inc. – Platform – Car Audio Dept (BOXEM_LEVIE_0007315- BOXEM_LEVIE_0007317) |
| 482 | Email from A. Levie re: Box/SAP (BOXEM_LEVIE_0002388 – |

| TX | DESCRIPTION |
|---|---|
| | BOXEM_LEVIE_0002389) |
| 1812 | Report: Price Proposal for Nimbus, Bates OTEX200109160-9175 (Howatson Depo Ex. 1812) |

The following trial exhibits cited in response to Interrogatory 13 are relevant to Open Text's damages:

| TX | DESCRIPTION |
|---|---|
| 22 | Spreadsheet - Feature Request Salesforce Report, dated 5/14/14 (BOX0032194) (Salazar Depo Ex. 22) |
| 24 | Power Point - Box Cloud Connect – Sales Training, dated 9/13 (BOX0000441 – BOX0000468) (Salazar Depo Ex. 24 |
| 25 | Power Point – ECM Connector Strategy, dated 7/13 (BOX0015844 – BOX0015860) (Salazar Depo Ex. 25) |
| 176 | Spreadsheet - Bulk import for RefStor Q1 2013 - Customer Stories (BOX0521799) (Divecha Depo Ex. 176 |
| 263 | Box Corporate Pitch (External) (BOX0000246 – BOX0000394) |
| 293 | Box: Enhance Your ECM Investments with the Cloud (BOX0015590 – BOX0015591) |
| 316 | Spreadsheet - Pricing Plans_Analysis (OTEX0000762382) |

**C.    Open Text's Interrogatory Response on September 24, 2014 Provided a 42-Page, Comprehensive Disclosure of its Evidence of Damages**

On September 24, 2014, Open Text supplemented its response to Interrogatory No. 6 with a 42-page interrogatory response that identified the witnesses and evidence supporting its damages case. (Ex. 4, Pl.'s Supp. Resp. to Interrogs. at 14-56.) Open Text's interrogatory response notified Box that Open Text is entitled to a reasonable royalty and provided a disclosure of evidence pertinent to each of the 15 *Georgia-Pacific* factors.

Open Text supplemented its response to Interrogatory No. 6 on October 15, 2014 by adding 17 pages of additional citations to evidence relevant to each of the 15 *Georgia-Pacific* factors, the parties' negotiating positions, and Open Text's damages. (Ex. 15, Pl.'s Supp. Resp. to Interrogs. at 14-73.)

The following trial exhibits are cited in Open Text's response to Interrogatory No. 6 and relevant to Open Text's damages:

| TX | DESCRIPTION |
|---|---|

| TX | DESCRIPTION |
|----|-------------|
| 7 | Box Edit Release Information (BOX0013465 – BOX0013469) (Zamora Depo Ex. 7) |
| 11 | US SEC Amendment No. 1 to Form S-1 Registration Form for Box Inc., (BOX1071600 – BOX1071814) (Salazar Depo Ex. 11) |
| 12 | Power Point – Competitive 101 (BOX0027275 – BOX0027301) (Salazar Depo Ex. 12) |
| 13 | Power Point – Sales Manager Training – MSFT Competitive & Pricing Strategies (BOX0000536 – BOX0000549) (Salazar Depo Ex. 13) |
| 14 | Power Point - Platform Pricing- Internal Launch Deck (BOX0035910 – BOX0035949) (Salazar Depo Ex. 14) |
| 15 | Power Point – 5.27.14 Competitive eStaff Update (BOX0444207 – BOX0444232) (Salazar Depo Ex. 15) |
| 16 | SharePoint & Box – Battle Card, dated 11/13/13 (BOX0026961 – BOX0026965) (Salazar Depo Ex. 16) |
| 17 | Alfresco v. Box Battle Card, dated 3/2/14 (BOX0282473 – BOX0282477) (Salazar Depo Ex. 17) |
| 18 | Box vs. One Drive (BOX0026761) (Salazar Depo Ex. 18) |
| 19 | Power Point – Inside Sales: Competitive Playbook (BOX0160536 – BOX0160540) (Salazar Depo Ex. 19) |
| 20 | Open Text Competitive Notes (BOX1071320) (Salazar Depo Ex. 20) |
| 21 | Spreadsheet - Content Management RFI Template w Box Answers (BOX0032171) (Salazar Depo Ex. 21) |
| 22 | Spreadsheet - Feature Request Salesforce Report, dated 5/14/14 (BOX0032194) (Salazar Depo Ex. 22) |
| 23 | Power Point - Project Frenemy – Box + MSFT (BOX0443060 – BOX0443088) (Salazar Depo Ex. 23) |
| 24 | Power Point - Box Cloud Connect – Sales Training, dated 9/13 (BOX0000441 – BOX0000468) (Salazar Depo Ex. 24) |
| 25 | Power Point – ECM Connector Strategy, dated 7/13 (BOX0015844 – BOX0015860) (Salazar Depo Ex. 25) |
| 32 | Market Overview: Secure Collaboration Questionnaire (BOX0663563 – BOX0663590) (Urton Depo Ex. 32) |
| 34 | Features/functionality that exemplifies and/or differentiates your cloud file sharing products (BOX0664493 – BOX0664496) (Urton Depo Ex. 34) |
| 41 | Forrester Report – Document Collaboration Vendor Landscape, dated 5/30/13 (BOX0192173 – BOX0192194) (Urton Depo Ex. 41) |
| 47 | Spreadsheet - Q4 Upsell Targets – Corporate (BOX0666402) (Bray Depo Ex. 47) |
| 48 | Spreadsheet - Churn Report 2H 2010 data 1.31.11 (BOX0277160) (Bray Depo Ex. 48) |
| 51 | Power Point – Box Product Updates, dated 8/12 (BOX0425599 – BOX0425624) (Bray Depo Ex. 51) |
| 52 | Spreadsheet - ending TAV businesses and seats by segment (BOX0438060) (Lemenager Depo Ex. 52) |
| 53 | Spreadsheet - Net Retention Breakdown (BOX0429484)  (Lemenager Depo. Ex. 53) |
| 54 | Spreadsheet – Free-Users-Historical (BOX0037957) (Lemenager Depo Ex. 54) |
| 56 | Spreadsheet - The Atlas – April 6, 2014 (BOX0029592) (Lemenager Depo Ex. 56) |
| 57 | Spreadsheet - New Data Model - Current tables (old version (BOX0435821) (Lemenager Depo Ex. 57) |

