| | |
|---|---|
| COOLEY LLP<br>THOMAS J. FRIEL, JR. (SBN 80065)<br>(tfriel@cooley.com)<br>101 California Street<br>5th Floor<br>San Francisco, CA 94111-5800<br>Telephone:(415) 693-2000<br>Facsimile: (415) 693-2222<br><br>SARAH J. GUSKE (SBN 232467)<br>(sguske@cooley.com)<br>WAYNE O. STACY  (pro hac vice)<br>(wstacy@cooley.com)<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO  80021-8023<br>Telephone:(720) 566-4000<br>Facsimile: (720) 566-4099<br>Attorneys for Plaintiff OPEN TEXT S.A. | John P. Bovich (SBN 150688)<br>Email:    jbovich@reedsmith.com<br>Scott D. Baker (SBN 84923)<br>Email:    sbaker@reedsmith.com<br>Jonah D. Mitchell (SBN 203511)<br>Email:    jmitchell@reedsmith.com<br>Adaline J. Hilgard (SBN 173213)<br>Email:    ahilgard@reedsmith.com<br>REED SMITH LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA  94105-3659<br>Telephone: +1 415 543 8700<br>Facsimile: +1 415 391 8269<br><br>Attorneys for Defendants<br>BOX, INC. and CARAHSOFT TECHNOLOGY<br>CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT, S.A.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION,<br><br>　　　　　Defendants. | No.: C 13-04910 JD<br><br>**DEFENDANTS' OBJECTIONS TO OPEN TEXT'S PROPOSED WITNESSES AND EXHIBITS FOR FEB. 2, 2015**<br><br>Compl. Filed:  June 5, 2013<br>FAC Filed:  December 23, 2013<br>Trial Date:  February 2, 2015<br><br>Hon. James Donato |

# DEFENDANTS' OBJECTIONS

## I. DR. POLISH'S TESTIMONY AND TX254

Dr. Polish's testimony and the exhibit he created to show alleged infringement of the Groupware patents (TX254) are irrelevant and prejudicial to Box. There are two issues left to be tried: (1) liability as to the File Sync patents and (2) damages, if any. Open Text's Proffer (DN 503) confirms Dr. Polish offers no damages opinion, and he cannot offer any liability opinions. Dr. Polish provided notice in his reports that his opinions were limited to the Groupware patents. He also admitted that he has no opinions whatsoever with respect to the File Sync patents in deposition:

> Q (BY MR. DAIRE) . . . [Y]ou have no opinions whatsoever with respect to the client side update patents[1], correct?
> A Correct. None. I had enough work to do on these [Groupware] patents. I did not involve myself on that -- in those patents…

[Depo. at 248:12-249:15] Accordingly, his testimony and exhibit are not relevant. TX254 reflects no demonstration of the accused products – Box Edit or Android editing – and instead relates to the functionality accused under the Groupware patents. Further, allowing Dr. Polish to testify would constitute prejudicial unfair surprise given the testimony provided in his reports and during deposition, and waste the Court and jury's time. His testimony and TX254 should be excluded.

## II. TX388 AND SEBASTIEN LEMENAGER

TX388 violates the Order granting Box's Motion *in Limine* related to Box's Patents and Patent Applications (Dkt. 469) and the Order Granting Box's Objection to Open Text's Slide 71 and the Exhibit (Dkt. 499). The Court should exclude it again. For the same reason, the Court should preclude Open Text from offering portions of Mr. Lemenager's (30(b)(1) deposition testimony regarding Box's patents (at 179:20-180:15).

