John P. Bovich (SBN 150688)
Email:     jbovich@reedsmith.com
Scott D. Baker (SBN 84923)
Email:     sbaker@reedsmith.com
Jonah D. Mitchell (SBN 203511)
Email:     jmitchell@reedsmith.com
Adaline J. Hilgard (SBN 173213)
Email:     ahilgard@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
BOX, INC. and CARAHSOFT TECHNOLOGY
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT, S.A.,<br><br>    Plaintiff,<br><br>  vs.<br><br>BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION,<br><br>    Defendants. | No.: C 13-04910 JD<br><br>**DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING EVIDENCE OF DAMAGES AND IN SUPPORT OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 11<br><br>Compl. Filed:  June 5, 2013<br>FAC Filed:  December 23, 2013<br>Trial Date:  February 2, 2015 |

No.: C13-04910 JD

DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING DAMAGES AND IN SUPPORT
OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM

# I. INTRODUCTION

On January 31, 2015, the Court ordered Open Text to "provide the content of the damages theories it intends to offer, including any royalty base, royalty rate, analysis of Georgia-Pacific factors, or other computations." [Dkt. No. 500] Open Text did not comply with the Court's direction. It did not explain the damages theories it intends to offer, did not identify the royalty base or royalty rate it seeks, and offered no analysis of the *Georgia-Pacific* factors or any other computation supporting its damages claim. Open Text's offer of proof thus fails, and that alone should end the inquiry and preclude any damages claim from going forward.

Far from putting Box[1] or the Court on notice of its theories, Open Text's damages case remains anyone's guess – in fact, guessing is what Open Text impermissibly asks the jury to do. Indeed, rather than provide the Court or Box with any theory, damages amount or computation, Open Text instead claimed it intends to present a host of evidence and inadmissible and undisclosed expert opinion through fact witnesses, but will not advocate for a particular royalty or base to the jury. In other words, Open Text will ask the jury to sort it all out and speculate on any damages award in this case without providing any reliable damages theory or methodology to aid in that exercise. Federal Circuit authority is clear that is impermissible..

Moreover, even if the "substance" of Open Text's Proffer is to be considered, it merely underscores the prejudice to Box and the reasons why Open Text should be precluded from presenting a damages case to the jury. Pages 24 and 25 of the Proffer for Open Text fact witnesses Messrs. Howatson and Carter are illustrative. Open Text claims it intends to elicit testimony concerning the following:

- Ability to separate the value of the patented feature from the value of the whole Box service
- Convoyed sales
- Portion of selling price attributable to analogous inventions
- Advantages of patented technology over other methods (Mr. Carter only)
- Value of comparable technology sold by Open Text
- Pricing of comparable technology sold by Open Text

---

[1] For purposes of this brief, "Box" is used to refer collectively to both Defendants Box, Inc. and Carahsoft Technology Corporation.

No.: C13-04910 JD – 1 –

DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING DAMAGES AND IN SUPPORT
OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Each of these categories of testimony is the realm of expert opinion, but Open Text never made any expert disclosures for its fact witnesses, nor did it otherwise put Box on notice of the evidence it intends to introduce through these witnesses. Its Proffer shed no further light either, as Open Text failed to indicate what it actually intends to introduce from these witnesses on these subjects.

At bottom, this Court gave Open Text a very specific directive to disclose where, in discovery, it provided information on a royalty rate, a royalty base and a royalty calculation relying on the *Georgia Pacific* factors, and what theories and evidence it intends to offer at trial on these issues. It asked for this information because controlling law requires it in discovery and for Open Text to be able to present its case to the jury. Open Text has not responded with the needed information or anything even close to what the law demands. This Court should accordingly find the offer of proof insufficient as a matter of law and preclude Open Text from putting a damage case before the jury.

## II.  ARGUMENT

### A. Open Text's Failure to Disclose Its Damages Theory Is Fatal To Its Damages Case

Despite the Court's clear request, Open Text's proffer fails to disclose a damages theory. Open Text has therefore violated Rule 26, and its damages case should be precluded. As a matter of law, a patentee cannot introduce a damages theory to the jury without establishing its reliability. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011); *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1324, 1335 (Fed. Cir. 2009) (vacating damages award where the "jury's damages award [was] not supported by substantial evidence, but is based mainly on speculation or guesswork"). "[A] reasonable royalty analysis requires a court to hypothesize, not to speculate." *ResQNet.com v. Lansa, Inc.,* 594 F.3d 860, 869 (Fed. Cir. 2010); *see also Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed.Cir. 2002) ("to prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture.")

No.: C 13-04910 JD                                – 2 –
DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING DAMAGES AND IN SUPPORT
OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM

Instead of disclosing a damages theory whose reliability can undergo the required testing, Open Text intends to simply "present evidence concerning" the *Georgia Pacific* factors, from which "the jury will be able to carry out its duty." Dkt. No. 503 at 22. Indeed, Open Text confirms that it will not "advocate that the jury apply a particular royalty or base to this case." *Id*. at 23. Open Text's bare refusal to disclose its damages theory – to the jury, to the Court, or to Box – warrants precluding Open Text from presenting a damages case to the jury. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *Veritas Operating Corp. v. Microsoft Corp.*, Case No. 2:06-cv-00703-JCC, 2008 U.S. Dist. LEXIS 35627, at *22 (W.D. Wash. Jan. 17, 2008) (entering summary judgment of no damages based on failure to disclose patent damages calculation during discovery).

