COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY  (*pro hac vice*)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Plaintiff OPEN TEXT S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOX, INC. and CARAHSOFT<br>TECHNOLOGY CORPORATION,<br><br>                    Defendants. | Case No. C 13-04910 JD<br><br>**OPEN TEXT S.A.'S REPLY<br>IN SUPPORT OF ITS PROFFER<br>OF EVIDENCE CONCERNING<br>DAMAGES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD

OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

1   By claiming prejudice and surprise, Defendants attempt to convert the Court's request for
2   proffer into a sanctions motion that excludes evidence.  But the record shows that it was Box—
3   not Open Text—who was recalcitrant about satisfying its damages discovery obligations.  There
4   is no non-disclosure by Open Text.  Rather, Open Text provided Box with damages information
5   in a timely fashion after Box produced the required documents.

6   Box's refusal to produce damages information is well documented in this case.  Box
7   refused to produce usage data until late September 2014—and then only in response to an Open
8   Text motion to compel and an inspection notice of Box's computer system.  (D.I. 252; Armon
9   Decl., Ex. 1.)  After Open Text filed its motion and served its notice, Box relented and the motion
10  was resolved by consent.  The Court may recall thanking the parties for cooperating to address the
11  deficiencies without Court intervention.  (D.I. 271.)  The documents that Box produced in late
12  September and early October 2014 are important to Open Text's damages model and expressly
13  incorporated into Open Text's damages interrogatory response served on October 15, 2014.  (D.I.
14  505-4 at 15-56)  Box continued to produce the requested damages documents for two weeks
15  following the close of discovery—necessitating extension of expert deadlines.   (D.I. 269.)
16  Accordingly, Box cannot claim prejudice due to its own failure to disclose the evidence that it
17  should have produced months before as ordered by the Court.

18  Turning back to the proffer and the evidence relating to damages, Open Text's
19  September 24, 2014 Supplemental Response to Interrogatory No. 6 laid out the framework for a
20  reasonable royalty calculation and the supporting evidence in Open Text's possession at that time.
21  In that response, Open Text specifically stated that Box's pricing was irrational and Open Text's
22  pricing of comparable products would be a basis for the reasonable royalty.  (D.I. 505-4 at 32.)
23  Open Text pointed to Messrs. Adam Howatson, Trevor Unruh, Nicolas Carter, and Kyle
24  O'Connor as having information relating to its damages theory.  Defendants deposed all four
25  witnesses after the September 24 interrogatory response was served.  Notably, just hours after
26  Open Text served it September 24 responses, Defendants demanded depositions of Messrs. Unruh
27  and O'Connor based on the damages interrogatory response—a demand that Open Text obliged.
28  (Armon Decl., Ex. 3.)  In those depositions, Defendants asked questions specifically related to

Cooley LLP
Attorneys At Law
San Francisco

Case No. C 13-04910 JD                    2.

OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

1   Open Text's damages interrogatory response, including asking for pricing of Open Text's

2   products and features within those products.  For example, Defendants elicited testimony from

3   Mr. O'Connor about Enterprise Connect (Office Editor), Livelink Explorer Professional, and

4   Tempo Box pricing.  (Armon Decl., Ex. 4 at 26-29.)  These products include editing functionality,

5   and the pricing structure reflects value of comparable editing functionality.   In other words,

6   Defendants deposed Mr. O'Connor on the exact theory that Open Text disclosed in its September

7   interrogatory response.  (D.I. 506-4 at 15-56.)

8   On October 15, Open Text again supplemented its Response to Interrogatory No. 6 to cite

9   to the recent depositions of Howatson, Unruh, Carter, and O'Connor and to point to new

10  documents produced by Box after September 24th.  For example, Open Text added citations to

11  Box's previously-withheld Box Edit download and usage data in BOX1087347, which was

12  produced by Box on September 30, at  pages 32, 35, 40, and 56 in the October 15 response.

13  (Armon Decl, Ex. 2, September 30 letter producing documents; D.I. 505-14 at 32, 35, 40, and 56.)

