UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOX, INC., et al.,<br><br>　　　　Defendants. | Case No.  13-cv-04910-JD<br><br>**ORDER RE WITNESS AND EXHIBIT OBJECTIONS FOR 2/2/15 AND 2/3/15**<br><br>Re: Dkt. Nos. 507, 516 |

This order rules on Defendants' objections to Open Text's witnesses and testimony for February 2, 2015, and February 3, 2015. *See* Dkt. Nos. 507, 516.

**I.   OBJECTIONS FOR FEBRUARY 2, 2015 (DKT. NO. 507)**

1. **Dr. Nathaniel Polish:** Granted. Open Text claims that Dr. Polish's testimony would be "limited to noninfringing functionality of the accused Box products." *See* Dkt. No. 507 at 4. But the only way to determine what functionality is noninfringing is to know what functionality is infringing, and Dr. Polish admitted in deposition that he had "no opinions whatsoever" concerning the patents-in-suit. *See* Dkt. No. 486-5 at 249:9-15.

2. **TX254**: Denied.

3. **TX388**: Granted.

4. **Sebastian Lemenager**: Granted.

5. **TX011**: Denied.

6. **Paul Loomis's documents concerning Nimbus/Core**: Granted.

7. **Adam Howatson's testimony and documents**: Granted in part and denied in part. Mr. Howatson was disclosed in Open Text's initial disclosures as "[l]ikely to have discoverable information concerning the development, design, and sale of Open Text Corp./Inc.'s

products." He will therefore be permitted to offer any testimony within his personal knowledge on the "development, design, and sale" of any Open Text product that is analogous to the accused products and introduce any documents concerning the development, design, and sale of those products, including their pricing, margins, growth, and convoyed sales, as long as Open Text will offer expert testimony to support its claim that the products are analogous. He will not be permitted to testify about Box's products and pricing, the "ability to separate the value of the patented feature from the value of the whole Box service," or Open Text's licensing policies. He will also not be permitted to testify or introduce documents concerning Nimbus/Core in light of the Court's ruling on Box's Motion in Limine No. 1. *See* Dkt. No. 469-1.

## II. OBJECTIONS FOR FEBRUARY 3, 2015 (DKT. NO. 516)

1. **TX395, TX322**: Denied, unless Defendants will not introduce or rely on the IBM license. If so, granted.
2. **Salazar deposition testimony re Box patents**: Denied.

**IT IS SO ORDERED**.

Dated: February 2, 2015

_____
JAMES DONATO
United States District Judge