UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>BOX, INC., et al.,<br><br>        Defendants. | Case No. 13-cv-04910-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Re: Dkt. No. 314 |

The Court grants in part and denies in part the motion filed by defendants Box and Carahsoft for summary judgment of no willful infringement.

Open Text's willful infringement allegations are based solely on defendants' conduct after this lawsuit was filed. *See* Joint Pretrial Statement at 5, 7, Dkt. No. 390. No pre-filing conduct is alleged for willfulness purposes. As the Federal Circuit held in *In re Seagate Tech., LLC*, a patentee relying on post-filing conduct for willfulness has a duty to mitigate by seeking a preliminary injunction. *See* 497 F.3d 1360, 1374 (Fed. Cir. 1997). "A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.* Open Text unsuccessfully sought a preliminary injunction on claim 10 of U.S. Patent No. 7,062,515, which is still asserted against defendants, but did not pursue a preliminary injunction for any of the other currently asserted claims. *See* Dkt. No. 65. That precludes a claim of willful infringement for each of the asserted claims other than claim 10 of the '515 patent. *See LML Holdings, Inc. v. Pacific Coast Distributing, Inc.*, No. 11-cv-06173 YGR, 2012 WL 1965878, at *5-6 (N.D. Cal. May 30, 2012); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012); *Baxter Healthcare Corp. v. Fresenius*

*Medical Care Holdings, Inc.*, No. C 07-1359 PJH, 2010 WL 668039, at *18-19 (N.D. Cal. Feb. 19, 2010). Summary judgment of no willful infringement is granted with respect to those claims.

Open Text cites two cases to argue that willfulness may still be on the table for these claims despite the failure to move for a preliminary injunction: *Stryker Corp. v. Zimmerman, Inc.*, No. 10-CV-1223, 2013 WL 6231533 (W.D. Mich. Aug. 7, 2012), and *Krippelz v. Ford Motor Co.*, 636 F. Supp. 2d 669, 675 (N.D. Ill. 2009). *Stryker* was overruled by the Federal Circuit the day after Open Text submitted its brief. *See* No. 2013-1668, 2014 WL 7210311, at *8-9 (Fed. Cir. Dec. 19, 2014). In any event, that court's holding is not possible to square with *Seagate* itself. *See Stryker*, 2013 WL 6231533, at *12. *Krippelz* suggests only that failure to seek a preliminary injunction might be excusable where the plaintiff would be unable to obtain a preliminary injunction for reasons unrelated to the merits of its case -- for example, when it does not sell any products. *See* 636 F. Supp. 2d at 675. Assuming, without deciding, that such an exception is consistent with *Seagate*, it does not apply here, because Open Text is not a non-practicing entity. *See Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 WL 5373305, at *6 (N.D. Cal. Sept. 24, 2013). Open Text's failure to obtain a preliminary injunction for the claims it moved on was based mainly on the Court's conclusion that defendants raised a substantial question about the validity of those claims -- a reason driven by the merits. *See* Order Denying Motion for Preliminary Injunction at 17, 24, Dkt. No. 192.

But claim 10 of the '515 patent is preserved as a possible basis for post-filing willfulness. The Court notes that the likelihood Open Text will be able to show willful infringement of claim 10 is uncertain. *Seagate* holds that where, as here, "a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness." *Seagate*, 497 F.3d at 1374. The Federal Circuit has subsequently held that objective recklessness -- a precondition to a finding of willful infringement -- "will not be found where the accused infringer has raised a 'substantial question' as to the validity or noninfringement of the patent." *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, No. 2014-1114, 2015 WL 151557, at *5 (Fed. Cir. Jan. 13, 2015) (unpublished) (citing *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010), and *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,

2

567 F.3d 1314, 1336 (Fed. Cir. 2009)).  Here, a substantial question about the validity of claim 10 of the '515 patent was precisely what the Court previously found.  *Cf. Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.").  Nevertheless, the Court denies summary judgment of no willful infringement for claim 10 of the '515 patent so that Open Text may develop the record at trial about facts that it says have materialized since the order denying Open Text's motion for a preliminary injunction.

**IT IS SO ORDERED**.

Dated: February 4, 2015

_____
JAMES DONATO
United States District Judge

3