UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>BOX, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04910-JD<br><br>**ORDER GRANTING JUDGMENT AS A MATTER OF LAW OF NO WILLFULNESS** |

On February 10, 2015, defendants Box and Carahsoft (collectively "Box") moved in open court for judgment as a matter of law on willfulness. The Court previously granted Box's motion for summary judgment of no willfulness on all the asserted claims other than claim 10 of U.S. Patent No. 7,062,515, on the basis that Open Text had not moved for a preliminary injunction with respect to those claims. *See* Dkt. No. 527. The Court denied summary judgment on claim 10, even though the prior district judge in this case found a substantial question about its validity, because Open Text said that subsequently-discovered evidence would rebut that determination and lay a foundation for a jury to find willfulness. *See id.* at 2-3. Now that the parties have rested their cases, and the Court has heard and considered all the evidence presented at trial, the Court grants Box's motion for judgment as a matter of law of no willfulness for claim 10.

**LEGAL STANDARD**

Willful infringement requires two showings. The plaintiff must demonstrate "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). If that element is satisfied, the plaintiff then must show "that this objectively-defined

risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

The first "objective" element, "though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law." *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012). This element "will not be found where the accused infringer has raised a 'substantial question' as to the validity or noninfringement of the patent," even if the patents are ultimately found valid and infringed. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, No. 2014-1114, 2015 WL 151557, at *5 (Fed. Cir. Jan. 13, 2015) (unpublished) (citing *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010), and *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009)).

"Should the court determine that the infringer's reliance on a defense was not objectively reckless, it cannot send the question of willfulness to the jury, since proving the objective prong is a predicate to consideration of the subjective prong." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011).

Judgment as a matter of law on an issue is appropriate when a party has been fully heard on that issue and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. *See* Fed. R. Civ. P. 50(a).

## DISCUSSION

Open Text claims willfulness based solely on Box's conduct after this case was filed. *See* Joint Pretrial Statement at 5, 7, Dkt. No. 390. After filing, Open Text moved for a preliminary injunction with respect to claim 10, and the district judge previously assigned to this case denied Open Text's motion mainly on the ground that Box raised a substantial question about the validity of the claims that were the subject of the motion. *See* Dkt. No. 192 at 7. The district judge found specifically that the claims were likely invalid in light of a user's guide for the WS_FTP Pro version 5 software. *See id.*

As the Court has previously noted, this finding presents a steep hill for Open Text to climb. *See* Dkt. No. 527 at 2-3. Where, as here, "a patentee attempts to secure injunctive relief but fails,

1  it is likely the infringement did not rise to the level of recklessness." *Seagate*, 497 F.3d at 1374.
2  After hearing the evidence presented at trial on invalidity, it is clear that the hill is not just steep,
3  but insurmountable. Whether or not claim 10 of the '515 patent is ultimately found to be valid,
4  the trial evidence did not come close to showing any reason to disturb the prior finding that there
5  is a substantial question about whether claim 10 is obvious over the WS_FTP Pro version 5.0
6  User's Guide. *See generally* Trial Transcript at 583:11-593:22.[1]

