UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>    Plaintiff,<br><br>  v.<br><br>BOX, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-04910-JD<br><br>**ORDER RE OBJECTIONS TO FINAL JURY INSTRUCTIONS**<br><br>Re: Dkt. Nos. 558, 560 |

This order addresses the parties' objections to the Court's tentative final jury instructions, which were filed at Dkt. No. 552. The Court will file a copy of the final jury instructions that will be provided to the jury along with this order.

Box has stated that it has no objection to the tentative final jury instructions, apart from those objections it previously made at Dkt. Nos. 417 and 471 that it did not later withdraw or waive. *See* Dkt. No. 558. The Court addresses here only Open Text's objections filed on February 10, 2015. *See* Dkt. No. 560. The Court notes that certain objections by each party have been withdrawn, waived or otherwise cured in other proceedings in this case. Any post-trial challenges to the jury instructions need to account for those developments.

    1. **Instruction No. 21 – Interpretation of Claims**: Overruled. Open Text objects to the Court's construction of "database," arguing that the term should be given its plain and ordinary meaning. Given the fact that the Court's construction was drawn from a patent cited by Open Text, which Open Text argued reflected the plain and ordinary meaning of "database," Open Text is poorly situated to object to this construction. The Court's reasons for construing "database" as it did are explained in the supplemental claim construction order. *See* Dkt. No. 480.

2. **Instruction No. 26 – Inducing Infringement**: Overruled. Open Text's removal of the model instruction's language noting that a good faith belief that the patents were invalid can be a defense to induced infringement is inconsistent with current Federal Circuit case law, which controls despite the fact that the issue is currently pending before the Supreme Court. *See Commil USA v. Cisco Sys.*, 720 F.3d 1361, 1368-69 (Fed. Cir. 2013), *cert. granted*, 135 S. Ct. 752 (2014). Its attempt to include language stating that induced infringement can be proven through circumstantial evidence is superfluous, because Instruction No. 8 already states that the jury may consider circumstantial evidence.

3. **Instruction No. 28 – Enablement:** Sustained. Box has done little to raise or develop an enablement defense. Among other omissions, Box never mentioned enablement as an issue in its opening statement, did not elicit testimony from any of its experts or witnesses on the theory, and did not claim that the asserted claims are not enabled in the joint pretrial statement. *See* Dkt. No. 390 at 8. Box's request for an enablement instruction depends solely on a passing reference by Open Text's expert to "something more" possibly being required by the patents. That is not enough to present the issue to the jury, and an enablement instruction will likely confuse the jury. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) ("a court should not instruct on a proposition of law about which there is no competent evidence.").

4. **Instruction No. 29 – Prior Art**: Sustained in part. The Court asked the parties to fill in a list of offered prior art references in this instruction, but the parties have been unable to reach agreement. Open Text seeks to omit the dates of the prior art references and the various documents that Box offers to show the operation of the Coda 5.3.10 software. The Court agrees: the dates of the prior art references and the relevance of the various Coda-related documents are factual issues for the jury to decide. The Court will use Open Text's listing of the prior art references.

5. **Instruction No**. **30 – Anticipation**: Open Text has a number of objections to this

instruction.

