UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>   Plaintiff,<br><br>  v.<br><br>BOX, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-04910-JD<br><br>**VERDICT FORM** |

  The Court has considered the parties' responses to the draft verdict form and made the following changes.

  First, the Court has deleted the reference to Box in the "Findings on Infringement Claims" and "Direct Infringement" headings. This should be sufficient to address Open Text's request for a question regarding Carahsoft's direct infringement, because question 1 is phrased in terms of products, rather than parties.

  Second, with respect to damages, the parties have failed to segregate units installed by accused product (e.g., Box Edit for Mac, Box Edit for Windows, Box for Android) or by defendant. Accordingly, the jury has no basis for determining the number of accused units if the jury finds that one or more accused products, or one of the defendants, does not infringe. The Court suggests that the parties reach a stipulation as to the number of accused units under the possible scenarios.

  Third, with respect to the induced infringement questions, the Court has deleted the rows for the asserted patents other than claim 27 of the '515 patent, given the fact that both the jury instructions proposed by Open Text and the final jury instructions contemplate that induced infringement is alleged only with respect to that claim. *See* Dkt. Nos. 471-2 at 2, 569 at 26.

Fourth, the Court has changed "units sold" in the damages question to "units installed," in light of the fact that Box Edit can be downloaded for free. The Court has also deleted the line calling for a royalty that is a percentage of the unit price, because Open Text has not presented evidence of a percentage-based royalty, and because Box Edit can be downloaded for free.

Fifth, the Court has deleted the question on enablement, consistent with its prior order. *See* Dkt. No. 568 at 2.

Finally, the Court has modified the instruction preceding question 8 to eliminate the ambiguity identified by Open Text.

All other objections that have not been waived or withdrawn are denied.

**IT IS SO ORDERED**.

Dated: February 11, 2015

_____
JAMES DONATO
United States District Judge

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case:

## FINDINGS ON INFRINGEMENT CLAIMS

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

**A. Direct Infringement**

1. For each patent claim below, has Open Text proven that it is more likely than not that that every element of the claim is included in the following products, features, or services?

*Please answer Yes (for Open Text) or No (for Box) in each cell. Do not provide an answer in the darkened cells:*

| Claim | Box Edit For Mac | Box Edit For Windows | Box Android Application |
|---|---|---|---|
| '515 Patent, Claim 10 | | | |
| '515 Patent, Claim 27 | | | |
| '665 Patent, Claim 4 | | | |
| '152 Patent, Claim 11 | | | |

4

**B. Contributory Infringement – Box**

2. For each claim and Box product, feature, or service below, has Open Text proven that it is more likely than not: (i) that direct infringers infringed the claim; (ii) that Box supplied an important component of the infringing part of the product, feature, or service; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Box supplied the component with knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner?

*Please answer Yes (for Open Text) or No (for Box) in each cell:*

| Claim | Box Edit For Mac | Box Edit For Windows |
|---|---|---|
| **'515 Patent, Claim 10** | | |
| **'515 Patent, Claim 27** | | |
| **'665 Patent, Claim 4** | | |
| **'152 Patent, Claim 11** | | |

### C. Inducing Infringement – Box

3. For each claim and product, feature, or service below, has Open Text proven that it is more likely than not: (i) that direct infringers infringed the claim; (ii) that Box intentionally took action that actually induced that infringement by direct infringers; (iii) that Box was aware of the patent; (iv) that Box knew the acts it was causing would infringe the patent, and (v) that Box did not have a good faith belief that the patent was invalid?

*Please answer Yes (for Open Text) or No (for Box) in each cell:*

| Claim | Box Edit For Mac | Box Edit For Windows | Box Android Application |
|---|---|---|---|
| **'515 Patent, Claim 27** | | | |

### D. Contributory Infringement – Carahsoft

4. For each claim and Box product, feature, or service below, has Open Text proven that it is more likely than not: (i) that direct infringers infringed the claim; (ii) that Carahsoft supplied an important component of the infringing part of the service; (iii) that the component was not a common component suitable for non-infringing use; and (iv) that Carahsoft supplied the component with knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner?

*Please answer Yes (for Open Text) or No (for Carahsoft) in each cell:*

| Claim | Box Edit For Mac | Box Edit For Windows |
|---|---|---|
| '515 Patent, Claim 10 | | |
| '515 Patent, Claim 27 | | |
| '665 Patent, Claim 4 | | |
| '152 Patent, Claim 11 | | |

**E. Inducing Infringement – Carahsoft**

5.  For each claim and Box product, feature, or service below, has Open Text proven that it is more likely than not: (i) that direct infringers infringed the claim; (ii) that Carahsoft intentionally took action that actually induced that infringement by direct infringers; (iii) that Carahsoft was aware of the patent; (iv) that Carahsoft knew the acts it was causing would infringe the patent, and (v) that Carahsoft did not have a good faith belief that the patent was invalid?

*Please answer Yes (for Open Text) or No (for Carahsoft) in each cell:*

| Claim | Box Edit For Mac | Box Edit For Windows | Box Android Application |
|---|---|---|---|
| **'515 Patent, Claim 27** | | | |

# FINDINGS ON INVALIDITY DEFENSES

**F. Anticipation**

6. For each claim listed below, have Defendants proven that it is highly probable that the claim was "anticipated," or, in other words, not new as of December 28, 2001?

*Please answer Yes (for Defendants) or No (for Open Text) in each cell:*

| Claim | Invalid |
|---|---|
| '515 Patent, Claim 10 | |
| '515 Patent, Claim 27 | |
| '665 Patent, Claim 4 | |
| '152 Patent, Claim 11 | |

**G. Obviousness**

7. For each claim listed below, have Defendants proven that it is highly probable that the claim would have been obvious to a person of ordinary skill in the field as of December 28, 2001?

*Please answer Yes (for Defendants) or No (for Open Text) in each cell:*

| Claim | Invalid |
|---|---|
| '515 Patent, Claim 10 | |
| '515 Patent, Claim 27 | |
| '665 Patent, Claim 4 | |
| '152 Patent, Claim 11 | |

10

**FINDINGS ON DAMAGES (IF APPLICABLE)**

If you answered question 1, 2, 3, 4, or 5 "yes" as to any asserted patent claim and answered "no" as to that same patent claim in questions 6 and 7, proceed to answer the remaining questions. If you did not so answer, do not answer the remaining questions and proceed to check and sign the verdict form.

8. You must next determine the amount of damages owed to Open Text. If you conclude that a single, lump sum payment for all past and future use of the patents that you have found infringed and valid is the appropriate measure of damages, then only answer sub-part A. If you conclude that a running royalty through October 31, 2014, is the appropriate measure of damages, then only answer sub-part B. Do not fill in amounts under both sub-part A and sub-part B. What is the amount of damages owed by Defendants to Open Text?

[A] Lump sum: $_____

[B] Running royalty:  $_____ per unit installed

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _____, 2015

By: _____
        Presiding Juror