UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

          Plaintiff,

    v.

BOX, INC., et al.,

          Defendants.

Case No.  13-cv-04910-JD

**SECOND AMENDED FINAL
ANNOTATED JURY INSTRUCTIONS**

      The Court has revised the amended final annotated jury instructions to correct errors introduced by the parties to Instructions No. 23 and 33.  *See* Dkt. Nos. 576, 577.

      **IT IS SO ORDERED**.

Dated: February 12, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

## TABLE OF CONTENTS

INSTRUCTION NO. 1: DUTY OF JURY ................................................................. 4

INSTRUCTION NO. 2: SUMMARY OF CONTENTIONS ........................................... 5

INSTRUCTION NO. 3: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS .............. 6

INSTRUCTION NO. 4: WHAT IS EVIDENCE ........................................................ 7

INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE ................................................. 8

INSTRUCTION NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................ 9

INSTRUCTION NO. 7: RULING ON OBJECTIONS ................................................. 10

INSTRUCTION NO. 8: CREDIBILITY OF WITNESSES ............................................ 11

INSTRUCTION NO. 9: DEPOSITION IN LIEU OF LIVE TESTIMONY ................................ 12

INSTRUCTION NO. 10: IMPEACHMENT EVIDENCE—WITNESSES ............................... 13

INSTRUCTION NO. 11: EXPERT OPINION ......................................................... 14

INSTRUCTION NO. 12: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE ..... 15

INSTRUCTION NO. 13: STIPULATIONS OF FACT ................................................. 16

INSTRUCTION NO. 14: DUTY TO DELIBERATE .................................................. 17

INSTRUCTION NO. 15: CONSIDERATION OF EVIDENCE–CONDUCT OF THE JURY ..... 18

INSTRUCTION NO. 16: COMMUNICATION WITH COURT ...................................... 19

INSTRUCTION NO. 17: RETURN OF VERDICT ................................................... 20

INSTRUCTION NO. 18: INTERPRETATION OF CLAIMS ......................................... 21

INSTRUCTION NO. 19: INFRINGEMENT—BURDEN OF PROOF ................................ 22

INSTRUCTION NO. 20: DIRECT INFRINGEMENT ................................................. 23

INSTRUCTION NO. 21: LITERAL INFRINGEMENT ................................................ 24

INSTRUCTION NO. 22: CONTRIBUTORY INFRINGEMENT ...................................... 25

INSTRUCTION NO. 23: INDUCING PATENT INFRINGEMENT ................................... 26

INSTRUCTION NO. 24: INVALIDITY—BURDEN OF PROOF ................................................ 27

INSTRUCTION NO. 25: PRIOR ART ................................................................................... 28

INSTRUCTION NO. 26: ANTICIPATION ............................................................................ 29

INSTRUCTION NO. 27: STATUTORY BARS ...................................................................... 30

INSTRUCTION NO. 28: OBVIOUSNESS ............................................................................ 31

INSTRUCTION NO. 29: DAMAGES—BURDEN OF PROOF ................................................ 33

INSTRUCTION NO. 30: REASONABLE ROYALTY—DEFINITION ...................................... 34

INSTRUCTION NO. 31: REASONABLE ROYALTY—RELEVANT FACTORS.................... 36

INSTRUCTION NO. 32: DATE OF COMMENCEMENT—PRODUCTS ................................. 38

INSTRUCTION NO. 33: CALCULATING DAMAGES IN CASES OF INDUCEMENT OR

CONTRIBUTORY INFRINGEMENT ................................................................................... 39

INSTRUCTION NO. 34: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH

ON OR COMMUNICATE ABOUT A CASE ....................................................................... 40

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **INSTRUCTION NO. 1: DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law.

A copy of these instructions will be available in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.1C, as modified by the Court.

