UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPEN TEXT S.A.,

    Plaintiff,

v.

BOX, INC., et al.,

    Defendants.

Case No. 13-cv-04910-JD

**AMENDED ORDER GRANTING JUDGMENT AS A MATTER OF LAW OF NO WILLFULNESS**[1]

On February 10, 2015, defendants Box and Carahsoft (collectively "Box") moved in open court for judgment as a matter of law on willfulness. The Court previously granted Box's motion for summary judgment of no willfulness on all the asserted claims other than claim 10 of U.S. Patent No. 7,062,515, on the basis that Open Text had not moved for a preliminary injunction with respect to those claims. *See* Dkt. No. 527. The Court denied summary judgment on claim 10, even though the prior district judge in this case found a substantial question about its validity, because Open Text said that subsequently-discovered evidence would rebut that determination and lay a foundation for a jury to find willfulness. *See id.* at 2-3. Now that the parties have rested their cases, and the Court has heard and considered all the evidence presented at trial, the Court grants Box's motion for judgment as a matter of law of no willfulness for claim 10.

## LEGAL STANDARD

Willful infringement requires two showings. The plaintiff must demonstrate "by clear and

---

[1] This order amends the order previously entered at Dkt. No. 567. The only changes are to the sentence at page 3, lines 11-18, of the slip opinion version of this order for clarity and to add a citation.

1  convincing evidence that the infringer acted despite an objectively high likelihood that its actions
2  constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.
3  Cir. 2007). If that element is satisfied, the plaintiff then must show "that this objectively-defined
4  risk (determined by the record developed in the infringement proceeding) was either known or so
5  obvious that it should have been known to the accused infringer." *Id*.

6  The first "objective" element, "though predicated on underlying mixed questions of law
7  and fact, is best decided by the judge as a question of law." *See Bard Peripheral Vascular, Inc. v.*
8  *W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012). This element "will not be
9  found where the accused infringer has raised a 'substantial question' as to the validity or
10 noninfringement of the patent," even if the patents are ultimately found valid and infringed. *See*
11 *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, No. 2014-1114, 2015 WL 151557, at
12 *5 (Fed. Cir. Jan. 13, 2015) (unpublished) (citing *Spine Solutions, Inc. v. Medtronic Sofamor*
13 *Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010), and *DePuy Spine, Inc. v. Medtronic*
14 *Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009)).

15 "Should the court determine that the infringer's reliance on a defense was not objectively
16 reckless, it cannot send the question of willfulness to the jury, since proving the objective prong is
17 a predicate to consideration of the subjective prong." *Powell v. Home Depot U.S.A., Inc.*, 663
18 F.3d 1221, 1236 (Fed. Cir. 2011).

19 Judgment as a matter of law on an issue is appropriate when a party has been fully heard
20 on that issue and the Court finds that a reasonable jury would not have a legally sufficient
21 evidentiary basis to find for the party on that issue. *See* Fed. R. Civ. P. 50(a).

**DISCUSSION**

23 Open Text claims willfulness based solely on Box's conduct after this case was filed. *See*
24 Joint Pretrial Statement at 5, 7, Dkt. No. 390. After filing, Open Text moved for a preliminary
25 injunction with respect to claim 10, and the district judge previously assigned to this case denied
26 Open Text's motion mainly on the ground that Box raised a substantial question about the validity
27 of the claims that were the subject of the motion. *See* Dkt. No. 192 at 7. The district judge found
28 specifically that the claims were likely invalid in light of a user's guide for the WS_FTP Pro

1   version 5 software.  *See id.*

2          As the Court has previously noted, this finding presents a steep hill for Open Text to climb.
3   *See* Dkt. No. 527 at 2-3.  Where, as here, "a patentee attempts to secure injunctive relief but fails,
4   it is likely the infringement did not rise to the level of recklessness."  *Seagate*, 497 F.3d at 1374.
5   After hearing the evidence presented at trial on invalidity, it is clear that the hill is not just steep,
6   but insurmountable.  Whether or not claim 10 of the '515 patent is ultimately found to be valid,
7   the trial evidence did not come close to showing any reason to disturb the prior finding that there
8   is a substantial question about whether claim 10 is obvious over the WS_FTP Pro version 5.0
9   User's Guide.  *See generally* Trial Transcript at 583:11-593:22.[2]

