COOLEY LLP
THOMAS J. FRIEL, JR. (SBN 80065)
(tfriel@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone:(415) 693-2000
Facsimile: (415) 693-2222

SARAH J. GUSKE (SBN 232467)
(sguske@cooley.com)
WAYNE O. STACY (pro hac vice)
(wstacy@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:(720) 566-4000
Facsimile: (720) 566-4099
Attorneys for Plaintiff OPEN TEXT S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

OPEN TEXT S.A.,

Plaintiff,

v.

BOX, INC. and CARAHSOFT TECHNOLOGY CORPORATION,

Defendants.

Case No. C 13-04910 JD

**OPEN TEXT S.A.'S MOTION FOR ENTRY AND FORM OF JUDGMENT, PREJUDGMENT INTEREST, AND TAXABLE COSTS**

Hearing: May 27, 2015
Time: 1:30 p.m.
Location: Courtroom 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. C 13-04910 JD

OPEN TEXT'S MOTION FOR ENTRY OF JUDGMENT AND POST-TRIAL FINDINGS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ........ 2

III. STATEMENT OF RELEVANT FACTS ........ 3

IV. ISSUE ONE: FORM OF THE JUDGMENT ........ 4

V. ISSUE TWO: PREJUDGMENT INTEREST ........ 8

- A. Open Text is the Prevailing Party. ........ 8
- B. Open Text is Entitled to Prejudgment Interest from March 2012 Until Entry of Judgment. ........ 9
- C. Open Text is Entitled to Prejudgment Interest at the Rate it Would Have Charged Defendants for a Loan at the Time Infringement Began. ........ 9
- D. Open Text is Also Entitled to Post-Judgment Interest at the Rate Required by 28 U.S.C. § 1961 Once Judgment is Entered. ........ 11

VI. ISSUE THREE: TAXABLE COSTS ........ 11

VII. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acumed LLC v. Stryker Corp.*,
525 F.3d 1319 (Fed. Cir. 2008)....................6

*Allen Archery, Inc. v. Browning Mfg. Co.*,
898 F.2d 787 (Fed. Cir. 1990)....................9

*Association of Mexican–American Educators v. Cal.*,
231 F.3d 572 (9th Cir. 2000)....................12

*Atmel Corp. v. Silicon Storage Tech., Inc.*,
202 F. Supp. 2d 1096 (N.D. Cal. 2002) .................... *passim*

*Beatrice Foods v. New England Printing*,
923 F.2d 1576 (Fed. Cir. 1991)....................9

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
807 F.2d 964 (Fed. Cir. 1986)....................9

*Cent. Delta Water Agency v. United States*,
306 F.3d 938 (9th Cir. 2002)....................6

*Competitive Techs. v. Fujitsu Ltd.*,
Case No. 02-CV-01673, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006)....................12

*Computer Cache Coherency Corp. v. Intel Corp.*,
Case No. 05-CV-01766, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) ....................12

*Emblaze Ltd. v. Apple Inc.*,
Case No. 5:11-CV-01079-PSG, 2015 WL 1304779 (N.D. Cal. Mar. 20, 2015) ....................12, 13

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*,
No. C 03-1431 SBA, 2008 WL 928535 (N.D. Cal. Apr. 4, 2008)....................9

*Gen. Motors Corp. v. Devex Corp.*,
461 U.S. 648 (1983) ....................1, 9

*Junker v. HDC Corp.*,
No. C 07-05094 JCS, 2008 WL 3385819 (N.D. Cal. July 28, 2008) ....................9

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
No. C 12-03762-SI, 2014 WL 1860298 (N.D. Cal. May 8, 2014) ....................12, 13

*National Info. Servs. Inc. v. TRW, Inc.*,
51 F.3d 1470 (9th Cir. 1995)....................12

**TABLE OF AUTHORITIES** (*cont'd*)

**Page(s)**

*Plantronics, Inc. v. Aliph, Inc.*,
No. C 09-01714-WHA-LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012)....12

