UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>BOX, INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04910-JD<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 601 |

After the trial in this patent infringement case, the Court received a handwritten motion to intervene from Amber Lambert, Jimmy K. Thale, Jonathon Rich (or, according to the envelope containing the motion, "Jonathan Riches"), and Wayne Albright. *See* Motion to Intervene, Dkt. No. 601. Rich and Albright appear to be incarcerated in Pennsylvania state prison, while Lambert is apparently incarcerated in the Central Mississippi Correctional Facility. *See* Pennsylvania Inmate Locator, http://inmatelocator.cor.state.pa.us/inmatelocatorweb/ (search for inmate numbers KX9662 and LD2583) (last visited Aug. 18, 2015); Mississippi Department of Corrections, Inmate Details, https://www.ms.gov/mdoc/inmate/Search/GetDetails/181498 (last visited Aug. 18, 2015). Rich, who favors the name Mr. Riches, has filed complaints or moved to intervene in court cases more than 2,600 times. *See Romano v. Kardashian*, No. CV 12-00109-M-DLC, 2012 WL 2503954, at *1 (D. Mont. June 26, 2012); *see also Apple v. Samsung*, 11-cv-01846-LHK, Dkt. No. 3169 (N.D. Cal. July 29, 2014) (denying motion to intervene by Mr. Riches); *In re LinkedIn User Privacy Litigation*, 12-cv-3088- EJD, Dkt. No. 115 (N.D. Cal. Jul. 15, 2014) (same).

The movants argue that they are entitled to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, as well as permissively under Rule 24(b). They claim that they "will provide questions of laws and facts that are common in this action in support of Open Text S.A.'s claims," that they "have a common vested interest in this litigation," and that they

1  "will provide documents, exhibits, records and transcripts related to this litigation."

2  As a procedural matter, the motion is wholly unsound. In evaluating the motion, the Court must accept only well-pleaded, nonconclusory allegations. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). No proper allegations can be found in the present motion to intervene. In particular, the movants provide no nonconclusory reasons why they have a "'significantly protectable' interest relating to the property or transaction that is the subject of the action," as is necessary to intervene as a matter of right, *see id.* at 817-18, and no nonconclusory reason why their "claim or defense, and the main action, have a question of law or a question of fact in common," as is necessary for permissive intervention, *see Southern California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). And turning to common sense, they likelihood that these incarcerated individuals have anything meaningful at all to say about this patent dispute is almost certainly zero.

Consequently, the Court denies the motion to intervene.

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
JAMES DONATO
United States District Judge

2