UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPEN TEXT S.A.,<br>   Plaintiff,<br><br>  v.<br><br>BOX, INC., et al.,<br>   Defendants. | Case No. 13-cv-04910-JD<br><br>**ORDER RE MOTION TO CORRECT JUDGMENT**<br><br>Re: Dkt. No. 648 |

  Defendant Carahsoft Technology Corporation ("Carahsoft") moves under Federal Rule of Civil Procedure 60(a) to "correct" the judgment following a jury trial in this case (including Dkt. Nos. 635 and 636) to name Carahsoft a prevailing party. Dkt. No. 648. Carahsoft suggests that once this correction is made, a "necessary implication" is that it should be paid its share of taxable costs. *Id.* at 3. Carahsoft does not seek any alteration to the Court's determination that plaintiff Open Text S.A. was the prevailing party against co-defendant Box, Inc. The Federal Circuit has deactivated the parties' appeals in this matter pending the Court's decision on the motion. Dkt. No. 657. Pursuant to Civil Local Rule 7-1(b), the Court found the motion suitable for decision without oral argument, Dkt. No. 658, and now denies the motion.

  Under Rule 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found." Fed. R. Civ. P. 60(a). When correcting a final judgment, the "touchstone" of a Rule 60(a) correction is "fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). Accordingly, a Court may alter or clarify a judgment so that it more clearly reflects the contemporaneous "'intentions of the court and the parties.'" *Id.* at 1079 (quoting *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009)) (emphasis removed).

The Court is satisfied that its order on post-trial motions (Dkt. No. 635), and the final judgment entered in this matter by the Clerk (Dkt. No. 636), reflect the clear post-trial intentions of the Court and the parties. The Court's identification of Open Text as the prevailing party against both defendants is consistent with Carahsoft's arguments in post-trial briefing. Carahsoft never argued that its status as prevailing party could or should be evaluated on its own and independent of Box. Throughout this case, defendants treated Box as the lead and main defendant. After the jury verdict, defendants first jointly argued for Box alone to be deemed a prevailing party and then sought prevailing status for the defendants collectively. *See, e.g.*, Dkt. No 593 at 8 (arguing Box alone is the prevailing party); Dkt. No. 602 at 1, 5 (same); Dkt. No. 615 at 16 ("Defendants are the prevailing party"). While Carahsoft may wish now that it had argued for its prevailing status to be determined independently of Box, it did not. A Rule 60(a) motion is not the proper vehicle to rescue Carahsoft from failing to make arguments it should have made in post-trial briefing. *See Garamendi*, 683 F.3d at 1080 (Rule 60(a) does not authorize corrections that "reflect a new and subsequent intent," or any change in the Court's reasoning) (internal quotation omitted).

Even if the Court were inclined and authorized to make a change under Rule 60(a), Carahsoft has not shown any reason why the Court should depart from its prior analysis and award fees. In the post-trial order, the Court specifically found that the case was "close to a draw." Dkt. No. 635 at 19. The Court was crystal clear in ordering that "each party should bear its own costs." *Id*. This was the very result Carahsoft urged the Court to adopt if it was not named prevailing party: "[i]f Defendants are not deemed the prevailing parties, then each side should bear its own costs." Dkt. No. 615 at 17 n.13; *see also* Dkt. No. 602 at 5 (Carahsoft argued "Open Text also is incorrect in suggesting that costs are mandatory upon a 'finding for the claimant' under 35 U.S.C. Section 284. That is not the law. The award of costs is discretionary, not mandatory. Fed. R. Civ.

///
///
///
///

P. 54(d)(1)"). Because Carahsoft has demonstrated neither authority nor adequate grounds for changing this result under Rule 60(a), the Court declines to alter its post-trial order or judgment.

**IT IS SO ORDERED.**

Dated: December 21, 2015

_____
JAMES DONATO
United States District Judge