| TX | DESCRIPTION |
|----|-------------|
| 60 | Spreadsheet - Enterprise Acct Analysis (supporting_analyses_for_pi. ) (BOX0438390) (Lemenager Depo Ex. 60) |
| 64 | Spreadsheet – Backup_32K Paying Businesses (BOX0429505) (Lemenager Depo Ex. 64) |
| 123 | Email re: Brainstorm Open In Desktop from the Web Strategy, dated 6/22/11 (BOX0015248 – BOX0015249) (Savage Depo Ex. 123) |
| 124 | Email re: Update on Open on Desktop, dated 7/1/11 (BOX0015250 – BOX0015251) (Savage Depo Ex. 124) |
| 125 | Open On Desktop PRD (BOX0564275 – BOX0564283) (Savage Depo Ex. 125) |
| 166 | Spreadsheet – Box Financials (BOX1087348) (Mannie Depo Ex. 166) |
| 172 | Customer Statistics – January 2013 (BOX0029478) (Divecha Depo Ex. 172) |
| 174 | Enterprise Strategy Group – Economic Value Validation Box Online File Sharing & Collaboration for Enterprise IT (BOX0033341 – BOX0033367) (Divecha Depo Ex. 174) |
| 175 | Power Point – CIO Collaboration Tools and Solutions CIO/CSO Market Pulse Survey for Box.net, dated 10/11 (BOX0137744 – BOX0137765) (Divecha Depo Ex. 175) |
| 176 | Spreadsheet - Bulk import for RefStor Q1 2013 - Customer Stories (BOX0521799) (Divecha Depo Ex. 176) |
| 179 | Spreadsheet – Users Installed on Windows Sync vs. Mac Sync (BOX1087347) (Lemenager Depo Ex. 179) |
| 180 | The Atlas: Overview, Bates BOX0029576 (Lemenager Depo Ex. 180) |
| 180 | Spreadsheet - The Atlas – December 15, 2013 (BOX0029576) (Lemenager Depo Ex. 180) |
| 182 | Spreadsheet – Actions Across Box Users Per Month (BOX1087344 ) 178 – (Lemenager Depo Ex. 178) 182 – (Galea Depo Ex. 182) |
| 183 | Salesforce Feature Requests 031113 (BOX0613719) (Galea Depo Ex. 183) |
| 184 | Spreadsheet - Dashboard Dictionary (BOX0727379) (Lemenager Depo Ex. 58) (Galea Depo Previously Marked Ex. 184) |
| 213 | M. Self email re: Box Edit Usage (BOXEM_SAVAGE_0007259) |
| 216 | Power Point – UserExperience (BOX0427057 – BOX0427077) |
| 217 | Project Vulcan Q1 Plans (BOX0564284 – BOX0564285) |
| 218 | Box Edit Blog Post – Box Edit with Auto-Updated Means Easier File Editing, Forever (BOX0418578 – BOX0418580) (OTEX200247739 – OTEX200247748) (LEONARD0000271 – LEONARD0000280) |
| 219 | Top 50 Apps by Users (yesterday) (BOX0654677) |
| 220 | Power Point - Drinking Our Own Champagne (BOX0014982 – BOX0015018) |
| 221 | Power Point - Box Product Roadmap – Updated Q2 2014 (BOX0178434 – BOX0178502) |
| 222 | B. Savage email re: [Gartner PCC] Trip Report – Key Observations from the event (BOXEM_DORMAN_0018970 – BOXEM_DORMAN_0018974) |