## III. TX011

TX011, Box's Amended Form S-1, violates two of the Court's *in limine* rulings precluding (1) evidence of Box's valuation before its IPO, the value of Box's equity financing, and Box's annual revenues, as well as (2) evidence of Box's patents and patent applications. (Dkt. No. 469 at 2.) The parties could not come to agreement on redactions for TX011. Open Text's proposed

---

[1] "Client side update patents" is Open Text's term for the File Sync patents. *See* Open Text, S.A. v. Box, Inc., No. 13-cv-04910-JD, 2014 WL 6766018, at *1 (N.D. Cal. Dec. 1, 2014).

redactions, for example, misleadingly suggest that "Box's core cloud software and Box Edit" are still at issue in this case. But Box's core cloud software is no longer at issue, only Box Edit. Open Text's selective redactions will mislead the jury and prejudice Box.[2]

## IV.   CERTAIN LOOMIS EXHIBITS

Open Text disclosed a large number of pricing and usage documents for its Nimbus/Core product that it intends to use with Paul Loomis (TX1811, TX1812, TX346, TX347, TX349, TX428, TX489, TX490, TX492, TX493).[3] These exhibits are improper for a number of reasons. First, there is no evidence that the Nimbus/Core product practices any of the patents-in-suit, and Open Text's expert is precluded from so testifying. *See* Dkt. No. 469, Order Granting Defendants' Motion in Limine No. 1. Thus, there is no basis for any opinion testimony that Nimbus/Core is a "comparable" technology to the accused Box Edit and Edit for Android functionality. In addition, the pricing and other data within these documents is not actual data, but rather proposed/forecasted data regarding the Nimbus/Core product when it was still in development. No actual sales or price data has been produced to Defendants. These documents are therefore irrelevant to any issue in the case, and should be excluded.

Further, these documents can only relate to Open Text's damages case. But Mr. Loomis was not disclosed as having knowledge of any aspect of Open Text's damages case in Open Text's Rule 26 disclosures, Open Text's interrogatory responses regarding damages, or in Open Text's recent Proffer of Evidence Concerning Damages (Dkt. No. 503). These exhibits are therefore out of bounds for Mr. Loomis.

## V.   CERTAIN HOWATSON EXHIBITS AND TESTIMONY

Open Text also disclosed Nimbus/Core business plans and pricing documents to use with Mr. Howatson (TX489, TX490, TX491, TX492, TX493, TX 1811,TX1812). These documents are

---

[2] To the extent the Court allows Open Text to introduce evidence regarding the risks Box faced in the litigation or suggest that its core software is at issue, Box respectfully requests that it be allowed to respond with evidence of the Court's preliminary injunction ruling and rulings invalidating the Marketing Dialogue and Groupware patents.

[3] Because exhibits TX1811, TX1812, TX346, TX347, TX349, TX428, TX489, TX490, TX492, TX493 have been designated "Highly Confidential-Attorneys' Eyes Only" by Open Text, they are not attached here. Consistent with the Court's December 26th Order, Open Text is evaluating whether a sealing request is required and the parties will submit these documents under separate cover as soon as possible.

irrelevant and should be excluded because there is no evidence that the Nimbus/Core product practices the File Sync patents or overs comparable technology, and the pricing data are not actual prices. Open Text has also disclosed proposed exhibits regarding features and pricing of two other Open Text products: Livelink (TX390, TX498, TX442) and Tempo (TX433). These documents are also irrelevant because there is no evidence that they practice the File Sync patents.

Moreover, as discussed in Open Text's Proffer, Open Text plans on eliciting testimony from Mr. Howatson regarding a number of topics on which he was not disclosed, and/or which call for expert testimony. These topics are: 1) ability to separate the value of the patented feature from the value of the whole Box service; 2) convoyed sales; 3) Open Text willingness to license; 4) Open Text licensing history and policy; and 5) portion of selling price attributable to analogous inventions. DN 503 at 25. As Open Text notes in its Proffer, Mr. Howatson was only disclosed as having knowledge of "development, design, and sale" of Open Text products. *Id.* at p. 6. Thus, Mr. Howatson was not disclosed as having knowledge of any of the aforementioned five topics, and should be precluded from testifying about them on that basis.

Further, each of these topics calls for speculative expert opinion testimony, providing another basis to preclude Open Text from eliciting such testimony from Mr. Howatson. *AVM Technologies, LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 146 (D. Del. 2013) (precluding lay witness from testifying to facts regarding damages except those within his personal knowledge; all other testimony is the "province of expert analysis"). Topic 1 is apportionment of Box Edit, which Ms. Holt attempted to perform in her capacity as expert. The Court should not allow Mr. Howatson, a lay witness, to attempt to fix Ms. Holt's faulty apportionment. Similarly, topic 5 first requires an opinion on what constitutes an "analogous invention" – clearly the subject of technical expert testimony – as well as a hypothetical apportionment exercise that is again improper for a fact witness to undertake.