Open Text's citation to *Apple v. Motorola*, 757 F.3d 1286 (Fed. Cir. 2014), is unavailing. There, Apple had an admissible damages theory. In *Apple*, the district court awarded summary judgment of no damages after finding that, although Apple's expert's testimony was not excludable, it was flawed. *Id.* at 1327-29. The Federal Circuit reversed, holding that "a finding that a royalty estimate may suffer from factual flaws does not, by itself, support the legal conclusion that zero is a reasonable royalty." *Id.* As the Federal Circuit explained, although the district court had excluded some of Apple's damages expert's testimony, there was a measure of damages that it had not excluded; rather, it simply discredited it. *Id.* at 1329.

Unlike Apple, Open Text has disclosed no admissible damages theory. Its expert's opinions have been excluded in their entirety. And, despite the Court's directive, Open Text failed to offer any other damages theory or admissible supporting evidence that would meet its burden of proof. Simply put, Open Text should not be placed in a better position because its damages expert – and only disclosed computation of damages – was excluded. The *lack* of a valid computation of damages is not a *reliable* computation of damages. Open Text's damages claim should be precluded on this basis.

To that end, the Federal Circuit recognized in *Apple* that a judgment of no damages may be rendered "in a case completely lacking any evidence on which to base a damages award." *Id.* Thus, although the statute [35 U.S.C. § 284] requires an award of a reasonable royalty when there is

infringement, "to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the statute." *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1407 (Fed. Cir. 1990). So it is with Open Text's showing here.

### B. Open Text's Request That The Jury Be Left To Speculate On Any Damages Award Is Impermissible

As the Court recognized in its Order excluding Ms. Holt, a "superficial recitation of the Georgia-Pacific factors, followed by conclusory remarks" is not enough. [Dkt. No. 464 at 9, *citing WhitServe, LLC v. Computer Packages, Inc.,* 694 F.3d 10, 31 (Fed. Cir. 2012)]. But Open Text proposes to provide just that. Rather than offer a royalty rate, royalty base, or otherwise present a computation of damages, Open Text instead simply identifies the same reams of evidence that were insufficient to save Ms. Holt's opinion and leaves it to the jury to try to speculate as to what a reasonable royalty would be after applying that evidence to the *Georgia Pacific* factors.

Not only does it seek to have the jury guess as to an appropriate royalty, Open Text also seeks to have the jury to consider a litany of inadmissible expert opinions in the guise of lay testimony – opinions that were never disclosed during discovery. In particular, Open Text claims that its fact witnesses will be introducing testimony on at least the following topics:

- Ability to separate the value of the patented feature form the value of the whole Box service
- Portion of the selling price attributable to analogous inventions
- Convoyed sales
- Value of comparable technology sold by Open Text
- Pricing of comparable technology sold by Open Text
- Importance of patented technology to Open Text products
- Advantages of the patented technology over other methods
- Open Text use of the patented technology
- Lifetime value

Each of these categories of testimony is the realm of expert opinion, but Open Text never made any expert disclosures for any of its fact witnesses, nor did it otherwise put Box on notice of the evidence it intends to introduce through these witnesses. Open Text offers no explanation as to how its fact witnesses are qualified to render expert opinions (which they are not) on apportionment of the

patented feature relative to the whole Box service, convoyed sales, what is an "analogous invention," advantages of the patented technology, or assessing "comparable" technology. Nor did Open Text indicate what it actually intends to introduce from these witnesses on these subjects. For example, apparently, Open Text intends to have these witnesses present testimony on apportionment, but no apportionment is identified.

Courts routinely reject patentees' attempts to do precisely what Open Text is advocating here because only reliable damages theories supported by admissible evidence may be presented to the jury. For instance, in *Unicom Monitoring, LLC v. Cencom, Inc.,* Civil Action No. 06-1166 (MLC), 2013 U.S. Dist. LEXIS 56351, at *25 (D.N.J. April 19, 2013), the court granted summary judgment to defendants on damages because "[a]lthough there are many Georgia-Pacific factors which the Court can consider, the failure to present competent evidence regarding how the factfinder should perform the reasonable royalty calculation is fatal to Unicom's claim for reasonable royalty damages." As the court in *Unicom* explained, "[a] factfinder cannot be asked to speculate from numbers unsupported by law and divorced from expert guidance, but rather…needs either clear guidance from an expert about how to apply complex calculations or simple factual proofs about what this patentee has previously accepted in factually analogous licensing situations." *Id.* *Info-Hold, Inc. v. Muzak LLC,* Case No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *15-17 (W.D. Ohio Aug. 20, 2013), is in accord. There, after excluding the patentee's damages expert's testimony, the court granted partial summary judgment to defendant on reasonable royalty damages because plaintiff's lay witnesses did not have the knowledge or expertise to provide evidence of the amount of reasonable royalty damages. *See also AVM Technologies, LLC v. Intel Corp. ("AVM I")*, 927 F.Supp.2d 139, 146 (D. Del. 2013) (*quoting Donlin v. Philips Lighting N. Am. Corp*., 581 F.3d 73, 82–84 (3d Cir. 2009)); *AVM II*, 2013 U.S. Dist. LEXIS 66604, at *5-6 (follow-on decision granting summary judgment of no damages because proffered lay testimony "is unimportant in that it is insufficient to support a provable damages theory."). For the same reasons, Open Text's damages claim fails as a matter of law.