14  This usage information, combined with Open Text's disclosures regarding Office Editor pricing

15  (which is analogous technology under *Georgia-Pacific* factor 12), provides the basis for Open

16  Text's damages model.  (*Id*. at 58-59).  This damages model corresponds directly to the damages

17  determination methods approved in Jury Instruction No. 35.  (D.I. 471-1).

18  With sufficient facts in hand to support a damages award, Box argues that Open Text

19  needs expert testimony to put facts in front of the jury.  The Federal Circuit disagrees.  *Dow*

20  *Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003).  An expert is not

21  required.  Evidence is required.  And Open Text has demonstrated that it can present sufficient

22  facts for the jury to determine an appropriate damages award.

23  Defendants next try to block introduction of fact evidence by arguing that Open Text is

24  using lay witnesses as experts.  But Open Text intends only to use fact witnesses to provide fact

25  testimony within the scope of their employment.  Open Text witnesses, such as Adam Howatson

26  and Nic Carter, will testify about facts within their employment.  At most, these employees will

27  offer testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly

28  understanding the witness's testimony or to determining a fact in issue; and (c) not based on

Cooley LLP
Attorneys At Law
San Francisco
Case No. C 13-04910 JD          3.          OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

1   scientific, technical, or other specialized knowledge within the scope of Rule 702." (D.I. 487 at

2   12.)  This Court recently allowed Box employee Mr. Ghods, to testify in a much more extreme

3   situation about a hypothetical created by a testifying expert.  (D.I. 487 at 11-13.)

4       Open Text has sufficient damages evidence, disclosed it in a timely fashion, and will bring

5   the appropriate witnesses to trial to present that information.

6   **I.     OPEN TEXT TIMELY DISCLOSED ITS DAMAGES THEORIES**

7       Open Text first put Defendants on notice of its damages theories through its extensive

8   interrogatory responses.  (*See* Dkt. Nos. 505-4, 505-14 and 505-15.)  Open Text served a detailed,

9   42-page interrogatory response on September 24, 2014—well before the close of fact discovery—

10  based on the data available at the time.  It also provided a 59-page updated response, served on

11  October 15, 2014.   In its responses, Open Text provided specific documentary and witness

12  evidence for each of the 15 *Georgia-Pacific* factors.   Open Text's interrogatory response

13  disclosures are sufficient—particularly given Box's untimely production of usage information—

14  to put Defendants on notice of its theories and evidence.

15      Defendants' actions following Open Text's September 24th interrogatory response show

16  the sufficiency of the disclosure.  Defendants questioned Open Text's witnesses in detail on the

17  disclosed theory, including questions on the apportionment of value to analogous technology

18  based on Open Text's pricing of its analogous products.  (Ex. 6, Carter Dep. at 99, 102-04 and

19  Ex. 6, Howatson 30(b)(6) Dep. at 30-32, 44-49, and 53; and Ex. 4, O'Connor Dep. at 26-29).  The

20  timeline illustrates Defendants' knowledge and understanding of Open Text's theory:

21      • September 24—Open Text provides its detailed interrogatory response on damages

22          in its third supplemental responses to Defendants' interrogatories. This response

23          lays out in detail Open Text's damages case.  It identifies Nicholas Carter, Adam

24          Howatson, Trevor Unruh, and Kyle O'Connor as witnesses who would support its

25          damages case.  Open Text specifically indicates that it relies on pricing of Open

26          Text's products—and not Box's services due to their irrational pricing model.

27          (D.I. 505-4 at 32.)

28      • September  24/25—Defendants  demand  depositions  of  Messrs.  Unruh  and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD                    4.                    OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

O'Connor based on Open Text's identification of them in its Response to Interrogatory No. 6. The depositions of Messrs. Howatson and Carter were already on calendar. (Ex. 3.)

- October 7—Defendants take Mr. Carter's deposition. Defendants question Mr. Carter about the pricing of Open Text products. (Ex. 6, Carter Dep. at 99.) Defendants also elicit testimony about Open Text's cloud-based product, Open Text Core, which was then in development. (*Id.* at 102-04.)