7  Open Text argues that the preliminary injunction finding was error because it considered
8  only the validity of claim 1 (the claim from which claim 10 ultimately depends). Even if that is
9  right, claim 10 contains only two limitations that claim 1 does not: it requires that the claimed
10  software program be "executable to receive a database notification from a database management
11  program that an additional user has modified the database asset [which the Court has construed to
12  mean "computer file stored in a database," *see* Dkt. No. 294 at 18]" and that it be "further
13  executable to provide a notice to a first user that the additional user has modified the database
14  asset." '515 patent, claims 9 and 10. Box presented evidence at trial that these elements are met
15  by file synchronization software called Xerox DocuShare 2.2. Specifically, when a file stored on a
16  file server is right-clicked in DocuShare, the user can select an option called "version history,"
17  which produces a dialog box showing the other users who have previously modified the file, and
18  when they did so. *See* Transcript at 602:12-604:18; TX601.32. Box's expert opined that that
19  dialog box satisfies the two limitations claim 10 adds to claim 1. *Id.* Open Text's expert
20  presented no evidence to the contrary. *See* Transcript at 1071:19-1072:11. Box also presented
21  evidence that, because the WS_FTP Pro version 5 software described by the User's Guide and
22  Xerox DocuShare 2.2 are both file synchronization programs, it would have been obvious to a
23  person of ordinary skill in the art at the time of the invention of the patents-in-suit to combine
24  features from DocuShare and the WS_FTP Pro User's Guide. *See* Transcript at 601:17-602:4.
25  The only evidence Open Text offered in rebutting this point was a short and conclusory statement
26  from its expert that, because DocuShare requires users to check out documents they want to edit

---

[1] The Trial Transcript references are to the daily transcripts. Page and line numbers might change if those transcripts are corrected or revised in any way by the reporters.

1   instead of allowing multiple users to edit documents simultaneously, "the problem that these …
2   elements of this claim are addressing just doesn't happen." Transcript at 1072:5-11. But Open
3   Text provided no testimony or reason why a dialog box showing a file's version history would not
4   be useful or feasible in a system that permits simultaneous editing rather than checking out
5   documents -- or even any reason to suppose that the asserted claims are restricted to systems that
6   allow simultaneous editing, and do not cover checkout-based systems like DocuShare. *Cf.*
7   *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1351 (Fed. Cir. 2010) (prior art is analogous and
8   relevant to the obviousness inquiry when it is "from the same field of endeavor, regardless of the
9   problem addressed"). Whether or not the evidence at trial satisfies Box's burden of showing by
10  clear and convincing evidence that these two elements of claim 10 are obvious over the
11  combination of the WS_FTP Pro User's Guide and DocuShare, it suffices to show that Box has
12  raised a substantial question as to the validity of claim 10 -- even assuming, as Open Text claims,
13  that the prior district judge did not consider the validity of claim 10 separately.
14          Open Text points to only two alleged facts that purportedly were not considered in the
15  denial of a preliminary injunction: Box applied for patents broader than the patents-in-suit, and
16  Box has not shown since the preliminary injunction order that the WS_FTP Pro User's Guide is
17  prior art. *See* Dkt. No. 447-1 at 37-38. Open Text's points are unpersuasive. Whether Box
18  applied for patents broader than the patents-in-suit might at best be relevant to Box's subjective
19  belief that the patents-in-suit are invalid. Even if Box's patents were in fact broader than the
20  patents-in-suit, such that they would have been invalidated by any prior art references that
21  invalidate the patents-in-suit -- a proposition Open Text did not establish in its summary judgment
22  briefing -- it does not affect the objective reasonableness of Box's invalidity defenses, which the
23  prior judge established by comparing in detail the WS_FTP Pro User's Guide with the claims of
24  Open Text's patents and examining various secondary considerations of nonobviousness. *See*
25  Dkt. No. 192 at 8-16.
26          Open Text's prior art claim is equally inapposite. Open Text says that the WS_FTP Pro
27  User's Guide was not publicly available before the priority date of the patents-in-suit. But Box
28  introduced screenshots of websites at trial showing that the WS_FTP Pro 5.0 software that the

4

User's Guide describes was advertised on the internet before the priority date of the patents-in-suit.  *See* TX619-20, TX712.  It is a plausible inference that the User's Guide accompanied the software itself.  Even if that inference does not rise to the level of clear and convincing evidence that the WS_FTP Pro 5.0 manual was publicly available, it does not defeat Box's showing of a substantial question as to the validity of claim 10 -- and that alone is enough to defeat Open Text's willfulness claim.

**IT IS SO ORDERED**.

Dated: February 11, 2015

_____
JAMES DONATO
United States District Judge