    a. **Use of multiple documents to show the operation of the Coda 5.3.10 software**: Overruled. The Court requested additional briefing on this issue, and found the parties' submissions helpful. *See* Dkt. Nos. 550, 551. The briefing indicates that where the asserted prior art is a device, system, or method, documents and witnesses can be used as evidence of the characteristics of that prior art, and the Court added language to the instructions to that effect. *See Zenith Elecs. Corp. v. PDI Comm'n Sys., Inc.*, 522 F.3d 1348, 1358-59 (Fed. Cir. 2008) (finding that public use of a combination of a certain model TV and speaker anticipated based on "schematics and testing" by expert); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1352-54 (Fed. Cir. 2004) (relying on "contemporaneous correspondence, color photographs, witness testimony, and promotional videos" to establish characteristics of anticipating Unitherm process), *rev'd on other grounds*, 546 U.S. 394 (2006); *In re Epstein*, 32 F.3d 1559, 1563-67 (Fed. Cir. 1994) (affirming BPAI rejection based on post-invention abstracts describing pre-invention software); *Sonoscan, Inc. v. Sonotek, Inc.*, 936 F.2d 1261, 1263 (Fed. Cir. 1991) ("That the offered product is in fact the claimed invention may be established by any relevant evidence, such as memoranda, drawings, correspondence, and testimony of witnesses."). Open Text does not dispute this general legal proposition; it argues instead that it is unclear whether the documents defendants cite to show the operation of Coda version 5.3.10 actually describe that version. *See* Dkt. No. 550. But the extent to which these documents describe Coda version 5.3.10 is a fact issue for the jury to decide. In doing so, the jury may consider the testimony of Coda's main architect, Professor Mahadev Satyanarayanan, who testified that the architecture of Coda depicted in one of the documents did not change over

3

time, and that the Coda manual was updated to reflect the current operation of Coda. *See* Dkt. No. 553-1, 26:14-26:17, 26:19-27:02, 33:21-34:06, 36:13-37:13. Open Text argues that this testimony is not corroborated, but the jury may find that the fact that Prof. Satyanarayanan's testimony is consistent with the documents in other aspects is sufficient corroboration to accept his claim that Coda's architecture remained constant. *See CEATS, Inc. v. Continental Airlines, Inc.*, 526 Fed. App'x 966, 969-72 (Fed. Cir. 2013) (unpublished) (explaining that corroboration calls for a "rule of reason" analysis and allowing consideration of inventor testimony that was not backed up in every respect by documents).

b. **Definition of "publicly known"**: Overruled. Open Text seeks to define "publicly known" to mean "accessible to those interested in the field and is sufficient to enable one of ordinary skill in the field to practice the claimed invention." With respect to the latter requirement -- which requires that the prior art reference be enabling -- the instruction already notes that any written reference must allow "someone of ordinary skill in the field of computer programming looking at that one reference would be able to make and use the claimed invention." With respect to the former requirement -- that in order to be "publicly known" a reference must be "accessible to those interested in the field" -- the case that Open Text cites says only that to be "known," "the knowledge must be publicly accessible." *Minn. Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). The instruction already states that any prior art must be *publicly* known; the Court does not anticipate any confusion will result by not specifying that a reference that is "publicly known" must also be "publicly accessible."

c. **Repeating defendants' burden of proving anticipation by clear and convincing evidence**: Overruled. The burden of proof in proving invalidity is already spelled out in instruction 27, "Invalidity—Burden of

4

Proof." There is no need to repeat it. *See Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 854 (Fed. Cir. 1991) (holding that a party challenging jury instructions must "prove the jury instructions read in their entirety were incorrect or incomplete as given").

  d. **List of defendants' anticipation theories**: Overruled. The jury can determine defendants' specific anticipation theories based on the evidence and arguments defendants put forward at trial. There is no need to include them in jury instructions, which are meant to instruct the jury on the law.

6. **Instruction No. 31 – Statutory Bars**: Overruled. The permissibility of the jury's considering defendants' documents and testimony regarding the Coda software was addressed with respect to Instruction No. 30.

7. **Instruction No. 32 – Obviousness**: Sustained in part. The list of obviousness references will not include dates, for the reasons given with respect to Instruction No. 29. Otherwise, the objections are largely duplicative of the objections to Instruction No. 30, and are denied for the reasons given above.

8. **Instruction No. 35**: Sustained. The full list of *Georgia-Pacific* instructions will be read to the jury, as the parties believe that almost all the factors are relevant.

9. **Instruction No. 36**: Sustained in part. The Court will include the first paragraph of the current instruction, as the other portions are irrelevant to this case.

10. **Identification of Defendants' Invalidity Theories and Defendants' Burden on Invalidity**: Overruled, for the reasons given above with respect to Instruction No. 30.

**IT IS SO ORDERED**.

Dated: February 11, 2015

_____
JAMES DONATO
United States District Judge