**INSTRUCTION NO. 2: SUMMARY OF CONTENTIONS**

I will first give you a summary of each side's contentions in this case.  I will then tell you what each side must prove to win on each of its contentions.  As I previously told you, Open Text seeks money damages from Defendants for allegedly infringing U.S. Patent Nos. 7,062,515; 7,590,665; and 8,117,152 by making, using, selling, and offering for sale products, features, or services that Open Text argues are covered by Claims 10 and 27 of the '515 patent; Claim 4 of the '665 patent; and Claim 11 of the '152 patent.  These are the asserted claims of the patents-in-suit.  Open Text also argues that Defendants have actively induced infringement of these claims of the patents by others and contributed to the infringement of these claims of the patents by others. The products, features, or services that are alleged to infringe the Patents-in-Suit are Box Edit and Box's Android Mobile application.

Defendants deny that they have infringed the asserted claims, either directly or indirectly via inducement or contribution to the infringement of another.  Defendants also contend each of the asserted claims is invalid because they were either not new, or because they were obvious. Invalidity is a defense to infringement.

Your job is to decide whether the asserted claims of the '515, '665, and '152 patents have been infringed and whether any of the asserted claims of the patents are invalid.  If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Open Text to compensate it for the infringement.

Source
*See* Model Patent Jury Instructions for the Northern District of California B.1.

## INSTRUCTION NO. 3: TWO OR MORE PARTIES−DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.5.

### INSTRUCTION NO. 4: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;
2.   the exhibits which were received into evidence; and
3.   any facts to which the lawyers have agreed.

<u>Source</u>
*See* Ninth Circuit Model Civil Jury Instruction 1.6.

United States District Court
Northern District of California

**INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.7.

United States District Court
Northern District of California

8

## **INSTRUCTION NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.9.

## INSTRUCTION NO. 7: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When lawyers asked questions or offered exhibits into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was to be answered or the exhibit received.  If I sustained the objection, the question was not answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.10.

## __INSTRUCTION NO. 8: CREDIBILITY OF WITNESSES__

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of witness to see or hear or know he things testified to;
2.   the witness's memory;
3.   the witness's manner while testifying;
4.   the witness's interest in the outcome of the case and any bias or prejudice;
5.   whether other evidence contradicted the witness's testimony;
6.   the reasonableness of the witness's testimony in light of all the evidence; and
7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source
*See* Ninth Circuit Model Civil Jury Instruction 1.11.

## INSTRUCTION NO. 9: DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Source
*See* Ninth Circuit Model Civil Jury Instruction 2.4, as modified by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## INSTRUCTION NO. 10: IMPEACHMENT EVIDENCE—WITNESSES

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source
*See* Ninth Circuit Model Civil Jury Instruction 2.8.

### INSTRUCTION NO. 11: EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source
*See* Ninth Circuit Model Civil Jury Instruction 2.11.

## INSTRUCTION NO. 12: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source
*See* Ninth Circuit Model Civil Jury Instruction 2.12.

## INSTRUCTION NO. 13: STIPULATIONS OF FACT

The parties have agreed to the facts stated in Exhibit 2788. You should therefore treat these facts as having been proved.

Source
*See* Ninth Circuit Model Civil Jury Instruction 2.13, as modified by the Court.

**INSTRUCTION NO. 14: DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source
*See* Ninth Circuit Model Civil Jury Instruction 3.1.

**INSTRUCTION NO. 15: CONSIDERATION OF EVIDENCE–CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source
*See* Ninth Circuit Model Civil Jury Instruction 3.1A.

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INSTRUCTION NO. 16: COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source
*See* Ninth Circuit Model Civil Jury Instruction 3.2.

**INSTRUCTION NO. 17: RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Source
*See* Ninth Circuit Model Civil Jury Instruction 3.3.