10         Open Text argues that the preliminary injunction finding was error because it considered
11  only the validity of claim 1 (the claim from which claim 10 ultimately depends).  Even if that is
12  right, claim 10 contains only two limitations not present in claim 1 that Open Text disputes are
13  found in the WS_FTP Pro User's Guide:  it requires that the claimed software program be
14  "executable to receive a database notification from a database management program that an
15  additional user has modified the database asset [which the Court has construed to mean "computer
16  file stored in a database," *see* Dkt. No. 294 at 18]" and that it be "further executable to provide a
17  notice to a first user that the additional user has modified the database asset."  '515 patent, claims
18  9 and 10; Dkt. No. 542 at 3-4.  Box presented evidence at trial that these elements are met by file
19  synchronization software called Xerox DocuShare 2.2.  Specifically, when a file stored on a file
20  server is right-clicked in DocuShare, the user can select an option called "version history," which
21  produces a dialog box showing the other users who have previously modified the file, and when
22  they did so.  *See* Transcript at 602:12-604:18; TX601.32.  Box's expert opined that that dialog box
23  satisfies the two limitations claim 10 adds to claim 1.  *Id.*  Open Text's expert presented no
24  evidence to the contrary.  *See* Transcript at 1071:19-1072:11.  Box also presented evidence that,
25  because the WS_FTP Pro version 5 software described by the User's Guide and Xerox DocuShare
26  2.2 are both file synchronization programs, it would have been obvious to a person of ordinary

---

[2] The Trial Transcript references are to the daily transcripts.  Page and line numbers might change if those transcripts are corrected or revised in any way by the reporters.

skill in the art at the time of the invention of the patents-in-suit to combine features from DocuShare and the WS_FTP Pro User's Guide. *See* Transcript at 601:17-602:4. The only evidence Open Text offered in rebutting this point was a short and conclusory statement from its expert that, because DocuShare requires users to check out documents they want to edit instead of allowing multiple users to edit documents simultaneously, "the problem that these … elements of this claim are addressing just doesn't happen." Transcript at 1072:5-11. But Open Text provided no testimony or reason why a dialog box showing a file's version history would not be useful or feasible in a system that permits simultaneous editing rather than checking out documents -- or even any reason to suppose that the asserted claims are restricted to systems that allow simultaneous editing, and do not cover checkout-based systems like DocuShare. *Cf. Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1351 (Fed. Cir. 2010) (prior art is analogous and relevant to the obviousness inquiry when it is "from the same field of endeavor, regardless of the problem addressed"). Whether or not the evidence at trial satisfies Box's burden of showing by clear and convincing evidence that these two elements of claim 10 are obvious over the combination of the WS_FTP Pro User's Guide and DocuShare, it suffices to show that Box has raised a substantial question as to the validity of claim 10 -- even assuming, as Open Text claims, that the prior district judge did not consider the validity of claim 10 separately.

Open Text points to only two alleged facts that purportedly were not considered in the denial of a preliminary injunction: Box applied for patents broader than the patents-in-suit, and Box has not shown since the preliminary injunction order that the WS_FTP Pro User's Guide is prior art. *See* Dkt. No. 447-1 at 37-38. Open Text's points are unpersuasive. Whether Box applied for patents broader than the patents-in-suit might at best be relevant to Box's subjective belief that the patents-in-suit are invalid. Even if Box's patents were in fact broader than the patents-in-suit, such that they would have been invalidated by any prior art references that invalidate the patents-in-suit -- a proposition Open Text did not establish in its summary judgment briefing -- it does not affect the objective reasonableness of Box's invalidity defenses, which the prior judge established by comparing in detail the WS_FTP Pro User's Guide with the claims of Open Text's patents and examining various secondary considerations of nonobviousness. *See*

Dkt. No. 192 at 8-16.

Open Text's prior art claim is equally inapposite. Open Text says that the WS_FTP Pro User's Guide was not publicly available before the priority date of the patents-in-suit. But Box introduced screenshots of websites at trial showing that the WS_FTP Pro 5.0 software that the User's Guide describes was advertised on the internet before the priority date of the patents-in-suit. *See* TX619-20, TX712. It is a plausible inference that the User's Guide accompanied the software itself. Even if that inference does not rise to the level of clear and convincing evidence that the WS_FTP Pro 5.0 manual was publicly available, it does not defeat Box's showing of a substantial question as to the validity of claim 10 -- and that alone is enough to defeat Open Text's willfulness claim.

**IT IS SO ORDERED**.

Dated: February 18, 2015

_____
JAMES DONATO
United States District Judge