*Roche Palo Alto LLC v. Apotex, Inc.*,
531 F.3d 1372 (Fed. Cir. 2008)....6

*Sealant Sys. Int'l, Inc. v. TEK Global S.R.L*,
Case No. 5:11-cv-00774-PSG, 2014 WL 1008183 (N.D. Cal. March 7, 2014)....9

*Shum v. Intel Corp.*,
682 F. Supp. 2d 992 (N.D. Cal. 2009)....13

*SSL Serv., LLC v. Citrix Sys., Inc.*,
769 F.3d 1073 (Fed. Cir. 2014)....8, 11

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
862 F.2d 1564 (Fed. Cir. 1988)....9

*Whitserve, LLC v. Computer Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012)....9

**Statutes**

28 U.S.C. § 1920....1-3, 12

28 U.S.C. § 1961....2, 11

35 U.S.C. § 101....4, 8

35 U.S.C. § 271....5-6

35 U.S.C. § 284....*passim*

**Other Authorities**

Fed. R. Civ. P. 12....8

Fed. R. Civ. P. 50....8

Fed. R. Civ. P. 54....*passim*

Fed. R. Civ. P. 56....7

Fed. R. Civ. P. 58....1, 2, 4, 8

Fed. R. Civ. P. 59....1, 2

Local Civ. R. 54-3....2, 3, 12

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Wednesday, May 27, 2015, at 1:30 p.m., or at a different time and date set by the Court, Plaintiff Open Text S.A. ("Open Text"), by and through counsel, will and hereby does move the Court to: (i) enter final judgment in the form proposed by Open Text pursuant to Federal Rule of Civil Procedure 58; (ii) to award prejudgment interest to Open Text as the prevailing party pursuant to 35 U.S.C. § 284 and Federal Rule of Civil Procedure 59; and (iii) to award taxable costs to Open Text as the prevailing party pursuant to 28 U.S.C. § 1920, 35 U.S.C. § 284 and Federal Rule of Civil Procedure 54(d)(1).

Prejudgment interest and taxable costs are normally raised after judgment has been entered under Rules 54 and 59; however, in light of the Court's Order for post-trial briefing to be consolidated with briefing on the form of the judgment (Dkt. No. 604), Open Text is raising these issues in this Motion prior to entry of judgment.

## I. INTRODUCTION

On February 13, 2015, the jury returned a verdict for Open Text finding that Defendants Box and Carahsoft directly and indirectly infringed all asserted patent claims and that the asserted patent claims were not invalid, and awarding Open Text $4,918,661 in damages. (Dkt. No. 582.) Open Text's Proposed Final Judgment tracks the verdict form, the record, and the Court's rulings, in accordance with Fed. R. Civ. P. 58(b). (Exhibit 1.)

Open Text is also entitled to prejudgment interest on the jury's damages award under 35 U.S.C. Section 284. Fed. R. Civ. P. 59. The jury's lump-sum damages award was based on a hypothetical negotiation for a license to use the asserted patent claims in March 2012. *E.g.*, TX32; Tr. 244:22-25; 842:13-17; 848:16-20; 855:19-24; 931:20-24; 950:15-24; 979:12-14; 987:6-8. In effect, the jury's damages award amounts to a $4,918,611 loan by Open Text to Box from the time infringement began until entry of judgment. *See Atmel Corp. v. Silicon Storage Tech., Inc.*, 202 F. Supp. 2d 1096, 1101 (N.D. Cal. 2002). In order to make Open Text whole, it is entitled to interest on this damages award from the time infringement began until entry of judgment. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