| TX | DESCRIPTION |
|---|---|
| 223 | Box Financial Results Summary 2014 (BOX0438238 – BOX0438246) |
| 250 | Spreadsheet – OT Logins (BOX1087345) |
| 251 | Spreadsheet – Product actions per account (09.17.14) (BOX1087346) |
| 252 | Spreadsheet – Actions across box users per month (BOX1087351) |
| 255 | IBM and Open Text – License Agreement (OTEX004245873 – OTEX004245891) |
| 257 | G. Dorman email re: Voice of the Customer: Box Edit (BOXEM_SAVAGE_0009842 – BOXEM_SAVAGE_0009844) |
| 262 | Alfresco Settlement Agreement with Open Text S.A., dated 9/29/2014(OTEX200229709 – OTEX200229720) |
| 263 | Box Corporate Pitch (External) (BOX0000246 – BOX0000394) |
| 268 | Freemium in the Enterprise – One Year Later (BOX0214191 – BOX0214193) |
| 270 | Power Point - Box Business and Financial Update, dated 8/14 (BOX1075965 – BOX1076002) |
| 271 | Power Point - The Freemium Imperative (BOX1077502 – BOX1077523) |
| 272 | Operation Scorched Earth: How Box is Going to Win (BOX1078768 – BOX107877) |
| 288 | Spreadsheet – Top 100 Customers, dated 5/27/14 (BOX0730284) |
| 292 | Box Edit on Client Machine (BOX0013458 – BOX0013460) |
| 293 | Box: Enhance Your ECM Investments with the Cloud (BOX0015590 – BOX0015591) |
| 294 | Power Point - Intapp Box Builder – Connecting ECMs with Box (BOX0015871 – BOX0015886) |
| 295 | Power Point - AR Stats – 2014 Predicts (BOX0016508 – BOX0016528) |
| 296 | Power Point - Platform Rising (BOX0035981 – BOX0036025) |
| 297 | Power Point - Competitive 101 (BOX0146453 – BOX0146491) |
| 298 | Power Point - Forrester – Making Leaders Successful Every Day (BOX0178581 – BOX0178599) |
| 299 | Innovation at Box: Product Release Timeline (BOX0285467 – BOX0285471) |
| 300 | Power Point – BoxDev14 (BOX0286285 – BOX0286398) |
| 301 | ECM Cloud Connect Qualifying Questions (BOX0546696 – BOX0546697) |
| 302 | Get more out of box (BOX0342344) |
| 304 | Qualification of SMB Stickiness (BOX0432691) |
| 305 | Power Point – Really Big Deals at Box (BOX0449553 – BOX0449567) |
| 306 | New - Pricing Comparison Elite (External) (BOX0453104 – BOX0453105) |
| 307 | Power Point - Box Desktop, dated 9/13 (BOX0459227 – BOX0459232) |
| 308 | Box Messaging and Positioning Questionnaire Chart (BOX0508810 – BOX0508814) |
| 309 | Power Point - Project Palantir, dated 9/19/13 (BOX0744664 – BOX0744717) |