**OPEN TEXT'S RESPONSES TO DEFENDANTS' OBJECTIONS**

**I.     DR. POLISH:** Dr. Polish will not testify about the Groupware patents. Nor will he offer opinions that the File Sync Patents are valid or infringed. His testimony will be limited to <u>noninfringing</u> functionality of the accused Box products as set forth in his report. Dr. Polish analyzed the accused Box software as a whole, as well as various features. He reviewed Box web pages, set up multiple Box accounts, and performed operations like creating folders and uploading documents. Pursuant to Rule 26(a)(2), Dr. Polish disclosed this analysis of the technology in his expert reports. (*See, e.g.*, Polish Opening Report at ¶¶ 99-102, 105-06, 109, 130, 132-33, 788-789, 791-93.) He also captured screenshots from Box's website documenting the Box platform. (*See* TX0254.) This analysis will be helpful to the jury because it shows how the infringing Box Edit and Mobile App features fit into the Box platform. And while the Box Edit and Mobile App features practice the asserted claims, <u>all</u> sales of Box include the infringing functionality, therefore all sales are infringing. 35 U.S.C. § 271(a). Stipulated Jury Instruction No. 35 defines a "reasonable royalty." (D.I. 471-1 at 30.) It instructs the jury that "[i]f the patent covers only part of the product that the infringer sells, then the [royalty] base would normally be only that feature or component." (*Id.* at ¶ 4.) One factor is "[t]he portion of the realizable profits that should be credited to the invention <u>as distinguished from nonpatented elements</u> . . . or significant features or improvements added by the infringer." (*Id.* at ¶ 13 (emphasis added).) Thus, the jury <u>must</u> consider the value of Box Edit and Mobile Apps as compared to nonpatented elements of the infringing Box software.

**II.    TX0254:** Defendants object to TX0254, Box screenshots Dr. Polish captured. Whether or not Dr. Polish testifies at trial, there is no basis for excluding screenshots from Box's website and software. Defendants originally did not object to Dr. Polish's screenshots when the parties filed jointly filed their original exhibit lists. (*See* D.I. 418-1 at 9 (listing OTEXB 2304-2435 on the undisputed list).) Even if the Court excludes Dr. Polish, either a Box witness or Open Text's remaining technical expert can authenticate the screenshots and provide any other necessary foundation. Open Text identified both as sponsoring witnesses, along with Dr. Polish. (*See id.*)

**III.   TX388 AND SEBASTIAN LEMENAGER:** In their Motion *in limine* No. 3, Defendants sought to block Open Text's presentation of opinions relating to Box's patents and patent

applications relating to infringement and validity.  (D.I. 393.)  The basic fact that Box patents exist and that Box acknowledges that it may need to defend its own patent rights do not fall within the scope of Defendants' Motion *in limine*.  Further, TX388 is highly probative of the value attributed to the accused Box Edit feature, an important issue for damages.  Jury Instruction No. 36, para. 11.  The exhibit shows that Box, including its executives, valued the accused technology enough to encourage patent protection.  For the Lemenager testimony, a key theme for the Defendants in this case has been that Open Text has been unreasonable in asserting its patent rights and is behind.

IV.     **TX011:** The parties have been able to reach some agreements regarding redactions of materials subject to the Court's Motions *in limine* Order, including the order precluding evidence of revenues and pre-IPO valuations and equity financings.  Certain of Defendants' proposed redactions go too far.  Defendants attempt to block damages evidence, including margins and growth and retention rates.  (*E.g.*, TX011 at 63.)  Not only does this information fall outside the scope of Defendants' Motion *in limine* No. 5, but growth rates are important evidence to relating to Jury Instruction No. 35, paragraph 5 relating to lump sum damages.  For margins, the evidence is applicable to Jury Instruction No. 36, paragraph 8, which addresses the profitability of the product made under the patents.  Since the vast, vast majority of Box's revenue is derived from infringing sales, margins are directly linked to profitability.  Defendants similarly overreach in applying the ruling on Motion *in limine* No. 3 by extending the ruling to preclude all evidence relating to Box's patents and views of the importance of patent rights.  (*E.g.*, TX011 at 28-29.)  This information rebuts Defendants' argument that Open Text is asserting its patent rights because it cannot otherwise compete with Box.  As for TX011's mention of the core cloud software as being implicated in this suit, Open Text agrees to redact "core cloud software" from the disclosures.