### C. The Preclusion Of Open Text's Damages Claim Is Further Supported By The Prejudice To Defendants Based On Open Text's Failure To Disclose Its Theories And Evidence

In its Proffer, Open Text revealed that it intends to present expert opinions from its fact witnesses, including on subjects concerning pricing/valuing "comparable" technology, apportionment of the patented technology, pricing attributable to "analogous inventions" and conveyed sales. None of those opinions were produced during fact discovery or in an expert disclosure. And, Open Text shed no further light on them in its Proffer. These opinions likewise cannot be presented for the first time at trial. The prejudice to Box is apparent and conclusive.

Open Text's attempt to introduce through its fact witnesses' undisclosed opinions on pricing/valuing of "comparable" technology is illustrative. Ms. Holt had attempted to introduce such opinions in her Expert Report, but only for the Groupware patents. [Dkt. No. 303-2 at 55-58].[2] She offered nothing of the kind for the File Synchronization patents. [Dkt. No. 303-2 at 73-92]. Now, for the first time, Open Text claims it plans to introduce through its fact witnesses the same kind of opinions for the File Synchronization patents. But it never disclosed those opinions during fact discovery, the expert phase (either through Ms. Holt or otherwise) or even in its Proffer. Instead, Open Text plans to only reveal them during trial. The prejudice resulting from this "surprise" approach to damages cannot stand.

Open Text also suggests that it intends to disclose its damages theory, if ever, during closing arguments. In its Proffer, Open Text claims that "counsel will explain" how the evidence "relate[s] to the jury instructions." [Dkt. No. 503 at 23]. But attorney argument is not evidence, and cannot save Open Text from a finding of preclusion. *See, e.g., Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1367 (Fed. Cir. 2014) (affirming the grant of summary judgment where the district court excluded expert testimony and found that mere attorney argument could not create a genuine issue of material fact, as it is not evidence); *W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361,

---

[2] The portions of Ms. Holt's Report were submitted with the Declaration of Jonah D. Mitchell in support of Defendants' Motion to Exclude Opinions and Testimony of Ms. Holt. Box will re-submit these portions of Ms. Holt's report if convenient for the Court.

1373 (Fed. Cir. 2010) (reversing a district court's denial of judgment as a matter of law on obviousness where the district court relied on "mere attorney argument"); *In re Budge Mfg. Co., Inc.*, 857 F.2d 773, 776 (Fed. Cir. 1988) (finding attorney argument was not evidence and without substance).

The Federal Circuit's opinion in *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509 (2012), confirms that Open Text's hide-the-ball approach cannot be allowed. There, the Federal Circuit upheld the district court's decision precluding the patentee from presenting evidence of damages after its expert was excluded. *Id.* at 523. The district court had thrown out the patentee's damages case pursuant to Rule 37 due to concerns that the patentee's "changing [of] the damage calculation methodology on the eve of trial" would "expose [defendant] to an unjustified risk of prejudice." *Id.* The same unjustified risks of prejudice exist here based on Open Text's failure to disclose its damages theories, and it should likewise be precluded from offering those theories for the first time during trial.

Essentially, Open Text posits a scenario where the verdict will reveal its damages computation and the Court is left to divine whether the jury properly followed the law. This is not what the controlling authority on patent damages contemplates, and it should not be allowed here.

## III.     CONCLUSION

Although it was directed to come forward with its royalty rate, base, and computation of damages, Open Text did not. Open Text's failure to meet the required offer of proof is fatal to its damages case. Apart from that, Open Text has offered nothing that would leave the factfinder in a position to value the File Synchronization patents for any damages award. Accordingly, Open Text should be precluded from presenting a damages claim and judgment for failure to meet its burden of proof should issue in favor of Box.

No.: C 13-04910 JD – 7 –
DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING DAMAGES AND IN SUPPORT OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM

| | |
|---|---|
| Dated:   February 1, 2015 | Respectfully submitted,<br><br>*/s/ Jonah D. Mitchell*<br>Jonah D. Mitchell (SBN 203511)<br>Email: jmitchell@reedsmith.com<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659<br>*Attorneys for Defendants Box, Inc. and Carahsoft Technology Corporation* |

No.: C 13-04910 JD – 8 –

DEFENDANTS' RESPONSE TO OPEN TEXT S.A.'S PROFFER CONCERNING DAMAGES AND IN SUPPORT OF DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION TO PRECLUDE DAMAGES CLAIM