- October 9—Defendants take Mr. Howatson's deposition. Defendants ask him about the pricing of Open Text's Office Editor and Content Server products. (Ex. 7, Howatson 30(b)(6) Dep. at 30-32).

- Defendants take Mr. O'Connor's deposition. They ask him about the pricing of Open Text products including Enterprise Connect (Office Editor), Tempo Box and Livelink Server. (Ex. 4, O'Connor Dep. at 26-29.)

- October 15—Open Text supplements its interrogatory responses. Open Text includes the documents that Box had only recently produced and also include citations to the transcripts to ensure Defendants have timely information for their expert reports. Open Text did not even wait for final transcripts to provide this information.

- October 15—Last day of fact discovery.

- October 21-28—Defendants continue to produce the requested usage and download data—after Open Text served an inspection notice and sought Court intervention to compel production of the data.

- November 18—Defendants submit their damages expert's report, which indicates that he reviewed Open Text's interrogatory responses.

Three of these witnesses deposed by Box on the damages issues will testify at trial. Thus, based on Defendants' course of questioning during Mr. Carter's, Mr. Howatson's, and Mr. O'Connor's depositions, Defendants cannot credibly claim that they did not understand Open Text's damages theory and its relation to the pricing of Open Text's analogous technology.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD                    5.                    OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

Furthermore, Open Text was not required to put the damages evidence to a mathematical equation as part of the discovery process. The <u>factfinder</u> can evaluate the facts in light of the jury instruction and determine a reasonable royalty. *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1328 (Fed. Cir. 2014). The second paragraph of Jury Instruction No. 35 instructs the jury that it can calculate a reasonable royalty in several different ways. (Dkt. 471-1 at 29.) Consistent with its interrogatory responses, and as described in detail in its proffer, Open Text will present evidence that allows the jury to select the type of royalty that is appropriate in this case as directed by Jury Instruction No. 35. (D.I. 471-1.) Moreover, because Box withheld the complete usage and download information needed to make a full calculation, Box can hardly complain that Open Text did not do the math for them. Open Text has a Seventh Amendment right to have the jury determine damages based on the evidence. Open Text has the evidence to present to the jury and seek to have the jury evaluate those facts with the guidance of the jury instructions.

## II.    EXPERT EVIDENCE IS NOT NECESSARY TO PROVE DAMAGES

The Patent Act states unequivocally that a party is not required to present an expert witness as part of its damages case: a court "*may* receive expert testimony *as an aid* to the determination of damages or what royalty would be reasonable under the circumstances. 35 U.S.C. § 284 (emphasis added). The Federal Circuit confirmed the language of the statute and made it clear that expert testimony is not required to prove a reasonable royalty. *Dow Chem.*, 341 F.3d at 1381-82. In *Dow Chemical*, the Federal Circuit reversed the trial court's ruling that the plaintiff could not present damages testimony without an expert. *Id.* at 1382. The plaintiff argued that it should have been allowed to present the underlying evidence supporting its excluded expert's opinions, and the Federal Circuit agreed. The court stated that "section 284 is clear that expert testimony is *not necessary* to the award of damages." *Id.* (emphasis added).

District courts have followed the Federal Circuit's mandate. "[E]xpert testimony is not required for a reasonable royalty determination." *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 203 (D.R.I. 2008) (denying defendant's motion for judgment as a matter of law or a new trial). The court ruled that the plaintiff satisfied his burden to present evidence of a reasonable royalty through his own testimony and the testimony of the defendant's witnesses. *Id.* The plaintiff's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD                    6.

OPEN TEXT S.A.'S REPLY
IN SUPPORT OF ITS PROFFER
OF EVIDENCE CONCERNING DAMAGES

1   counsel "explored and received factual responses to inquiries relating to most, if not all, of the

2   *Georgia-Pacific* factors." *Id*. The *Bowling* court found this presentation of evidence sufficient to

3   support the jury's damages award.