United States District Court
Northern District of California

20

## INSTRUCTION NO. 18: INTERPRETATION OF CLAIMS

Before you decide whether Defendants have infringed the claims of the patents or whether the claims are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describes the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have interpreted the meaning of some of the language in the patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issues of infringement and invalidity. The decisions regarding infringement and invalidity are yours to make.

| Term | Asserted Claims | Construction |
|---|---|---|
| "executable to run in user space" | '515 patent:  10, 27 | "executable to run in the portion of memory that is not reserved for operating system level programs" |
| "executable by the client processor to run in user space" | '515 patent:  10, 27 | "executable to run in the portion of memory that is not reserved for operating system level programs" |
| "cache" | '665 patent:  4 | "storage area on a client computer" |
| "database asset" | '515 patent:  10, 27<br>'665 patent:  4<br>'152 patent:  11 | "computer file stored in a database" |
| "database" | '515 patent:  10, 27<br>'665 patent:  4<br>'152 patent:  11 | "a collection of information which is organized and stored in a predetermined manner for subsequent search and retrieval" |

Source
*See* Model Patent Jury Instructions for the Northern District of California 2.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## **INSTRUCTION NO. 19: INFRINGEMENT—BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether Open Text has proven that Defendants have infringed one or more of the asserted claims of the '515, '665, or '152 patents.  To prove infringement of any claim, Open Text must persuade you that it is more likely than not that Defendants have infringed that claim.

<u>Source</u>
*See* Model Patent Jury Instructions for the Northern District of California 3.1.

## INSTRUCTION NO. 20: DIRECT INFRINGEMENT

A patent's claims define what is covered by the patent.  A service, feature, or product directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made this decision, and I have already instructed you as to the meaning of the asserted patent claims.  The second step is to decide whether Defendants have made, used, sold, offered for sale or imported within the United States a service, feature, or product covered by a claim of the '515, '665, or '152 patent.  If it has, it infringes.  You, the jury, make this decision.

You must consider each of the asserted claims of the patent individually, and decide whether Defendants' service, feature, or product infringes that claim.

You have heard evidence about both Open Text's commercial products, features, and services and Defendants' accused products, features, and services.  However, in deciding the issue of infringement you may not compare Defendants' accused products, features, and services to Open Text's commercial products, features, and services.  Rather, you must compare the Defendants' accused products, features, and services to the claims of the '515, '665, and '152 patents when making your decision regarding infringement.

Whether or not Defendants knew its products, features, and services infringed or even knew of the patent does not matter in determining direct infringement.

In this case, Open Text must prove that the asserted claims are "literally" infringed.  The following instructions will provide more detail regarding literal infringement.

<u>Source</u>
*See* Model Patent Jury Instructions for the Northern District of California 3.2, as modified by the Court.

## INSTRUCTION NO. 21: LITERAL INFRINGEMENT

To decide whether Defendants' products, features, and services literally infringe a claim of the '515, '665, or '152 patents, you must compare each product, feature, or service with the patent claim and determine whether every requirement of the claim is included in that product, feature, or service. If so, Defendants' product, feature, or service literally infringes that claim. If, however, Defendants' product, feature, or service does not have every requirement in the patent claim, Defendants' product, feature, or service does not literally infringe that claim. You must decide literal infringement for each asserted claim separately.

If the patent claim uses the term "comprising," that patent claim is to be understood as an open claim. An open claim is infringed as long as every requirement in the claim is present in Defendants' products, features, and services. The fact that Defendants' products, features, and services also include other parts will not avoid infringement, as long as it has every requirement in the patent claim.

If one party controls and makes use of a system that contains all the requirements of the claim, that party may be an infringer even though the parts of the system do not all operate in the same place or at the same time.

Source
*See* Model Patent Jury Instructions for the Northern District of California 3.3.

## INSTRUCTION NO. 22: CONTRIBUTORY INFRINGEMENT

Open Text also argues that Defendants have contributed to infringement by another.  Contributory infringement may arise when someone supplies something that is used to infringe one or more of the patent claims.

In order for there to be contributory infringement by Defendants, someone other than Defendants must directly infringe a claim of the '515, '665, or '152 patents; if there is no direct infringement by anyone, there can be no contributory infringement.