This Court is tasked with setting the rate of prejudgment interest. Unlike many cases in which courts are often forced to guess at the appropriate rate, Box's own public disclosures show exactly what startup Box paid for a $5 million loan in March 2012—a loan that was secured by Box's patents and patent applications. (Exhibit 2[1] at 71, 90 (Box's Form 10-K)); *also Atmel*, 202 F. Supp. 2d at 1099, 1101 (concluding prime rate of between 6 and 9 percent would be more than generous for a loan to a startup infringer). Box's March 2012 $5 million loan is nearly identical to the damages award in this case of $4,918,661 on March 2012. Applying Box's March 2012 loan terms to this case, using a conservative annual compounding rate, results in prejudgment interest of $1,625,932 as of April 15, 2015. (*See* Ellis Decl.[2] at 2-3 ¶ 6-8; Exhibit 2 at 90 (Box's Form 10-K) ($5 million March 2012 loan at 8.375% with a 4.5% term payment on the amount borrowed).) As a result, $1,625,932 is the appropriate amount of prejudgment interest in this case through April 15, 2015. From April 15, 2015 until entry of judgment, additional per diem prejudgment interest in the amount of $1,451.00 should be awarded. Upon entry of judgment, post-judgment interest will begin accruing pursuant to 28 U.S.C. § 1961.

In addition, as the prevailing party, Open Text is entitled to certain taxable costs. *See* 35 U.S.C. § 284; 28 U.S.C. § 1920; Fed. R. of Civ. P. 54(d)(1). This Court's Local Civil Rule 54-3 outlines these costs, which include fees for certain document productions, witnesses, depositions, trial exhibits, and demonstratives. *See, e.g.*, Local C.R. 54-3. Open Text's taxable costs to Defendants amount to $264,908.99. (Exhibit 3 (Open Text S.A.'s Bill of Costs).)

## II.  STATEMENT OF THE ISSUES TO BE DECIDED

**Issue One**: The form of final judgement to be entered by the Court pursuant to Federal Rule of Civil Procedure 58(b).

**Issue Two**: The amount of prejudgment interest Open Text is entitled to as the prevailing party pursuant to 35 U.S.C. § 284 and Federal Rule of Civil Procedure 59.

---

[1] Exhibit 2 is annotated excepts from Box's Form 10-K for the fiscal year ended January 31, 2015, retrieved from the Securities and Exchange Commission's EDGAR website. Citations are to Box's Form 10-K's pagination.

[2] Declaration of Douglas N. Ellis submitted herewith.

**Issue Three:** The amount of taxable costs to be awarded to Open Text as the prevailing party pursuant to 28 U.S.C. § 1920, 35 U.S.C. § 284, Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54-3.

## III. STATEMENT OF RELEVANT FACTS

On February 2, 2015, a jury trial commenced on the asserted claims of the file synchronization patents. On February 13, 2015, the jury returned a verdict for Open Text, finding that:

1. Defendants directly infringed claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 by making, using, selling, and/or offering for sale Box Edit for Mac and Box Edit for Windows (Dkt. No. 582 at 2; Dkt. No. 578 at 23);
2. Defendants directly infringed claim 27 of Patent No. 7,062,515 by making, using, selling, and/or offering for sale the Box Android Application (Dkt. No. 582 at 2; Dkt. No. 578 at 23);
3. Defendants contributorily infringed claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 with respect to Box Edit for Mac and Box Edit for Windows (Dkt. No. 582 at 3, 5; Dkt. No. 578 at 25);
4. Defendants induced infringement of claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 with respect to Box Edit for Mac and Box Edit for Windows (Dkt. No. 582 at 4, 6; Dkt. No. 578 at 26);
5. Defendants induced infringement of claim 27 of Patent No. 7,062,515 with respect to the Box Android Application (Dkt. No. 582 at 4, 6; Dkt. No. 578 at 26);
6. Claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 are not invalid as anticipated (Dkt. No. 582 at 7);
7. Claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 are not invalid as obvious (Dkt. No. 582 at 8);
8. And awarding Open Text lump-sum damages against Defendants for infringement by Box Edit for Mac, Box Edit for Windows, and the Box Android Application in the

amount of $4,918,661 (Dkt. No. 582 at 9).

Just before trial, on January 20, 2015, the Court granted Defendants' Judgement on the Pleadings, finding the asserted groupware patent claims invalid under 35 U.S.C. § 101 for lack of patentable subject matter. (Dkt. No. 454). During trial, the Court granted Defendants' summary judgment motion and judgement as a matter of law of no willful infringement of the asserted claims of the file synchronization patents. (Dkt. Nos. 527, 567, 588.)