| TX | DESCRIPTION |
|---|---|
| 310 | Creating a Market Category for Box (BOX0748920 – BOX0748926) |
| 311 | EntrophySoft – Open Text eDocs DM Connector Guide 4.5.43 (BOX0749725 – BOX0749735) |
| 312 | Power Point - Cloud EIM (OTEX200108610 – OTEX200108629) |
| 313 | Power Point - ECM Response to SharePoint/Box/Huddle, dated 8/6/12 (OTEX200112266 – OTEX200112289) |
| 315 | PowerPoint - Enterprise Connect Technical Overview, dated 4/29/10 (OTEX003697548 – OTEX003697584) |
| 317 | Globant – IT Professional Services Amendment #07 - SOW #01 re Box Edit (BOX0013530 – BOX0013535) |
| 323 | Box.net Financial Statements With Report of Independent Certified Public Accountants, December 31, 2008 and 2007 (BOX0034376 – BOX0034397) |
| 330 | Spreadsheet titled The Atlas (2014-02-16).xlsx |
| 344 | C. Yeh email re: Product Update for August (BOXEM_LEVIE_0014388- BOXEM_LEVIE_0014399) |
| 345 | Box Edit Usage - Greenfield Active Users (BOX0453089 – BOX0453090) |
| 346 | Power Point - Price Proposal for Nimbus (OTEX200109160 – OTEX200109175) |
| 347 | Power Point - Nimbus Proposal Preview, (OTEX200109738 – OTEX200109758) |
| 348 | A. Levie email re: Box/SAP (BOXEM_LEVIE_0005466- BOXEM_LEVIE_0005467) |
| 349 | Power Point - Project Nimbus Overview (OTEX200109800 – OTEX200109811) |
| 350 | Certified File Wrapper for U.S. Patent Application No. 14/046,726 (OTEX200244017 – OTEX200246651) Excerpt |
| 351 | M. Twitty email re: Motorola (Request to Send Email to Eduardo) (BOXEM_LEVIE_0002810) |
| 352 | Certified Patent Application No. 61/554,450, dated 11/1/11 (OTEX200246758 – OTEX200246771) |
| 353 | Internal Only - Active Users (BOX0453084 – BOX0453085) |
| 359 | Certified File Application No. 61/709,407, dated 10/4/12 (OTEX200246867 – OTEX200246938) |
| 360 | Patent Application No. 61/641,824, dated 5/2/12 (OTEX200104954 – OTEX200104984) |
| 361 | Certified Patent Application No. 61/668,626, dated 7/6/12 (OTEX200246827 – OTEX200246838) |
| 368 | AirWatch vs. Box – Battle Card , (BOX0026454 – BOX0026458) |
| 369 | YouSendIt vs. Box – Battle Card, (BOX0026716 – BOX0026721) |
| 370 | IDC Link BoxWorks 2012, BOXing Above its Weight Into the Enterprise (BOX0046293 – BOX0046295) |
| 371 | Dylan Smith CFO Presentation Script (BOX0662068 – BOX0662072) |
| 375 | Spreadsheet – Answers (43) (BOX0032920) |
| 382 | Power Point - Box Competitive Intelligence Program (BOX0444181 – BOX0444206) |
| 383 | Power Point – 8.14.13 EMEA Competitive Training (BOX0451293 – BOX0451321) |
| 384 | Power Point – 8.6.13 Competitive 201 (BOX0161563 – BOX0161592) |
| 385 | Spreadsheet - Sync Feature Requests - 2013 (BOX0610400) |
| 386 | Spreadsheet - Sync Beta Requests Round 1 (BOX0791120) |
| 390 | Spreadsheet - Livelink Enterprise Server Package Feature Matrix (OTEX002346046) |
| 391 | Q1 FY2015 Earnings Script (BOX0662038 – BOX0662040) |
| 392 | Forbes Article – "How the Kids at Box are Disrupting Software's Most Lucrative Game" (BOX0286906 – BOX0286912) |

| TX | DESCRIPTION |
|----|-------------|
| 393 | Power Point - Box Pricing Updates: The Why, How, and When, (BOX0037657-BOX0037696) |
| 394 | Power Point – Path to Profitability, (BOX1087361 – BOX1087382) |
| 396 | D. Smith email re: Box Mezzanine Deck V0 + Status (BOXEM_LEVIE_0020183 – BOXEM_LEVIE_0020186) |
| 402 | Power Point – Box.net Series B (BOX0032133 – BOX0032146) |
| 406 | Power Point – Pricing Strategy 2.0, (BOX0195385 – BOX0195410) |
| 407 | The Atlas, (BOX0029585) |
| 408 | The Atlas, (BOX0029586) |
| 409 | The Atlas, (BOX0029587) |
| 410 | The Atlas, (BOX0029588) |
| 411 | The Atlas, (BOX0029589) |
| 412 | The Atlas, (BOX0029590) |
| 413 | The Atlas, (BOX0029591) |
| 417 | Open Text – Reactive Statement (BOX0286129) |
| 418 | J. Das Email re: Box/SAP (BOXEM_LEVIE_0000797) |
| 419 | Power Point - SAP Solution Extensions by Open Text, ECM for SAP (OTEX000924427 – OTEX000924458) |
| 420 | Power Point – Hitting the Boardwalk and Park Place, Box Pricing Training 301, (BOX0284094 – BOX0284117) |
| 421 | EntrophySoft - Vignette Content Management Connector Guide (BOX0750326 – BOX0750347) |
| 422 | Competitive for S-1 – Redlined (BOX0733880 – BOX0733881) |
| 423 | Competitive for S-1_v2 (BOX0733882 – BOX0733883) |
| 424 | Power Point - Show me the Money: Box Pricing 101,  (BOX0037765 – BOX0037796) |
| 426 | SAP Solution Brief  - Document and Data Management for SAP Solutions (OTEX000206425 – OTEX000206428) |
| 427 | Power Point - IXOS for SAP FI Improving Efficiencies with Accounts Payable & Receivable (OTEX000935728 – OTEX000935788) |
| 428 | Power Point - Project Nimbus Overview and Plan, (OTEX200109824 – OTEX200109847) |
| 429 | Power Point - One IT BT Livelink Explorer Workshop (OTEX000403038 – OTEX000403048) |
| 430 | Livelink ECM – WebDAV Installation and Administration Guide (OTEX000383205 – OTEX000383304) |
| 431 | Feature Matrix – Livelink Enterprise Server Solutions, (OTEX000348740 – OTEX000348750) |
| 432 | Tempo in a Box Campaign Plan (OTEX000228130 – OTEX000228132) |
| 433 | Power Point - Open Text Tempo Pricing – Overview for Sales, (OTEX005004811 – OTEX005004820) |
| 435 | Open Text Enterprise Connect and Office Editor Release notes (OTEX004514682 – OTEX004514706) |
| 436 | Power Point - Enterprise Connect Overview & Desktop Migration (OTEX004476987 – OTEX004477019) |
| 437 | PowerPoint - Enterprise Connect Technical Overview, (OTEX003697548 – OTEX003697584) |
| 438 | Livelink ECM Package Feature Matrix, (OTEX003513112) |
| 439 | Livelink ECM Package Feature Matrix, (OTEX003444735) |
| 440 | User Sales Order Forms (OTEX003390375 – OTEX003390385) |
| 441 | Livelink ECM – Office Editor MSI 3.2.0 Release Notes, (OTEX003323633 – OTEX003323635) |