IV.     **LOOMIS:** Defendants deposed Mr. Loomis and have subpoenaed him to testify at trial in this case.  Defendants appear to be trying to restrict the fact testimony that Mr. Loomis can provide during Open Text's affirmative case in order to stage the evidence presented to the jury, even on subject matter that was within the scope of Defendants' deposition questions.  Mr. Loomis was an employee of Vignette (the original patent owner) and bridged the transition from Vignette to Open Text.  During his time at Vignette, he was responsible for the File Sync patents.  Mr. Loomis also

has knowledge relating to Open Text's marking and patent programs.  Defendants covered each of these topics during his deposition.  For the Nimbus/Core documents, Defendants rely heavily on the theme and contention that Open Text and Box do not compete.  The Core evidence rebuts Defendants' claims of no competition.  Competition is relevant at least to Jury Instruction No. 36, paragraph 5.  Further, as the Core evidence produced during discovery shows, Core has editing functionality that is at a minimum analogous technology to Box Edit and Mobile Apps.  This makes the Core pricing and development evidence directly relevant to Jury Instruction No. 36, paragraph 12.  *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1268 (Fed. Cir. 2013) (affirming damages award based on evidence of sales of comparable software).

**V.    HOWATSON:** As discussed for Mr. Loomis, the Nimbus/Core evidence is relevant to both competition and customary selling prices for analogous inventions.  Defendants asked Mr. Howatson questions about Nimbus/Core and the produced documents during his deposition.  Defendants raise no argument justifying preclusions of this highly probative evidence now.  Similarly, in accordance with Jury Instruction No. 36, paragraph 12, and the Federal Circuit's holding in *Versata Software*, Open Text will offer evidence concerning market demand, sales, and pricing for editing functionality comparable to the patented technology that has been and is included in Open Text's own products.  Documents and testimony concerning Open Text's flagship Livelink Enterprise Suit (including the disputed Howatson exhibits for Livelink), which was later renamed Content Server, are therefore highly relevant to competition between the parties and damages.  Testimony regarding Open Text's Tempo product is relevant to competition between the parties, because Open Text's witnesses will explain that Tempo was developed in response to a request by its biggest customer to counter Box.

Mr. Howatson will not offer expert testimony or opine on the value in Box's service.  He will, however, offer testimony based on his work experience regarding Open Text's business, the market for its products, competition with Box, and sales of products including comparable technology.  These topics are appropriate testimony for a lay witness under Rule 701.  Witnesses like Mr. Howatson may offer testimony "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  (D.I.. 487 at 12.)

| | | |
|---|---|---|
| 1 | Dated:    February 1, 2015 | Respectfully submitted, |
| 2 | | REED SMITH LLP |
| 3 | | */s/ Kirin K. Gill\** |
| 4 | | Kirin K. Gill (SBN 259968)<br>REED SMITH LLP |
| 5 | | 101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659 |
| 6 | | *Attorneys for Defendants Box, Inc. and Carahsoft Technology Corporation* |

COOLEY LLP

 s/ Sarah J. Guske
Thomas J. Friel, Jr. (SBN 80065)
Sarah J. Guske (SBN 232467)

Wayne O. Stacy *(pro hac vice)*
Brian J. Eutermoser *(pro hac vice)*
Britton F. Davis *(pro hac vice)*
Sara J. Bradford *(pro hac vice)*
Angela L. Campbell *(pro hac vice)*
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8032
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
wstacy@cooley.com
sguske@cooley.com
beutermoser@cooley.com
bdavis@cooley.com
sbradford@cooley.com
acampbell@cooley.com

*Attorneys for Plaintiff Open Text S.A.*

\* Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document.