4       Defendants' case law does not mandate a different standard.  In fact, *Unicom Monitoring*

5   *LLC v. Cencom, Inc.,* explicitly <u>rejects</u> the argument that an expert is necessary to present

6   damages evidence:  "[c]ompetent evidence of damages for a reasonable royalty rate does not

7   necessarily require expert testimony, contrary to [defendant's] position."  06-1106 (MLC) 2013

8   U.S. Dist. LEXIS 56351, at *17 (D.N.J. Apr. 19, 2013); *see also Veritas Operating Corp. v.*

9   *Microsoft Corp.,* 2:06-cv-00703-JCC, 2008 U.S. Dist. LEXIS 35627, at *84 (W.D. Wash Jan. 17,

10  2008).  Instead of holding that expert testimony is required, both the *Unicom* and *Veritas* courts

11  granted (and recommended granting) summary judgment based on the nature and amount of the

12  evidence the plaintiff put forth in general.  Thus, Defendants can identify no authority for their

13  contention that expert testimony is a necessity.

14  **III.  OPEN TEXT'S WITNESSES WILL PRESENT FACT TESTIMONY, NOT EXPERT TESTIMONY**

15      In its proffer, Open Text listed a series of topics for each witness it intends to call.  (Dkt.

16  503 at 24-26.)  Those witnesses will present *facts* related to those topics.  (*See id*. at 23.)  But

17  Defendants claim that Open Text witnesses will impermissibly opine on those topics.  (Dkt. 508.)

18  Open Text plans no such thing.

19      Open Text will present testimony through fact witnesses, including Nic Carter and Adam

20  Howatson.  Those witnesses will not offer expert testimony.  They will not opine on the value of

21  Box's service.  Their testimony will be based on their work experience with Open Text's business

22  and the market for its products.  Such testimony is not expert testimony and is proper under Rule

23  701, which allows a witness to give an opinion about topics "(a) rationally based on the witness's

24  perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in

25  issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope

26  of Rule 702."

27      Furthermore, the stipulated jury instructions tell the jury how to consider opinion

28  testimony: "[o]pinion testimony should be judged just like any other testimony. You may accept it or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD                    7.                    OPEN TEXT S.A.'S REPLY
                                                               IN SUPPORT OF ITS PROFFER
                                                               OF EVIDENCE CONCERNING DAMAGES

1   reject it, and give it as much weight as you think it deserves, considering the witness's education and

2   experience, the reasons given for the opinion, and all the other evidence in the case."  Stipulated Jury

3   Instruction No. 15 (based on the Ninth Circuit Model Civil Jury Instruction 2.11).  It is the jury's task

4   to weigh and consider the evidence.

5   And "a fact finder may award no damages only when the record supports a zero royalty

6   award."  *Id.*  Open Text has disclosed and will offer more than enough evidence to support a

7   reasonable royalty theory.

8

9

10

11   Dated:   February 1, 2015                    COOLEY LLP

12

13                                                 *s/ Orion Armon*

14                                                 Thomas J. Friel, Jr. (SBN 80065)
                                                   Sarah J. Guske (SBN 232467)

15                                                 Wayne O. Stacy (*pro hac vice*)
16                                                 Brian J. Eutermoser (*pro hac vice*)
                                                   Britton F. Davis (*pro hac vice*)
17                                                 Sara J. Bradford (*pro hac vice*)
                                                   Angela L. Campbell (*pro hac vice*)
18                                                 COOLEY LLP
                                                   380 Interlocken Crescent, Suite 900
19                                                 Broomfield, CO 80021-8032
                                                   Telephone: (720) 566-4000
20                                                 Facsimile: (720) 566-4099
                                                   wstacy@cooley.com
21                                                 sguske@cooley.com
                                                   beutermoser@cooley.com
22                                                 bdavis@cooley.com
                                                   sbradford@cooley.com
23                                                 acampbell@cooley.com

24                                                 *Attorneys for Plaintiff Open Text S.A.*

25

26

27

28

Cooley LLP
Attorneys At Law
San Francisco

Case No. C 13-04910 JD                    8.                    OPEN TEXT S.A.'S REPLY
                                                                IN SUPPORT OF ITS PROFFER
                                                                OF EVIDENCE CONCERNING DAMAGES