If you find someone has directly infringed the '515, '665, or '152 patents, then contributory infringement exists if:

(1)     Defendants supplied an important component of the infringing part of the products, features, or services;

(2)     The component is not a common component suitable for non-infringing use; and

(3)     Defendants supplied the component with knowledge of the '515, '665, or '152 patents and knowledge that the component was especially made or adapted for use in an infringing manner.

A "common component suitable for non-infringing use" is a component that has uses other than as a component of the patented products, features, or services, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.

Source
See Model Patent Jury Instructions for the Northern District of California 3.8.

## INSTRUCTION NO. 23: INDUCING PATENT INFRINGEMENT

For Box for Android, Open Text argues that Defendants have actively induced another to infringe claim 27 of the '515 patent. In order for the Defendants to induce infringement, Defendants must have induced another to directly infringe claim 27 of the '515 patent. For Box Edit, Open Text argues that Defendants have actively induced another to infringe every asserted claim. In order for the Defendants to induce infringement, Defendants must have induced another to directly infringe the asserted claims. If there is no direct infringement by anyone, there can be no induced infringement. In order to be liable for inducement of infringement, Defendants must:

    (1) have intentionally taken action that actually induced direct infringement;

    (2) have been aware of the '515, '152, and '665 patents;

    (3) have known that the acts it was causing would infringe the patent; and

    (4) not have had a good faith belief the patent was invalid.

If the four requirements just stated are not met, Defendants cannot be liable for inducement unless it actually believed that it was highly probable their actions would encourage infringement of a patent it believed to be valid and that it deliberately chose to avoid learning the truth. To prove inducement, it is not enough that Defendants were merely indifferent to the possibility that their actions might encourage infringement of a valid patent. Nor is it enough that Defendants took a risk that was substantial and unjustified.

In deciding whether the Defendants induced infringement, you may consider whether Defendants actually believed that the acts they encouraged did not infringe the patent, and whether Defendants had a good-faith belief that the patent would be held invalid.

Source
Model Patent Jury Instructions for the Northern District of California 3.9.

## <u>INSTRUCTION NO. 24: INVALIDITY—BURDEN OF PROOF</u>

I will now instruct you on the rules you must follow in deciding whether Defendants have proven that the asserted claims of the patents-in-suit are invalid.  Before discussing the specific rules, I want to remind you about the standard of proof that applies to this defense.  To prove invalidity of any patent claim, Defendants must persuade you that it is highly probable that the claim is invalid.

During this case, the Defendants have submitted prior art that was not considered by the United States Patent and Trademark Office (PTO) during the prosecution of the patents-in-suit.  The Defendants contend that such prior art invalidates certain claims of the patents-in-suit.  In deciding the issue of invalidity, you may take into account the fact that the prior art was not considered by the PTO when it issued the patents-in-suit.  Prior art that differs from the prior art considered by the PTO may carry more weight than the prior art that was considered and may make the Defendants' burden of showing that it is highly probable that a patent claim is invalid easier to sustain.

<u>Source</u>
Model Patent Jury Instructions for the Northern District of California 4.1.

## INSTRUCTION NO. 25: PRIOR ART

Prior art may include items that were publicly known or that have been used or offered for sale, publications, or patents that disclose the claimed invention or elements of the claimed invention. To be prior art, the item or reference must have been made, known, used, published, or patented either before December 28, 2001, or more than one year before the filing date of the patent application.  However, prior art does not include a publication that describes the inventor's own work and was published less than one year before the date of invention.

Defendants allege that the following references constitute prior art:

1.      Coda software program version 5.3.10 [TX600];

2.      WS_FTP Pro User's Guide [TX618]; and

3.      Xerox DocuShare 2.2 [TX601].

Source
*See* Federal Circuit Bar Association Model Patent Jury Instruction 4.3a.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### INSTRUCTION NO. 26: ANTICIPATION

A patent claim is invalid if the claimed invention is not new. For the claim to be invalid because it is not new, all of its requirements must have existed in a single device, system, or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention.  In determining whether a prior device, system, or method did in fact contain all the requirements of the claim, you may rely on any relevant evidence, such as documents and the testimony of witnesses.  In patent law, these previous devices, systems, methods, publications or patents are called "prior art references."  If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of computer programming looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that Defendants can show that a patent claim was not new:

      – if the claimed invention was already publicly known or publicly used by others in the United States before December 28, 2001;

      – if the claimed invention was already patented or described in a printed publication anywhere in the world before December 28, 2001.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

      – if the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before December 28, 2001.