On March 26, 2015, the Court entered an order setting the briefing schedule for all post-trial motions and for issues pertaining to the form of the judgment. (Dkt. No. 604.)

## IV. ISSUE ONE: FORM OF THE JUDGMENT

Open Text's Proposed Final Judgment (Exhibit 1) tracks the verdict form, the record, and the Court's rulings in accordance with Fed. R. Civ. P. 58(b) and should be entered. Rule 58(b) requires that judgment be entered "promptly" after the jury returns a verdict. Fed. R. Civ. P. 58(b)(2)(A).

The specific issues set out in Open Text's Proposed Final Judgement are addressed below:

**1. Direct Infringement:** Open Text proposes the following direct infringement language for the Final Judgment:

> [i.] Box, Inc. and Carahsoft Technology Corporation ("Defendants") directly infringed claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 by making, using, selling, and/or offering for sale Box Edit for Mac and Box Edit for Windows. (D.I. 582.)
>
> [ii.] Defendants directly infringed claim 27 of Patent No. 7,062,515 by making, using, selling, and/or offering for sale the Box Android Application. (D.I. 582.)

(Exhibit 1 at 1 ¶¶ 1-2.) Open Text's Proposed Final Judgement tracks the jury's direct infringement findings. For direct infringement, the jury instructions required that the jury determine "whether Defendants have made, used, sold, offered for sale or imported within the United States a service, feature, or product covered by a claim of the '515, '665, or '152 patent." (Dkt. No. 578 at 23.) The verdict form listed the accused products covered by the claims of the '515, '665, or '152 patents—Box Edit for Windows, Box Edit for Mac, and Box Android Application. (Dkt. No. 582 at 2.) The jury found as follows:

**A. Direct Infringement**

1. For each patent claim below, has Open Text proven that it is more likely than not that that every element of the claim is included in the following products, features, or services?

*Please answer Yes (for Open Text) or No (for Box) in each cell. Do not provide an answer in the darkened cells:*

| Claim | Box Edit For Mac | Box Edit For Windows | Box Android Application |
|---|---|---|---|
| '515 Patent, Claim 10 | YES | YES | |
| '515 Patent, Claim 27 | YES | YES | YES |
| '665 Patent, Claim 4 | YES | YES | |
| '152 Patent, Claim 11 | YES | YES | |

(*Id.*)

Open Text's Proposed Final Judgment language gives effect to the jury's finding of direct infringement of the asserted patent claims by Defendants as a result of their having made, used, sold, and/or offered for sale within the United States Box Edit for Windows, Box Edit for Mac, and Box Android Application. 35 U.S.C. § 271(a); (Ex. 1 at 1 ¶¶ 1-2; Dkt. No. 578 at 23; Dkt. No. 582 at 2.) As a result, Open Text's Proposed Final Judgment of direct infringement should be entered.

**2. Indirect Infringement:** Open Text proposes the following indirect infringement language for the Final Judgment:

> [i.] Defendants contributorily infringed claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 with respect to Box Edit for Mac and Box Edit for Windows. (D.I. 582.)
>
> [ii.] Defendants induced infringement of claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 with respect to Box Edit for Mac and Box Edit for Windows. (D.I. 582.)
>
> [iii.] Defendants induced infringement of claim 27 of Patent No. 7,062,515 with respect to the Box Android Application. (D.I. 582.)

(Exhibit 1 at 1 ¶¶ 3-5.) For indirect infringement, the jury instructions and jury form required that

the jury determine, for each Defendant, whether they had (i) contributed to the infringement of the asserted claims of the patents-in-suit with regard to Box for Windows and Box for Mac and (ii) induced infringement of the asserted claims of the patents-in-suit with regard to Box Edit for Windows, Box Edit for Mac, and Box Android Application. (Dkt. No. 582 at 3-6; Dkt. No. 578 at 25-26.) Open Text's Proposed Final Judgement memorializes the jury's findings that both Defendants contributed to infringement of the asserted claims and induced infringement of the asserted claims and should be adopted. 35 U.S.C. § 271(b), (c); (Ex. 1 at 1 ¶¶ 3-4; Dkt. No. 578 at 25-26; Dkt. No. 582 at 3-6.)