| TX | DESCRIPTION |
|---|---|
| 442 | Spreadsheet - Livelink Package Maintenance Revenue Breakdown & Royalty Calculations v3.0, (OTEX002199600) |
| 443 | Spreadsheet - Livelink Package Revenue Breakdown & Royalty Calculations v2.0, (OTEX001527800) |
| 444 | Spreadsheet - Livelink ECM Package Feature Matrix (OTEX001157438) |
| 445 | Spreadsheet - Livelink ECM Package Feature Matrix, (OTEX001061038) |
| 446 | A Comparison of Livelink WebDAV, LL Explorer and Edit-Compose Functionality (OTEX001022311 – OTEX001022320) |
| 447 | WebDAV vs Livelink Explorer (OTEX001022271 – OTEX001022281) |
| 448 | Power Point - Livelink Explorer Product Presentation, (OTEX000789835 – OTEX000789903) |
| 449 | Power Point - Project Frenemy (BOX0443115 – BOX0443127) |
| 450 | A. Levie email Box/SAP (BOXEM_LEVIE_0000986- BOXEM_LEVIE_0000987) |
| 451 | R. Branitzky email re: Box/SAP (BOXEM_LEVIE_0003154-BOXEM_LEVIE_0003155) |
| 452 | M. Twitty email re: Motorola Request to Send Email to Eduardo) (BOXEM_LEVIE_0004194- BOXEM_LEVIE_0004195) |
| 453 | A. Levie email re: Box/SAP (BOXEM_LEVIE_0004287) |
| 455 | J. Chen email re: Motorola (Request to Send Email to Eduardo) (BOXEM_LEVIE_0006079- BOXEM_LEVIE_0006080) |
| 456 | J. Das email re: Box Dec Board Meeting (BOXEM_LEVIE_0006270-BOXEM_LEVIE_0006271) |
| 458 | Open Text Annual Report – 2011 (OTEX001777002 – OTEX001777165) |
| 459 | Feature Matrix Livelink Enterprise Server Solutions, Revised 8/8/04 (OTEX000797244 – OTEX000797253) |
| 460 | Open Text Corporation Form 10-K for FYE 6/30/12 (OTEX000513210 – OTEX000513335) |
| 461 | Power Point – Livelink ECM Price Calculator v7.0.x – Overview 12/06 (OTEX000298377 – OTEX000298445) |
| 462 | Overview of Livelink Packages (OTEX000214792 – OTEX000214816) |
| 463 | Open Text Annual Report – 2010 (OTEX003211721 – OTEX003211876) |
| 464 | Open Text Annual Report – 2013 (OTEX007541731 – OTEX007541884) |
| 465 | Feature Matrix Livelink Enterprise Server Solutions, revised 8/8/04 (OTEX004615476 – OTEX004615485) |
| 466 | U.S. Patent Application No. 61/697,511 (OTEX200105423 – OTEX200105448) |
| 467 | U.S. Patent Application No. 61/653,876 (OTEX200105154 – OTEX200105177) |
| 468 | Spreadsheet – Livelink ECM Package Feature Matrix 20060321 (OTEX001157428) |
| 469 | Spreadsheet – Livelink ECM Package Feature Matrix (2006-02-14) (OTEX001888028) |
| 470 | Spreadsheet – Product Definitions Livelink Infrastructure Products QuickReference (OTEX002674614) |
| 471 | Spreadsheet – CrossSell Analysis CEM 20120829 (OTEX003290003) |
| 472 | Spreadsheet – Livelink ECM Package Feature Matrix 2007-06-22 (OTEX004259656) |
| 473 | Spreadsheet – Product Definitions – Livelink Enterprise Server Packages QuickReference Spreadsheet (OTEX004486319) |
| 474 | Spreadsheet – Gartner Livelink Infrastructure Package Reference Chart (OTEX004613454) |
| 475 | Spreadsheet – Livelink Package License Revenue Breakdown & Royalty Calculations (2005-08-01) (OTEX004632819) |
| 477 | Spreadsheet – Copy of Livelink ECM Package Feature Matrix (2007-06-22) (OTEX004872216) |

| TX | DESCRIPTION |
|---|---|
| 482 | Email from A. Levie re: Box/SAP (BOXEM_LEVIE_0002388 – BOXEM_LEVIE_0002389) |
| 495 | Power Point – BoxSKOFY15 – BOX0426702 – BOX0426739) |
| 1812 | Report: Price Proposal for Nimbus, Bates OTEX200109160-9175 (Howatson Depo Ex. 1812) |
| 2701 | Power Point – Open Text Cross Patent License Renewal (OTEX002834539 – OTEX002834584) (Unruh Ex. 2701) |

**D.    Open Text's Interrogatory Response on October 15, 2014 identified the date of the hypothetical negotiation between the parties**

On October 15, 2014, in response to Interrogatory 18, which was served on September 15, 2014, Open Text identified its evidence concerning the date of the hypothetical negotiation between the parties. (Ex.16, Pl.'s Resp. to Third Set Interrogs. at 8-9.)