Source
*See* Model Patent Jury Instructions for the Northern District of California 4.3a1, as modified by the Court.

### INSTRUCTION NO. 27: STATUTORY BARS

A patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar."  For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed.  Here is a list of ways Defendants can show that the patent application was not timely filed:

> – if the claimed invention was already patented or described in a printed publication anywhere in the world before December 28, 2000.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

> – if the claimed invention was already being openly used in the United States before December 28, 2000;

> – if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, before December 28, 2000.  The claimed invention is ready for patenting if it was actually built, or if the inventor had prepared drawings or other descriptions of the claimed invention that were sufficiently detailed to enable a person of ordinary skill in the field to make and use the invention based on them.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time.  The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill in the field of computer programming looking at the reference to make and use the claimed invention.

Source
See Model Patent Jury Instructions for the Northern District of California 4.3a2.

**INSTRUCTION NO. 28: OBVIOUSNESS**

Not all innovations are patentable.  A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time the claimed invention was made. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of computer programming who knew about all this prior art would have come up with the claimed invention.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions.

The parties agree that the level of ordinary skill in the field would be a Bachelor's degree in one of computer science, computer engineering, or related field, and around two years of experience in the design, development, or analysis of software in a network environment, and that additional education can substitute for the work experience.

First, you must decide the scope and content of the prior art.  Open Text and Defendants disagree as to whether (1) Coda software program version 5.3.10 [TX600]; (2) WS_FTP Pro User's Guide [TX618]; and (3) Xerox DocuShare 2.2 [TX601] should be included in the prior art you use to decide the validity of Claims 10 and 27 of the '515 patent; Claim 4 of the '665 patent; and Claim 11 of the '152 patent.  In order to be considered as prior art to the '515, '665, or '152 patents, these references must be reasonably related to the claimed invention of that patent.  A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

Second, you must decide what difference, if any, existed between the claimed invention and the prior art.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

> (1)     commercial success of a product due to the merits of the claimed invention;
>
> (2)     a long felt need for the solution provided by the claimed invention;
>
> (3)     unsuccessful attempts by others to find the solution provided by the claimed invention;
>
> (4)     copying of the claimed invention by others;
>
> (5)     unexpected and superior results from the claimed invention;
>
> (6)     acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;
>
> (7)     other evidence tending to show nonobviousness;

(8)     independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

(9)     other evidence tending to show obviousness.

The presence of any of the factors 1-7 may be considered by you as an indication that the claimed invention would not have been obvious at the time the claimed invention was made, and the presence of the factors 8-9 may be considered by you as an indication that the claimed invention would have been obvious at such time.  Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art.  In evaluating whether such a claim would have been obvious, you may consider whether Defendants have identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention.  There is no single way to define the line between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.  You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness.  You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way.  You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.  However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact.  You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

<u>Source</u>
*See* Model Patent Jury Instructions for the Northern District of California 4.3b.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## <u>INSTRUCTION NO. 29: DAMAGES—BURDEN OF PROOF</u>

I will instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win on any issue.  If you find that Defendants infringed any valid claim of the '515, '665, or '152 patents, you must then determine the amount of money damages to be awarded to Open Text to compensate it for the infringement.

The amount of those damages must be adequate to compensate Open Text for the infringement.  A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty.  You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Open Text has the burden to persuade you of the amount of its damages.  You should award only those damages that Open Text more likely than not suffered.  While Open Text is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty.  Open Text is not entitled to damages that are remote or speculative.