**3. Validity:** Open Text proposes the following validity language for the Final Judgment:

> [i.] Claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 are not invalid as anticipated. (D.I. 582.)
>
> [ii.] Claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, and claim 11 of Patent No. 8,117,152 are not invalid as obvious. (D.I. 582.)

(Exhibit 1 at 1 ¶¶ 6-7.) As for infringement, Open Text's Proposed Final Judgment tracks the jury's findings that Defendants failed to prove the asserted claims were either anticipated or rendered obvious. The jury's finding of no invalidity is binding on Defendants for all invalidity theories *that were or could have been raised* at trial. *See, e.g.*, *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1379-80 (Fed. Cir. 2008) (finding, where patent was upheld as valid and enforceable in first litigation, claim preclusion prohibited defendants from raising other validity challenges in second litigation) (*citing Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002) and *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319 (Fed. Cir. 2008)). Further, Defendants argued for a jury form that was not limited to specific prior art references, and contrary to the very position Defendants argued in briefing the instructions and in the charge conference. (*See e.g.* Dkt. No. 471-3, Instructions 31 and 33; Tr. 710:13-22; 711:19-21.) Open Text's Proposed Final Judgment language is therefore consistent with the jury's binding validity determination on Defendants which is not limited to specific prior art references. (Exhibit 1 at 1 ¶¶ 6-7; Dkt. No. 582 at 7-8.) And, Open Text's Proposed Final Judgment on issues of

anticipation and obviousness should be entered.

**4. Infringement damages:** Open Text proposes the following damages language for the Final Judgment:

> [i.] Damages are hereby awarded to Open Text against Defendants for infringement by Box Edit for Mac, Box Edit for Windows, and the Box Android Application in the amount of $4,918,661, subject to any enhanced damages, pre-judgment interest, fees, and costs that may be awarded. (D.I. 582.)

(Exhibit 1 at 1-2 ¶ 10.) Open Text's Proposed Final Judgment is consistent with the jury's damages findings for Open Text (and against Defendants). The jury was charged with determining damages to compensate Open Text for infringement. (*E.g.* Dkt. No. 578, Instruction 2 ("If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Open Text to compensate it for the infringement."). One of the ways the jury was instructed to determine damages was to determine the amount of a lump-sum license the Defendants would have paid for the licensed (i.e., infringing) products at the time infringement began. (Dkt. No. 578, Instruction 30 ("Another way to calculate a royalty is to determine a one-time lump-sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future.") And, the jury determined infringement for three accused products: Box Edit for Mac, Box Edit for Windows, and the Box Android Application. (Dkt. No. 582 at 2-6. Thus, the damages determination is limited to an award on those three products, and judgment should be entered accordingly. (Exhibit 1 at 1-2.)

**5. Willful Infringement:** Open Text proposes the following damages language for the Final Judgment:

> [i.] Defendants have not willfully infringed claims 10 and 27 of Patent No. 7,062,515, claim 4 of Patent No. 7,590,665, or claim 11 of Patent No. 8,117,152. (D.I. 527, 567, 588.)

(Ex. 1 at 1 ¶ 8.) On February 4, 2014, the Court granted Defendants' Motion for Summary Judgment of No Willfulness for claims 27 of the '515 patent, 4 of the '665 patent, and 11 of the '152 patent under Rule 56(a). (Dkt. Nos. 527, 567, 588.) On February 11, 2014, the Court granted Defendants' Judgment as a Matter of Law of No Willfulness for claim 10 of the '515

patent under Rule 50(a). (*Id*.) Because the Court's rulings disposed of the issue of willful infringement, a final judgment giving effect to the Court's findings on these issues is appropriate under Rule 58(a). (Exhibit 1 at 1.)