The following trial exhibits are cited in that interrogatory response and relevant to Open Text's damages:

| TX | DESCRIPTION |
|---|---|
| 60 | Spreadsheet - Enterprise Acct Analysis (supporting_analyses_for_pi. ) (BOX0438390) (Lemenager Depo Ex. 60) |
| 179 | Spreadsheet – Users Installed on Windows Sync vs. Mac Sync (BOX1087347) (Lemenager Depo Ex. 179) |
| 182 | Spreadsheet – Actions Across Box Users Per Month (BOX1087344 ) 178 – (Lemenager Depo Ex. 178) 182 – (Galea Depo Ex. 182) |
| 255 | IBM and Open Text – License Agreement (OTEX004245873 – OTEX004245891) |
| 262 | Alfresco Settlement Agreement with Open Text S.A., dated 9/29/2014(OTEX200229709 – OTEX200229720) |
| 287 | Spreadsheet – Box_Projections (2007-2008) (BOX0037920) |
| 2701 | Power Point – Open Text Cross Patent License Renewal (OTEX002834539 – OTEX002834584) (Unruh Ex. 2701) |

**E.    Open Text Designated Evidence in Box's Interrogatory Responses That is Relevant to Damages**

Open Text designated the following Box interrogatory responses for trial, which provide additional evidence of damages:

- Interrogatory No. 13: For each month since June 2006, identify the number of

times that each of your customers, by user, used each Feature of the Accused

Instrumentalities for which you can track usage.

> (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 5:12-
>
> 77:7, Oct. 14, 2014 (addressing individual user and customer use of the
>
> accused products and features).)

- Interrogatory No. 14: For each month since May 2014, for each of your customers and each user associated with that customer, identify the number of times the Box Android application has been used to download files from Box, open those files in local applications on the Android device, and synchronize any changes made to the files in the local applications with the file store remotely in the Box database.

> (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 77:10-
>
> 78:13, Oct. 14, 2014 (addressing usage of specific functionality of the Box
>
> Android application).)

- Interrogatory No. 15: Describe all valuations by or on behalf of you of each Feature of the Accused Instrumentalities, including any metrics used to determine value.

> (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 78:15-
>
> 79:15, Oct. 14, 2014 (addressing all valuation of each feature of the
>
> accused products including metrics to determine value).)

- Interrogatory No. 16: Describe all valuations by or on behalf of you of each Feature of the Accused Instrumentalities, including any metrics used to determine value.

> (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 79:17-
>
> 81:14, Oct. 14, 2014 (addressing substance of communications with
>
> potential financers concerning Box's losses, potential profitability, and
>
> pricing strategy).)

- Interrogatory No. 18: Identify, for each week since the week beginning May 28, 2006, paid users and unpaid users of each Accused Instrumentality during the

1    preceding seven days, including identifying the customer name and Accused

2    Instrumentality for each user.

3        (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 82:20-

4        83:21, Oct. 14, 2014 (addressing identification of each paid and unpaid

5        user or customer by accused instrumentality).)

6    •  Interrogatory No. 19: Describe all pricing models that you have employed

7    concerning the pricing of any of the Accused Instrumentalities, including, for each,

8    the amounts charged under the pricing model, the Accused Instrumentalities for

9    which the pricing model applied, and the time period(s) during which the pricing

10   model was used.

11       (Ex. 17, Box's Resp. to Pl.'s Third Set of Interrogs. (Nos. 13-19) 83:23-

12       86:21, Oct. 14, 2014 (addressing descriptions of pricing models for the

13       accused products).)

14   **F.    Ms. Holt's Expert Report Provided Further Notice of Open Text's Evidence of Damages**

15

16   Open Text will not call Ms. Holt to testify concerning damages at trial, but the contents of

17   Ms. Holt's expert report put Defendants on notice regarding Open Text's evidence of damages.

18   For example, the following sections in Ms. Holt's report identify evidence that will be presented

19   at trial that is relevant to damages and the parties' bargaining positions during the hypothetical

20   negotiation:

21   •  Overview of Open Text's business (Ex. 21, Holt Report at 4-9.)

22   •  Overview of Box's and Carahsoft's businesses and customers (Ex. 21, Holt Report
        at 9-31.)

23

24   •  Discussion of competition within the Enterprise Information Management
        marketplace (Ex. 21, Holt Report at 31-36.)