<u>Source</u>
*See* Model Patent Jury Instructions for the Northern District of California 5.1.

**INSTRUCTION NO. 30: REASONABLE ROYALTY—DEFINITION**

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention.  This right is called a "license."  A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer taking place at the time when the infringing activity first began.  In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement.  You must also assume that both parties believed the patent was valid and infringed.  Your role is to determine what the result of that negotiation would have been.  The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard.  One way to calculate a royalty is to determine what is called an "ongoing royalty."  To calculate an ongoing royalty, you must first determine the "base," that is, the products, features, or services on which the infringer is to pay.  You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation.  For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200.  If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of 0.01 times the base revenue of $200.  By contrast, if you find the rate to be 5%, the royalty would be $10, or the rate of 0.05 times the base revenue of $200.  These numbers are only examples, and are not intended to suggest the appropriate royalty rate.

Instead of a percentage royalty, you may decide that the appropriate royalty that would have resulted from a hypothetical negotiation is a fixed number of dollars per unit sold.  If you do, the royalty would be that fixed number of dollars times the number of units sold.

If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component.  For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5.  However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product.  Even if the patented feature is not the reason for customer demand, the value of the whole product could be used if, for example, the value of the patented feature could not be separated out from the value of the whole product.  In such a case, however, the rate resulting from the hypothetical negotiation would be a lower rate because it is being applied to the value of the whole product and the patented feature is not the reason for the customer's purchase of the whole product.

Another way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future.  This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells.  When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

United States District Court
Northern District of California

Source
*See* Model Patent Jury Instructions for the Northern District of California 5.7.

**INSTRUCTION NO. 31:  REASONABLE ROYALTY—RELEVANT FACTORS**

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began.  Some of the kinds of factors that you may consider in making your determination are:

(1) The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2) The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

(3) The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4) The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(5) The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6) The effect of selling the patented specialty in promoting sales of other products, features, or services of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7) The duration of the patent and the term of the license.

(8) The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9) The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10) The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11) The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13) The portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14) The opinion and testimony of qualified experts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(15) The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people. The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent holder and the infringer taking place at a time prior to when the infringement began.

<u>Source</u>
*See* Federal Circuit Bar Association Model Patent Jury Instruction B.6.7.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 32: DATE OF COMMENCEMENT—PRODUCTS

Damages that Open Text may be awarded by you commence on the date that Defendants has both infringed and been notified of the '515, '665, and '152 patents.

Source
*See* Model Patent Jury Instructions for the Northern District of California 5.8, as modified by the Court.

**INSTRUCTION NO. 33: CALCULATING DAMAGES IN CASES OF INDUCEMENT OR CONTRIBUTORY INFRINGEMENT**

In order to recover damages for induced infringement, Open Text must either prove that the accused products, features, or services necessarily infringe the '515, '665, or '152 patents or prove acts of direct infringement by others that were induced by Defendants.  Because the amount of damages for induced infringement is limited by the number of instances of direct infringement, Open Text must further prove the number of direct acts of infringement of the patents, for example, by showing individual acts of direct infringement or by showing that a particular class of products, features, or services directly infringes.

In order to recover damages for contributory infringement, Open Text must either prove that the accused products, features, or services necessarily infringe the '515, '665, or '152 patent or prove acts of direct infringement by others to which Defendants made a substantial contribution.  Because the amount of damages for contributory infringement is limited by the number of instances of direct infringement, Open Text must further prove the number of direct acts of infringement of the patents, for example, either by showing individual acts of direct infringement or by showing that a particular class of products, features, or services directly infringes.

Source
*See* Model Patent Jury Instructions for the Northern District of California 5.9.

1

## INSTRUCTION NO. 34: USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Source
Judicial Conference Committee on Court Administration and Case Management Proposed Model Jury Instruction on the Use of Electronic Technology to Conduct Research on or Communicate about a Case, *available at* http://www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf.

United States District Court
Northern District of California