**6. Unpatentable Subject Matter**: Open Text proposes the following damages language for the Final Judgment:

> [i.] Claims 5, 7, and 11 of Patent No. 6,223,177; claims 6 and 15 of Patent No. 6,917,962; claim 22 of Patent No. 7,287,055; claim 27 of Patent No. 7,299,258; and claim 5 of Patent No. 7,320,018 are invalid as claiming patent-ineligible subject matter under 35 U.S.C. § 101. (D.I. 454.)

(Ex. 1 at 1 ¶ 9.) On January 20, 2015, the Court granted Defendants' motion pursuant to Rule 12(c) for judgment on the pleadings that the asserted claims of the groupware patents were invalid for unpatentable subject matter. A final judgment giving effect to the Court's findings on these issues is appropriate under Rule 58(a). (Exhibit 1 at 1.)

## V. ISSUE TWO: PREJUDGMENT INTEREST

As the prevailing party, Open Text is entitled to prejudgment interest. A court should approximate the interest rate the patent owner would have charged the accused infringer for a loan of the damages amount from the time infringement began until entry of judgment. *See Atmel*, 202 F. Supp. 2d at 1101. Box's public disclosures of a loan for $5 million taken at the time infringement began in March 2012 show it paid an 8.375% interest rate with an additional 4.5% end-of-term payment on the amount borrowed. Box's March 2012 loan was also secured by its patents and patent applications. (*See* Exhibit 2 at 90 (Box's Form 10-K).) While the rates were high, Box was losing money. Moreover, these were rates for a secured loan. Unsecured loan rates would be higher. The same terms should be applied to Open Text's damages award.

### A. Open Text is the Prevailing Party.

Any judgment for damages satisfies the Federal Circuit's test for determining which side is the "prevailing party." *See SSL Serv., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086-87 (Fed. Cir. 2014). Here, the jury awarded Open Text $4,918,661 for Defendants' infringement of the asserted claims of the file synchronization patents. As a result, Open Text is the prevailing party.

**B. Open Text Is Entitled to Prejudgment Interest from March 2012 Until Entry of Judgment.**

Under 35 U.S.C. § 284, "prejudgment interest should be awarded . . . absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983); 35 U.S.C. § 284 ("[u]pon finding for the claimant the court shall award the claimant damages . . . together with interest and costs as fixed by the court"). If a court decides not to award prejudgment interest, it must provide a full explanation. *Whitserve, LLC v. Computer Packages, Inc*., 694 F.3d 10, 37 (Fed. Cir. 2012). Open Text is entitled to pre-judgment interest in an amount that would place Open Text in as good a position as it would have been in had Defendants paid the damages amount determined by the jury at the time Defendants first infringed. *See Beatrice Foods v. New England Printing*, 923 F.2d 1576, 1580 (Fed. Cir. 1991); *also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (quoting *Devex*, 461 U.S. 655) (reversing N.D. Cal. decision awarding interest for less than full period of infringement). Here, Defendants first infringed the asserted claims with the release of Box Edit in March 2012. *E.g.*, Tr. 931:20-24; 950:15-24; 979:12-14; 987:6-8; TX179; TX252.

**C. Open Text Is Entitled to Prejudgment Interest at the Rate It Would Have Charged Defendants for a Loan at the Time Infringement Began.**

The rate of prejudgment interest is left to the discretion of the district court, which has "wide latitude in the selection of interest rates." *Junker v. HDC Corp.*, No. C-07-05094 JCS, 2008 WL 3385819, at *6 (N.D. Cal. July 28, 2008) (finding use of prime rate reasonable and awarding interest at prime rate). The Federal Circuit has approved awards of prejudgment interest at the prime rate or higher. *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc*., 862 F.2d 1564, 1579-80 (Fed. Cir. 1988). In awarding prejudgment interest, the Court need not consider what use the patentee would have made of the royalty payments it should have received. *Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 791 (Fed. Cir. 1990).

Courts in this District have set prejudgment interest based on the interest rate the patentee would have charged the infringer for a loan at the time infringement began. *Atmel*, 202 F. Supp. 2d at 1101; *also, e.g.*, *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L*, Case No. 5:11-cv-00774-PSG, 2014 WL 1008183, at *6 (N.D. Cal. March 7, 2014); *Junker v. HDC Corp.*, No. C-07-05094 JCS,

2008 WL 3385819, at *6 (N.D. Cal. July 28, 2008); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2008 WL 928535, at *3 (N.D. Cal. Apr. 4, 2008).