25

26   •  Identification of facts relevant to the bargaining position of Open Text and Box
        during the hypothetical negotiation (Ex. 21, Holt Report at 89-90.)

27

28

1

## V.     DAMAGES THEORIES OPEN TEXT INTENDS TO OFFER AT TRIAL

2

### A.     Open Text Has More Than Enough Evidence of Damages to Allow the Jury to Make a Damages Award

3

4

In accordance with the Federal Circuit's holding in *Apple, Inc. v. Motorola, Inc.*, 757 F.3d

5

1286, 1327-28 (Fed. Cir. 2014), Open Text will offer more than enough evidence of damages at

6

trial for the jury to determine an award of damages in accordance with Jury Instruction Nos. 35

7

and 36.   Based on that evidence, the fact finder is required to determine a reasonable royalty

8

based on the evidence.  *Id.*

9

### B.     Open Text's Damages Presentation Will Conform to the Law on Damages, the Jury Instructions, and Its Discovery Disclosures

10

11

Open Text's damages proofs will conform to the damages disclosures identified in this

12

proffer, which were timely disclosed to Defendants during the fact discovery period. Rather than

13

advocate that the jury to select (1) a specific royalty rate and base, (2) a specific fixed number of

14

dollars per unit sold, or (3) a specific lump sum, Open Text will present evidence concerning each

15

of the factors set forth in Instruction No. 36.  From the presented facts, the jury will be able to

16

carry out its duty under Instruction No. 35.  The jury will be able to select the type of royalty that

17

is appropriate in this case.  If the jury selects a percentage royalty, the jury will be able to

18

determine the appropriate base from the presented evidence.  All sales to Box users infringe

19

because each sale is capable of infringement whether or not the user actually downloads the

20

infringing feature, Box Edit.  The jury will be able to apportion this full base by identifying the

21

number of Box users who specifically elected to download the infringing feature.  The jury will

22

then be able to determine a royalty rate based on the presented facts, including the ratio of the

23

value of comparable Open Text editing features to the full value of the Open Text products.

24

To the degree that further apportionment is necessary, the jury may determine, based on

25

offered factual evidence, that "the value of the patented feature could not be separated out from

26

the value of the whole product" in accordance with the jury instruction.  In this situation, the jury

27

would not need to apportion further based on the fourth paragraph of Instruction No. 35.

28

Alternatively, the jury would be able to determine damages based on a fixed number of dollars

per unit sold based on the third paragraph of Instruction No. 35. The offered facts, as organized around the factors of Instruction No. 36, provide the jury with the number of total infringements and the number of infringers that specifically downloaded Box Edit. The jury would then be able to determine the value of each infringing unit based on Open Text pricing of similar technology.

Further, the jury will be able to determine a one-time lump sum covering past and future sales based on the number of total infringements and the number of users that specifically downloaded Box Edit. Based on Open Text's pricing for comparable technology and Box's need for Box Edit, the jury would be able to determine an appropriate lump sum. Accordingly, based on the facts, the jury will be able to satisfy its obligation under Instruction No. 35 to determine "what royalty would have resulted from the hypothetical negotiation." Open Text organized its responses to Box's interrogatories such that they match Instruction No. 36. Open Text specifically directs the Court to Open Text's responses to Interrogatory No. 6, which matches Jury Instruction No. 36, and were served well in advance of the close of fact discovery on September 24, 2014.

To be clear, neither counsel, Open Text's experts, nor Open Text's witnesses will advocate that the jury apply a particular royalty or base to this case. The witnesses will present facts relevant to Instruction No. 36. Counsel will explain how those facts relate to the jury instructions. The jury will be empowered, as explained in *Apple v. Motorola*, by the Court's Jury Instructions Nos. 35 and 36 to weigh the facts and apply them in accordance with law to determine the type and amount of damages to award.

### 1.    Identification of Exemplary Damages Evidence By Topic

In accordance with Jury Instruction Nos. 35 and 36 and the *Georgia-Pacific* factors, Open Text identifies the following exemplary evidence, which it intends to introduce at trial, and which is relevant to each of the damages categories identified below:

| Usage and Base | Importance of Technology | Apportionment | Relative Bargaining Positions and Competition |
|---|---|---|---|
| BOX0034554 (TX741) | BOX0015248 (TX123) | OTEX2199600 (TX442) | BOX0027275 (TX12) |