Here, we know the interest rate Box paid for a loan nearly identical to the damages award in this case. Box's public disclosures show that in March 2012 it entered into a growth capital loan for $5 million. (*See* Exhibit 2 at 90 (Box's Form 10-K).) Here Box's infringement began in March 2012, and the jury awarded $4,918,661 in damages. Box's March 2012 loan was secured by Box's patents, patent applications, trademarks, trademark applications, and financed equipment. (*Id.*) Thus, in all relevant aspects, Box's 2012 loan was made under virtually identical circumstances to the terms considered for setting a rate for prejudgment interest in this case. The interest rate on Box's March 2012 loan was 8.375% with an additional 4.5% term payment on the amount borrowed. (*Id.*)

If Box had borrowed the damages award of $4,918,661 from Open Text in March 2012—under Box's March 2012 loan terms assuming conservative annual compounding—until entry of on April 15, 2015, the interest would be $1,625,932. *See id.*; (Ellis Decl. at 2-3 ¶ 6-8.) From April 16, 2015 until the date of entry of judgment, additional interest in the amount of $1,451.00 per day should be awarded. (Ellis Decl. at 3 ¶ 9.) Open Text, by comparison, had no security interest, which would make Box's March 2012 loan terms conservative in this case.

Box's March 2012 loan terms are consistent with Box's other borrowings from December 2010 up until August 2013 at interest rates between 7.5% and 8.5% with term payments between 2.5% and 5% of the aggregate amount borrowed. (*See* Exhibit 2 at 90 (Box Form 10-K).) It wasn't until August 2013 that Box borrowed at anywhere close to the prime rate. (*See id.* (August 2013 line of credit with interest at LIBOR plus 3% and September 2014 letters of credit at 3.25% (the prime rate)).) As a result, prejudgment interest at higher than the prime rate is appropriate to compensate Open Text for Box's infringement beginning in March 2012, and $1,625,932 is the proper amount of prejudgment interest to award in this case.

Box's March 2012 loan terms are also consistent with prejudgment interest rates set by other courts in this District. For example, in *Atmel* the court concluded that an interest rate between 6 and 9 percent (the then-current prime rate) was "more than generous" where the

defendant was a startup company when infringement began. *See* 202 F. Supp. 2d at 1101. In March 2012, not only was Box a startup company, it was losing more than a hundred million dollars a year. (*See* Exhibit 2 at 73 (Box's Form 10-K, Box lost $112 million between February 1, 2012 and January 31, 2013).) Box's losses have increased since March 2012. (*Id.*) Box lost $170 million for the year ended January 31, 2014 and $168 million for the year ended January 31, 2015. (*Id.*) As a result of Box's startup status and financial condition in March 2012, the precedent in this District also shows that prejudgment interest of $1,625,932 is warranted here.

### D. Open Text Is Also Entitled to Post-Judgment Interest at the Rate Required by 28 U.S.C. § 1961 Once Judgment is Entered.

Once the Court enters final judgment, Open Text is entitled to post-judgment interest under 28 U.S.C. § 1961. Title 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" "from the date of the entry of judgment." 28 U.S.C. § 1961(a). Post judgment interest is statutorily set at the weekly average of the 1-year constant maturity Treasury yield for the previous week. *Id.* Post judgment interest is computed daily with annual compounding. 28 U.S.C. § 1961(b). Until the Court enters judgment, the *per diem* accruing interest cannot be calculated because neither the T-bill rate, nor the underlying amount on which post-judgment interest will be taxed, is known. As such, Open Text requests that the Court award post-judgment interest in addition to prejudgment interest and give Open Text leave to submit an accounting of the owed post-judgment amount once judgment is entered.