| BOX0438390 (TX60) | BOX0418578 (TX218) | OTEX4632819 (TX475) | BOX0733882 (TX423) |
| --- | --- | --- | --- |
| BOX1071600 (TX11) | BOX0438390 (TX60) | BOX0032171 (TX21) | BOX1071320 (TX20) |
| BOX0027396 (TX256) | BOX1071600 (TX11) | BOX0034554 (TX741) | BOX1071600 (TX11) |
| BOX0037765 (TX424) | BOXEM_LEVIE_14388 (TX344) | BOX0194270 (TX749) | TX450 |
| BOX0438238 (TX223) | OTEX200109160 (TX1812) | BOX0438390 (TX60) | OTEX00228130 (TX813) |
| BOX1088347 (TX494) | | BOX0228130 (TX432) | OTEX200109138 (TX1811) |
| TX496 | | OTEX200109138 (TX1811) | OTEX200109160 (TX1812) |
| TX060 | | OTEX200109160 (TX1812) | OTEX200112266 (TX313) |
| TX161 | | OTEX001088347 (TX494) | OTEX000924427 (TX419) |
| TX179 | | OTEX002346046 (TX390) | OTEX000513210 (TX460) |
| TX223 | | OTEX001941944 (TX498) | OTEX200109138 (TX489) |
| | | OTEX000513211 (TX460) | OTEX200109242 (TX490) |
| | | OTEX002199600 (TX442) | OTEX200109994 (TX491) |

Because of the short notice associated with the Court's order on this proffer of evidence and the Court's sealing requirements for confidential documents, Open Text will lodge these exhibits with the Court after receiving guidance from the Clerk.

**2.     Exemplary Examination Topics for Witnesses With Knowledge of Damages**

In accordance with its discovery disclosures, the *Georgia-Pacific* factors, and Jury Instruction Nos. 35 and 36, Open Text intends to present testimony from the following witnesses on the following topics:

**a.     Adam Howatson**

- Value of comparable technology sold by Open Text

- Pricing of comparable technology sold by Open Text

- Competition between Box and Open Text

- Ability to separate the value of the patented feature from the value of the whole Box service

- Growth rate
- Lifetime value
- Margins
- Retention rate
- Convoyed sales
- Open Text willingness to license
- Open Text licensing history and policy
- Portion of selling price attributable to analogous inventions

### b.  Trevor Unruh

- Open Text patent licensing history and policy

### c.  Nic Carter

- Value of comparable technology sold by Open Text
- Pricing of comparable technology sold by Open Text
- Importance of patented technology to Open Text products
- Competition between Box and Open Text
- Ability to separate the value of the patented feature from the value of the whole Box service
- Growth rate
- Lifetime value
- Margins
- Retention rate
- Convoyed sales
- Open Text willingness to license
- Open Text licensing history and policy
- Open Text use of the patented technology
- Advantages of the patented technology over other methods
- Portion of selling price attributable to analogous inventions
- Open Text patent licensing history and policy

1                 **d.**       **Griffin Dorman**

2   •  Importance of patented technology to Box customers

3   •  Demand for patented technology by Box customers

4   •  Importance and demand for patented technology by Box corporate customers

5   •  Issues with Box's old technology and the need for another technology option

6                 **e.**       **Dylan Smith**

7   •  Usage of the patented technology

8   •  Number of users

9   •  Growth rate

10   •  Lifetime value

11   •  Margins

12   •  Retention rate

13   •  Box ability to pay a royalty at the time of the hypothetical negotiation

14   •  Box's pricing and losses

15   •  Value of corporate customers

16                 **f.**       **Sebastien Lemenager**

17   •  Usage of the patented technology

18                 **g.**       **Chris Yeh**

19   •  Ability to separate the value of the patented feature from the value of the whole

20      Box service

21   •  Demand for patented technology by Box customers

22                 **h.**       **Aaron Levie**

23   •  Box's business model for growth and the associated business risks

24   •  Box's pricing model that results in losses

25   •  Benefit to Box realized through high-user growth

26   •  Need for rapid user growth

27                 **i.**       **Whitney Bouck**

28   •  Competition between Box and Open Text

1        • Value of corporate customers

2    **VI.    CONCLUSION**

3        Open Text respectfully requests the Court to accept this proffer of evidence and allow it to

4    proceed with its presentation of damages evidence at trial.

5

6    Dated:   January 31, 2015                COOLEY LLP

7

8                                            *s/ Orion Armon*
                                            _____
9                                            Thomas J. Friel, Jr. (SBN 80065)
                                            Sarah J. Guske (SBN 232467)

10                                           Wayne O. Stacy *(pro hac vice)*
                                            Brian J. Eutermoser *(pro hac vice)*
11                                           Britton F. Davis *(pro hac vice)*
                                            Sara J. Bradford *(pro hac vice)*
12                                           Angela L. Campbell *(pro hac vice)*
                                            COOLEY LLP
13                                           380 Interlocken Crescent, Suite 900
                                            Broomfield, CO 80021-8032
14                                           Telephone: (720) 566-4000
                                            Facsimile: (720) 566-4099
15                                           wstacy@cooley.com
                                            sguske@cooley.com
16                                           beutermoser@cooley.com
                                            bdavis@cooley.com
17                                           sbradford@cooley.com
                                            acampbell@cooley.com
18

19                                           *Attorneys for Plaintiff Open Text S.A.*

20   113686036 v1

21

22

23

24

25

26

27

28

Case No. C 13-04910 JD                    27.               **PROFFER OF EVIDENCE ON DAMAGES**