## VI. <u>ISSUE THREE</u>: TAXABLE COSTS

As the prevailing party, Open Text should be awarded taxable costs of $264,908.99. (Exhibit 3.) Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Patent Act also provides that "[u]pon finding for the claimant the court shall award the claimant damages . . . together with interest and costs as fixed by the court." 35 U.S.C. § 284. Any judgment for damages satisfies the Federal Circuit's test for determining which side is the "prevailing party." *See SSL Serv., LLC*

*v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086-87 (Fed. Cir. 2014). Here, the jury awarded Open Text $4,918,661 for Defendants' infringement. As a result, Open Text is the prevailing party and is entitled to taxable costs.

Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican–American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs. Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995))." *Kwan Software Eng'g, Inc. v. Foray Technologies, LLC*, No. C 12-03762-SI, 2014 WL 1860298, at *2 (N.D. Cal. May 8, 2014). While the court has discretion to wait to award costs during the pendency of an appeal, in practice, courts "have rarely chosen to do so." *Emblaze Ltd. v. Apple Inc.*, Case No. 5:11-CV-01079-PSG, 2015 WL 1304779, at *1 (N.D. Cal. Mar. 20, 2015). Once a prevailing party establishes that the expense is taxable under section 1920, then the presumption applies that costs are awarded, although the prevailing party must provide a detailed list of taxable costs. *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714-WHA-LB, 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012).

Civil Local Rule 54-3 sets out exemplary costs that are taxable, including: (a) the Clerk's filing fee; (b) costs of transcripts necessarily obtained for an appeal; (c) costs for an original and a copy of deposition transcripts taken for any purpose in connection with the case, as well as costs for reproduction of exhibits and notary fees; (d) costs for reproducing certain discovery documents, trial exhibits, and reasonably-necessary demonstratives; and (e) certain witness fees. *See* Civil L.R. 54-3; *Emblaze*, 2015 WL 1304779, at *3-5; *also Computer Cache Coherency Corp. v. Intel Corp.*, Case No. 05-CV-01766, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) (allowing recovery of costs for animated presentations where "[t]he court finds that the animated presentations were useful and reasonably necessary given the complexity of the issues in this case."); *Competitive Techs. v. Fujitsu Ltd.*, Case No. 02-CV-01673, 2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006) (granting an award of costs for demonstratives where "[g]iven the potential financial impact of this lawsuit, the cost of the demonstratives was reasonable in light of their usefulness."). The costs for reproducing discovery documents may include the costs for converting computer data into a readable format, TIFF conversion, OCR conversion, image

endorsement/Bates stamping, and media hardware used for production. *Emblaze*, 2015 WL 1304779, at *5; *Kwan Software*, 2014 WL 1860298, at *4-5 (citing cases). And in patent cases, taxable costs may also include in-court technician and equipment charges. *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009); *Emblaze*, 2015 WL 1304779, at *5.

A bill of Open Text's taxable costs is set out in Exhibit 3.[3] Detailed itemized spreadsheets and the supporting invoices are set out in Exhibits A-E to the accompanying Declaration of Sarah Guske in Support of Open Text's Bill of Costs. Open Text's reasonably-necessary taxable costs are $264,908.99.

## VII. CONCLUSION

For the reasons set out above, Open Text's Proposed Final Judgment should be entered and Open Text should be awarded prejudgment interest of $1,625,932, plus per diem interest of $1,451 from April 16 until entry of judgment, and taxable costs of $264,908.99.

[3] Open Text can refile its Bill of Costs in Exhibit 3, after entry of judgment, if requested by the Court.

Dated: April 15, 2015

COOLEY LLP

*s/ Sarah Guske*

Thomas J. Friel, Jr. (SBN 80065)
Sarah J. Guske (SBN 232467)

Wayne O. Stacy *(pro hac vice)*
Brian J. Eutermoser (*pro hac vice)*
Britton F. Davis (*pro hac vice)*
Sara J. Bradford (*pro hac vice)*
Angela L. Campbell (*pro hac vice)*
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8032
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
wstacy@cooley.com
sguske@cooley.com
beutermoser@cooley.com
bdavis@cooley.com
sbradford@cooley.com
acampbell@cooley.com

*Attorneys for Plaintiff Open Text S.A.*

115505090 v4